IN THE UNITED STATES COURT OF FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * *
J. J. Powell, Inc.                    *
                                      *
Plaintiff                             *
                                      *              NO.  13-353 T
        v.                            *
                                      *
                                      *                 FILED
UNITED STATES OF AMERICA              *
                                      *              MAY 23 2013
Defendant                             *
                                      *              U.S. COURT OF
* * * * * * * * * * * * * * * * * * * *              FEDERAL CLAIMS
```

## COMPLAINT

1. Plaintiff, J. J. Powell, Inc. ("Powell") is a corporation organized in the State of Pennsylvania. Its address is 109 W. Presqueisle Street, Philipsburg, PA 16866. Its EIN is 25-1099474.

2. Defendant is the United States of America.

3. This is an action for the recovery of federal excise tax, penalty and interest founded under the Internal Revenue Code and erroneously or illegally assessed and collected, and this court has jurisdiction by reason of 28 U.S.C. §1491(a)(1).

4. Recovery is sought for federal excise tax, penalty and interest in the amount of $40,756.89 for the taxable period ended September 30, 2009.

5. Powell is a marketer of petroleum products including diesel fuel and gasoline. Powell sells these products to various customers some of whom use the product for nontaxable use. The customers who use the products for nontaxable use are primarily states or political subdivisions.

6. The price that Powell pays for the products already includes the federal excise tax.

7. When Powell sells the products for nontaxable use its selling price does not include the excise tax.

8. Powell is registered under Internal Revenue Code (the "IRC") section 4101 as an ultimate vendor. Its registration number is UV-25-95-00045.

9. Powell files IRS Forms 8849 quarterly for a refund of the excise tax paid for gasoline and diesel fuel that are sold for nontaxable use.

10. Powell maintains exemption certificates for the customers that use the gasoline and diesel fuel for nontaxable use. The form of certificate that Powell was using in July of 2011 covered a period of three years or twelve calendar quarters, as specifically permitted by Treasury Regulations §§ 48.4041-15 and 48.4041-17.

11. On or about July 26, 2011 Jim Meyer, IRS Revenue Agent, completed an examination of Powell's Forms 8849. During the course of the examination Mr. Meyer pointed out that Powell's use of exemption certificates covering a three year period was not in compliance with the example in IRS Publication 510 ("Pub 510") which shows that exemption certificates expire after a period not to exceed 1 year after the effective date. An IRS publication is merely informal information for taxpayers and is not authoritative.

12. During the examination Mr. Meyer did not find any indication that Powell had sought refunds for sales that were not intended for a non-taxable use. His only allegation was that the exemption certificates were not valid as they covered a period of three years or twelve calendar quarters as opposed to the one year shown in the example in Pub 510.

13. On or about August 4, 2011 Mr. Meyer sent a fax to Mr. Jeff Powell, an officer of Powell. This fax is attached as Exhibit 1 to this Complaint and is incorporated by reference. The fax contained an IRS Form 5384, Excise Tax Examination Changes and Consent to Assessment

and Collection, upon which Mr. Meyer proposed to disallow Powell's claims for refunds totaling $83,754 for the tax periods ending March 31, 2010, June 30, 2010, September 30, 2010 and December 31, 2010. Mr. Meyer proposed to assess penalties under IRC §6675 for excessive refund claims based on his belief that the exemption certificates were not proper. The fax also contained an IRS Form 5385 which showed Excise Tax Examination Change totaling $242,912 of excise taxes, penalties and interest for the periods ending September 30, 2009, December 31, 2009, March 31, 2010, June 30, 2010, September 30, 2010 and December 31, 2010. The fax also contained an IRS Form 886-A which essentially gave Powell the option to either consent to an assessment of $83,754 or go to Appeals and risk an assessment of $242,912. The fax also contained excerpts from Treasury Regulation §48.4041-15, which provides guidance for tax-free sales to states and political subdivisions, and Treasury Regulation §48.4041-17, which provides guidance for tax-free sales to certain nonprofit educational organizations. On the cover sheet of the fax Mr. Meyer requested that Jeff Powell call him on August 8, 2011. This call was rescheduled for August 15, 2011.

14.   Mr. Meyer's fax of August 4, 2012 did not contain the full text of either Treasury Regulation §48.4041-15 or Treasury Regulation §48.4041-17. Treasury Regulation §48.4041-15(b) provides an example of an exemption certificate. This example shows that the certificate must cover a specified period and states *"period not to exceed 12 calendar quarters."* Treasury Regulation §48.4041-17(d) provides an example of an exemption certificate for sales to non-profit educational organizations. Regulation §48.4041-17(e) entitled "Frequency of certificates" provides that certificates *"for a specified period not to exceed 12 calendar quarters* will be acceptable." The certificates that Powell maintained complied with Treasury Regulation §48.4041-15 and Treasury Regulation §48.4041-17.

15. On or about August 8, 2011 Mr. Keith Powell, an officer of Powell, consulted with Cloyd F. Van Hook, an attorney who handles excise tax matters.

16. On or about August 12, 2011 Mr. Van Hook faxed Mr. Meyer a Form 2848, Power of Attorney and Declaration of Representative, and asked to be included in the conference call scheduled for August 15, 2011.

17. At the request of Mr. Meyer the call was rescheduled to August 16, 2011 and then at the request of Mr. Meyer the call was cancelled due to scheduling conflicts. The call was not rescheduled. Mr. Meyer sent a final examination report dated August 15, 2011 showing the proposed changes. This report is included as an exhibit in the formal protest described below.

18. On or about August 29, 2011 Mr. Van Hook sent Mr. Meyer a Formal Protest and Small Case Request (the "Protest") stating that Powell wanted to appeal the IRS finding to the Appeals Office. The Protest is attached as Exhibit 2 to this Complaint and is incorporated by reference.

19. On or about January 26, 2012 Mr. Van Hook received a letter dated January 25, 2012 from Mr. Robert Hammond of the IRS Appeals Office in Philadelphia, PA stating that he had received the Powell case for consideration on January 18, 2012.

20. Mr. Van Hook and Mr. Hammond corresponded both by telephone and by letters sent via fax but were unable to resolve the matter. On or about September 25, 2012 Mr. Van Hook received a letter from Michael Malalesta, the Appeals Team Manager in the Philadelphia Appeals Office stating the Appeals Office was closing the case. This letter is attached as Exhibit 3 to this Complaint and is incorporated by reference.

21. On or about October 22, 2012 Powell received notices for the quarters ending September 30, 2009, December 31, 2009, March 31, 2010, June 30, 2010, September 30, 2010 and

December 31, 2010 assessing taxes, penalties and interest in the amounts of $40,756.89, $45,126.63, $51,097.47, $44,891.17, $40,807.40 and $47,630.81 respectively for these quarters.

22. On or about November 7, 2012 Mr. Van Hook, on behalf of Powell, mailed a check in the amount of $40,756.89 to the IRS office in Cincinnati, OH in payment of taxes, penalties and interest for the quarter ending September 30, 2009. This represents a divisible portion of the taxes, penalties and interest that were assessed.

23. On or about November 13, 2012 Mr. Van Hook, on behalf of Powell, submitted a Form 843 Claim for Refund and Request for Abatement for the excise taxes, penalties and interest paid. The Claim for Refund was submitted to the Internal Revenue Service, Cincinnati, OH. The refund is for the tax period ending September 30, 2009. The amount of $40,756.89 was paid on November 7, 2012 to the Internal Revenue Service, Cincinnati, OH. The taxpayer appearing on the Claim for Refund is J. J. Powell, Inc., EIN 25-1099474. The taxpayer is the Plaintiff, J.J. Powell, Inc. A copy of the Form 843 is attached as Exhibit 4 to this Complaint and is incorporated by reference.

24. On or about April 25, 2013 Mr. Van Hook received a letter from the IRS in Cincinnati. By the letter the IRS removed the Failure to Pay penalty of $3,201.12. It did not address the remainder of the Claim for Refund which is presumably denied. This letter is attached as Exhibit 5 to this Complaint and is incorporated by reference.

25. The IRS has either denied the remainder of the Claim for Refund or six month has elapsed since the filing of the claim and no action has been taken.

26. Powell has exhausted its administrative remedies.

27. No action on the claim for refund attached as Exhibit 4 has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

28. Powell is the sole owner of the claim for refund attached as Exhibit 4 and asserted herein, and has made no assignment thereof.

Wherefore, Powell demands judgment in the amount of $40,756.89, plus interest and costs allowed by law, judgment that no excise taxes, penalties or interest are due for the tax periods ending December 31, 2009, March 31, 2010, June 30, 2010, September 30, 2010 and December 31, 2010 and such other relief as the Court may deem just.

Cloyd F. Van Hook

_____
Cloyd F. Van Hook
Guarisco & Cordes, LLC
301 St. Charles Ave., Ste 250
New Orleans, LA 70130
Phone: (504) 587-7007
Fax: (504) 587-9067
Email: cloyd@gctaxlaw.com

Dated: May 20, 2013                    Attorney for J. J. Powell, Inc.