# Exhibit 2

# Formal Protest

GUARISCO & CORDES LLC
301 ST. CHARLES AVENUE
SUITE 250
NEW ORLEANS, LOUISIANA 70130-3103
(504) 587-7007 • FAX (504) 587-9067

MICHAEL E. GUARISCO*†
PAUL D. CORDES, JR.*†
JEAN K. NIEDERBERGER*†
CLOYD F. VAN HOOK*†
BETH-ANNE PEREZ BRACEY
BRETT S. LALA•

August 29, 2011

*L.L.M. IN TAXATION
†BOARD CERTIFIED TAX LAW SPECIALIST
  CERTIFIED BY THE LOUISIANA BOARD OF LEGAL SPECIALIZATION
•CPA INACTIVE

**CERTIFIED - 7196 9008 7301 7313 1118**
**RETURN RECEIPT REQUESTED**
Internal Revenue Service
ATTN: Jim Meyer
1000 Liberty Ave.
6th Floor Room 610
Pittsburgh, PA 15222

RE:    Formal Protest and Small Case Request
       J. J. Powell, Inc., 25-1099474
       Tax Periods 201012, 201009, 201006, 201003, 200912, 200909

Dear Sirs:

I have the pleasure of representing J. J. Powell, Inc. ("Powell"), EIN 25-1099474, in connection with an excise tax refund Form 8849 audit. I have enclosed a Form 2848 Power of Attorney and Declaration of Representation.

Powell wants to appeal the IRS findings to the Appeals Office. As the amount of tax, interest and penalties for each period at issue is less than $25,000 Powell is making a small case request.

A copy of the letter with proposed changes and findings in enclosed as Exhibit B in the Appendix.

The tax periods involved are quarters 201012, 201009, 201006, 201003, 200912 and 200909.

Powell does not agree with the disallowance of the refund of excise taxes for sales for nontaxable uses or the imposition of any penalties.

## ISSUE

The issue is whether Powell had evidence to support the tax free sale of gasoline and diesel fuel to state and local governments and political subdivisions.

ATTN: Jim Meyer                                                              August 29, 2011
Internal Revenue Service                                                              Page 2

## FACTS

Powell is a marketer of petroleum products including diesel fuel and gasoline. Powell sells these products to various customers some of whom use the product for nontaxable use. The customers who use the products for nontaxable use are primarily states or political subdivisions. The price that Powell pays for the products already includes the excise tax. When Powell sells the products for nontaxable use its selling price does not include the excise tax. Powell is registered under Internal Revenue Code (the "IRC" or the "Code") section 4101 as an ultimate vendor. Its registration number is UV-25-95-00045. Powell files Form 8849 quarterly for a refund of the excise tax paid for gasoline and diesel fuel that are sold for nontaxable use.

Powell maintains exemption certificates for the customers that use the gasoline and diesel fuel for nontaxable use. The form of certificate that Powell uses covers a period of three years or twelve calendar quarters. Powell also has written contracts or purchase orders for some of the sales that are for nontaxable use.

IRS revenue agent Jim Meyer conducted an audit of Powell's Form 8849 claims for refunds and supporting documentation. These involve sales to local governments. Mr. Meyer in his correspondence included a portion of a regulation pertaining to sales to nonprofit educational organizations but Powell believes that all sales at issue are properly classified as sales to a State or political subdivision and none are sales to nonprofit educational organizations.

Mr. Meyer prepared and transmitted to Powell certain correspondence on August 4, 2011. This correspondence is included as Exhibit C in the Appendix. On the Form 886-A Mr. Meyer stated, "The issue is that the required 637 UV exempt certificates are not being maintained in a satisfactory manner. Fuel is being sold to local governments tax free without proper certificates on file." Mr. Meyer used incorrect and incomplete guidance in reaching this conclusion. Mr. Meyer relied on Pub 510 and not on the Code and regulations.

Mr. Meyer states on page 1 of 7 of the Form 886-A, "The majority of certificates were outdated and did not cover the period under exam. As a result, the exam was expanded to look at the certificates for the latest 3 years. This review identified certificates: outdated, wrong FED id#, missing, covering multiple years with signatures and dates reflected well after the alleged start of the period noted (example: period 2008-2011 signed and dated 7/2010) & no signature. PUB 510 page 54 reflects that purchases under a specified account should identify the effective date & expiration date not to exceed 1 year after the effective date."

Example certificates for nonprofit educational organization use and state use can be found in the Appendix of Pub 510 on pages 54 and 57 respectively. The example certificates in Pub 510 show, among other things, (i) a period not to exceed 1 year after the effective date, (ii) an Employer Identification Number (EIN) and (iii) a date signed.

ATTN: Jim Meyer                                                    August 29, 2011
Internal Revenue Service                                                    Page 3

        While the examples in Pub 510 are helpful they are not binding.  The basis for the
exemptions for nontaxable use is the Code.  The Code provides for regulations prescribed by the
Secretary [of Treasury].  As will be discussed in more detail following, the Treasury Regulations
require evidence to establish exemption.  This can be either a signed contract or purchase order
or an exemption certificate.  The applicable regulations provide an example of an exemption
certificate.  The examples (i) permit a period not to exceed 12 calendar *quarters*, i.e. three years,
(ii) do not require an EIN and (iii) do not require a date for the signature.

        Powell has been maintaining exemption certificates for many years.  Powell's practice
has been to obtain certificates covering a period of three years, has not on all occasions required
an EIN or required a date for the signature.  All, as will be discussed below, are in compliance
with the applicable regulations.  Powell has been audited in the past and no deficiencies with the
maintenance of exemption certificates has been alleged.  Powell has undertaken a review of its
exemption certificate administration and has begun to transition to the use of an exemption
certificate that complies with the example certificates found in Pub 510.

        Mr. Meyer did not examine any purchase orders or contracts.  His primary reason for
considering the certificates to be not in compliance was because they covered a period of three
years, which is permitted by the regulations, and not a period of twelve months, as shown on the
example certificates in Pub 510.  Mr. Meyer disallowed all refund claims for the last two quarters
of 2009 and all of 2010.

        At the closing meeting for the audit Mr. Meyer met with Doug Goss, Powell's controller,
and Bob Hummel of Powell's Tax Admin department.  Neither person had the authority to bind
Powell.  The owners, Jeff Powell and Keith Powell were not available.  A conference call was
held including Jeff Powell, Keith Powell, Jim Meyer and Debbie Warren, IRS Group Manager,
on August 4, 2011.

        Following the conference call on August 4, 2011 Mr. Meyer sent Powell correspondence
including a Form 5384 and a Form 5385.  The Form 5384 was to be used if Powell consented to
the assessment and showed taxes due in the amount of $83,754.  This form covered only tax year
2010.  The Form 5385 would be used if Powell did not consent to the assessment and showed
taxes and penalties due in the total amount of $242,912. This form covers tax year 2010 and the
last two quarters of 2009.  Powell was given until Monday, August 8, 2011 to decide whether or
not to consent to the assessment.  Powell sought representation.  Cloyd Van Hook, counsel for
Powell, provided Powell with legal research indicating that the example certificates in Pub. 510
go beyond the requirements set forth in the applicable Treasury Regulations.  A conference call
was scheduled for Monday, August 15, 2011.  Mr. Van Hook sent Mr. Meyer a Form 2848 and
asked to be included in the conference call.  At the request of Mr. Meyer the call was
rescheduled to Tuesday, August 16, 2011 and then at the request of Mr. Meyer the call was
cancelled due to scheduling conflicts.  The call was not rescheduled.

ATTN: Jim Meyer
Internal Revenue Service

August 29, 2011
Page 4

On August 15, 2011 Mr. Meyer sent Powell the final examination report which is included as Exhibit B in the Appendix.

## LAW

Applicable law and regulations.    (Copies of all cited IRC sections and Treasury Regulations are provided in Exhibit A in the Appendix.)

In general excise tax is imposed on gasoline and diesel fuel under IRC section 4081(a)(1) when it breaks bulk or is loaded over the rack at a refinery or terminal. The tax is paid by the position holder. As the product moves down the distribution chain the price paid by subsequent purchasers includes the excise tax that has already been paid. At the end of the distribution chain if an ultimate vendor sells gasoline or diesel fuel to a purchaser who intends to use the fuel for a nontaxable use, the vendor will sell the fuel at a price less the excise the excise tax and file a claim for refund for the taxes previously paid.

Refund of excise taxes paid on diesel fuel used for nontaxable use.

IRC section 6427 governs claims for refunds of excise taxes paid on diesel fuel used for nontaxable use. IRC section 6427(l)(5) provides that a registered vendor shall administer a claim for refund for diesel fuel sold to state and local governments. IRC section 6427(l)(1) provides for refund of the excise tax imposed under IRC section 4081 if the diesel fuel is used for a nontaxable use. "Nontaxable use" is defined in IRC section 6427(l)(2) as use which is exempt from the tax imposed under section 4041(a)(1). IRC section 4041(g) provides for certain exemptions from the tax imposed by section 4041. IRC section 4041(g) provides "**Under regulations prescribed by the Secretary**, no tax shall be imposed under this section" for sales to a State or political subdivision (See IRC section 4041(g)(2).) or sales to a nonprofit educational organization (See IRC section 4041(g)(4).).

The applicable regulation for sales to a state or political subdivision is Treasury Regulation section 48.4041-15. Treasury Regulation section 48.4041-15(b) requires evidence to establish exemption. This evidence can be either an order or contract signed by an officer or a certificate signed by an authorized officer. Treasury Regulation section 48.4041-15(b) provides an example of an exemption certificate. This example shows that the certificate must cover a specified period and states "**period not to exceed 12 calendar quarters.**" There is no requirement in the example certificate for an EIN nor is there any requirement that the certificate show the date that the officer signed the certificate.

The applicable regulation for sales to nonprofit educational organizations is Treasury Regulation section 48.4041-17. Treasury Regulation section 48.4041-17(c) requires evidence to establish tax free sales to nonprofit educational organization. This evidence must be a certificate examples of which are provided in Treasury Regulation section 48.4041-17(d). These examples

ATTN: Jim Meyer                                                     August 29, 2011
Internal Revenue Service                                                      Page 5

(i) do not require an EIN and (ii) do not require a date that the certificate is signed. Treasury Regulation section 48.4041-17(e) covers frequency of certificates. It states in part, "a certificate covering all orders for *a specified period not to exceed 12 calendar quarters* will be acceptable."

<u>Refund of excise taxes paid on gasoline used for nontaxable use.</u>

IRC sections 6416 and 6421 govern claims for refunds of excise taxes paid on gasoline used for nontaxable use. IRC section 6416(a)(4) provides that an ultimate vendor who is registered under section 4101 is the person that shall be treated as having paid the tax and should administer refunds of gasoline tax. IRC section 6421(c) provides for refund of taxes paid or any purpose described in IRC section 4221(a)(2), (3), (4), (5), or (6). IRC section 4221(a) provides "*Under regulations prescribed by the Secretary*, no tax shall be imposed on an article for use by a State or local government (See IRC section 4221(a)(4).) or a nonprofit educational organization (See IRC section 4221(a)(5).).

The applicable regulation for sales to state and local governments is Treasury Regulation section 48.4221-5. Treasury regulation section 48.4221-5(c) covers evidence required to support tax free sales to states or local governments. Treasury regulation section 48.4221-5(c)(1) provides that except as provided in paragraph (c)(2), which will be discussed below the evidence shall consist of a certificate signed by an authorized officer or employee of the State or local government. The section further states., If it is impractical to furnish a certificate for each order or contract because of a frequency of purchases, a certificate covering all orders between given dates (*such period not to exceed 12 calendar quarters*) will be acceptable." Treasury regulation section 48.4221-5(c)(1) contains an example exemption certificate. The example certificate (i) does not require an EIN and (ii) does not require a date that the certificate is signed. Treasury regulation section 48.4221-5(c)(2) provides that a purchase order is acceptable in lieu of an exemption certificate.

The applicable regulation for sales to nonprofit educational organizations is Treasury Regulation section 48.4221-5. Treasury Regulation section 48.4221-5(c) provides that the evidence required to support tax-free sales to nonprofit educational organizations may be either a purchase order or other document. The regulation does not provide an example certificate but it says the document must be for "a designated *period not to exceed 12 successive calendar quarters.*"

<u>Penalty.</u>

IRC section 6675 provides for a penalty if a claim is made under section 6416(a)(4), section 6420, section 6421 or section 6427 for an excessive amount unless it is shown that the claim for such excessive about *is due to reasonable cause*. This provides a reasonable cause exception to the imposition of the penalty.

ATTN: Jim Meyer
Internal Revenue Service

August 29, 2011
Page 6

## APPLICATION OF THE LAW TO THE FACTS

Powell sells diesel fuel and gasoline upon which tax has already been imposed under IRC section 4081 to customers, including some state and local governments who used the diesel fuel and gasoline for nontaxable purposes. Powell is registered as an ultimate vendor under IRC section 4101. Pursuant to IRC sections 6427(l)(5) and 6421(a)(4), Powell as a registered ultimate vendor is the proper person to file claims for refund of these taxes. IRC sections 4041(g) and 4221(a) provide exemptions for gasoline and diesel fuel used by state and local governments and nonprofit educational organizations. All of the exemptions are provided "*under regulations* prescribed by the Secretary [of Treasury]".

All of the applicable regulations require evidence to support the tax-free sale. In all cases this evidence can be either a signed contract or purchase order or an exemption certificate. In all cases the applicable regulations provide that the exemption certificates can be for a period not to exceed 12 calendar quarters, i.e. three calendar years. None of the regulations require an EIN or a date the certificate was signed.

Powell believes that in all cases its tax-free customers are properly classified as states or political subdivisions and none are nonprofit educational organizations. However, the requirements for tax-free sales to both are essentially the same. In some cases Powell has both a signed contract or purchase order and an exemption certificate. Mr. Meyer did not examine any of the contracts or purchase orders. Powell maintains exemption certificates for all of its tax-free customers. Powell's use of exemption certificates with a period of 12 calendar quarters or three years is in compliance with the regulations. Mr. Meyer disallowed the certificates because they did not comply with the examples in Pub 510 which limits certificates to a period of twelve months. While the pub is helpful and informative, it is not controlling. The Code and the Treasure Regulations control and Powell was in substantial compliance with the Code and regulations. Since the conclusion of the audit and a review of the applicable Code sections and regulations Powell has re-examined its records. Of the seventy-four customers it has for tax-free sales there are only two for which Powell does not have either a signed contract or purchase order or an exemption certificate that substantially complies with the requirements of the regulations. The two deficiencies are due to one missing certificate and one certificate lacking a signature. A tabulation of the results of this re-examination of Powell's records is included as Exhibit D in the Appendix.

Powell strives to keep its exemption certificates current. Powell has been audited in the past and no deficiencies were noted with their exemption certificates. The two deficiencies were due to administrative oversight and Powell believes that under the reasonable cause exemption of IRC section 6675(a) no penalty should be assessed for these two deficiencies.

ATTN: Jim Meyer                                                    August 29, 2011
Internal Revenue Service                                                    Page 7

## **CONCLUSION**

Powell believes that its maintenance of evidence to support its tax-free sales to states and political subdivisions is substantially in compliance with the applicable Code sections and Treasury regulations and the complete disallowance of its refund claims for the quarters in question is unjustified.

Powell believes that all of its refund claims should be allowed and that no penalties should be assessed. The two discrepancies in its exemption certificates were due to administrative oversight which is reasonable cause. Powell has already taken action to begin maintaining exemption certificates which comply with the examples in Pub 510 even though there is no statutory requirement for this form.

As representative for Powell I do not know personally the facts stated in the protest. However, Keith Powell, the Vice-President of Powell, has reviewed the facts and states under penalty of perjury that the facts are true. His statement is included as Exhibit E in the Appendix.

Very truly yours,

Cloyd F. Van Hook

Attachments

# **APPENDIX**

# EXHIBIT A

# APPLICABLE LAW

## EXHIBIT A

## APPLICABLE LAW AND REGULATIONS

**4041(a)(1)Tax on diesel fuel and kerosene in certain cases.—**

4041(a)(1)(A) In general.—

There is hereby imposed a tax on any liquid other than gasoline (as defined in section 4083)—

4041(g)Other Exemptions.—

*Under regulations prescribed by the Secretary*, no tax shall be imposed under this section—

**4041(g)(1)**

on any liquid sold for use or used as supplies for vessels or aircraft (within the meaning of section 4221(d)(3));

**4041(g)(2)**

*with respect to the sale of any liquid for the exclusive use of any State, any political subdivision of a State,* or the District of Columbia, or with respect to the use by any of the foregoing of any liquid as a fuel;

**4041(g)(3)**

upon the sale of any liquid for export, or for shipment to a possession of the United States, and in due course so exported or shipped;

**4041(g)(4)**

*with respect to the sale of any liquid to a nonprofit educational organization* for its exclusive use, or with respect to the use by a nonprofit educational organization of any liquid as a fuel; and

**4041(g)(5)**

with respect to the sale of any liquid to a qualified blood collector organization (as defined in section 7701(a)(49)) for such organization's exclusive use in the collection, storage, or transportation of blood.

**Federal Tax Regulations,regulation,§48.4041-15.,Internal Revenue Service,Sales to States or political subdivisions thereof**

(a)*Application of exemption.—*

The taxes imposed by section 4041 do not apply in the case of a sale of any liquid by any person for the exclusive use of any State or any political subdivision thereof, the District of Columbia, or in the case of the use of any liquid by any State or any political subdivision thereof, or the District of Columbia, as a fuel in a motor vehicle, motorboat, or aircraft.

(b)**Evidence required to establish exemption.**—

Any vendor claiming exemption under this section shall be prepared to produce evidence that will establish the right to exemption from the tax imposed by section 4041. *Generally, orders or contracts of a State or a political subdivision thereof, or the District of Columbia, when signed by an authorized officer thereof will be accepted in support of the exemption.* However, in the absence of such orders or contracts, a certificate signed by such an authorized officer that the liquid sold was purchased for the exclusive use of a State or political subdivision thereof, or the District of Columbia, will be acceptable. The certificate shall be in substantially the following form:

**EXEMPTION CERTIFICATE**

(For use by States and local governments. (section 4041(g)(2) of the Internal Revenue Code).)

(Date) , 19

I hereby certify that I am of (State or local government); that I am authorized to execute this certificate; and that

(Check applicable type of certificate)

the liquid or liquids specified in the accompanying order, or on the reverse side hereof, (or)

all orders placed by the purchaser for the period commencing (Date) and ending (Date) (*period not to exceed 12 calendar quarters*) are, or will be, purchased from (Name of vendor) for the exclusive use of (Government unit) of (State or local government).

I understand that the exemption from tax in the case of sales of liquids under this exemption certificate is limited to the sale of articles purchased for the exclusive use of a State, etc. I understand that the fraudulent use of this certificate for the purpose of securing this exemption will subject me and all parties making such fraudulent use of this certificate to a fine of not more than $10,000, or to imprisonment for not more than five years, or both, together with costs of prosecution.

(Signature)

(Address)

**Federal Tax Regulations,regulation,§48.4041-17.,Internal Revenue Service,Tax-free retail sales to certain nonprofit educational organizations**

(a)*In general.*—

The taxes imposed by section 4041 do not apply in the case of a sale of any liquid by any person to a nonprofit educational organization (as defined in paragraph (b) of this section) for its exclusive use, or in the case of the use of any liquid by such an organization. In the case of a school operated as an activity of an organization described in section 501(c)(3), as referred to in paragraph (b) of this section, the liquid must be sold for the exclusive use of the school, or the liquid must be used exclusively by the school.

(b)*Definition of nonprofit educational organization.*—

For purposes of section 4041(g)(4) and this section, the term "nonprofit educational organization" means an organization described in section 170(b)(1)(A)(ii), that is exempt from income tax under section 501(a), whose primary function is the presentation of formal instruction and which normally maintains a regular faculty and curriculum and normally has a regularly enrolled body of pupils or students in attendance at the place where its educational activities are regularly carried on. The term also includes a school operated as an activity of an organization described in section 501(c)(3) which is exempt from income tax under section 501(a), provided such school normally maintains a regular faculty and curriculum and normally has a regularly enrolled body of pupils or students in attendance at the place where its educational activities are regularly carried on.

(c)*Evidence required to establish tax-free sales to a nonprofit educational organization; general rule.*—

To establish the right to exemption, the retailer must obtain from the purchaser and retain in its possession a properly executed certificate as set forth in paragraph (d) of this section.

(d)*Forms of exemption certificates.*—

The following forms of exemption certificates will be acceptable for the purpose of this section and must be adhered to in substance.

**(1)**

Form of certificate for exemption from retailers excise taxes for use by a nonprofit educational organization, other than a school operated as an activity of a church or other exempt organization that in itself is not a nonprofit educational organization:

EXEMPTION CERTIFICATE

(For use by a nonprofit educational organization (other than a school operated as an activity of a church or other exempt organization that in itself is not a nonprofit

educational organization) purchasing articles subject to retailers excise tax for its exclusive use)

(Date) , 19

I hereby certify that I am (Title) of (Exempt organization); that I am authorized to execute this certificate; and that the articles specified in the accompanying order or on the reverse side hereof are purchased by such organization exclusively for use in its educational activities.

I understand that this exemption certificate is for use only by a nonprofit educational organization in the tax-free purchase for its exclusive use of articles subject to the retailers excise tax; and it is agreed that if any article purchased tax free under this exemption certificate is used otherwise, such fact will be reported to the retailer from whom the tax-free purchase was made.

The organization claiming exemption under this certificate has received a determination letter (or a ruling) from the Internal Revenue Service holding the organization to be exempt from income tax as an organization described in section 170(b)(1)(A)(ii) that is exempt from income tax under section 501(a) of the Internal Revenue Code (or has received a determination letter (or ruling) under the corresponding provisions of prior revenue laws). The date of such determination letter (or ruling) is and such determination letter (or ruling) has not been withdrawn or revoked.

I understand that the fraudulent use of this certificate for the purpose of securing this exemption will subject me and all parties making such fraudulent use of this certificate to a fine of not more than $10,000, or to imprisonment for not more than five years, or both, together with costs of prosecution.

(Signature of authorized individual)

(Address)

**(2)**

Form of certificate for exemption from retailers excise taxes for use by a school operated as an activity of a church or other organization described in section 501(c)(3) that in itself is not an educational organization described in section 170(b)(1)(A)(ii) of the Code:

EXEMPTION CERTIFICATE

(For use by or for a school operated as an activity of a church or other organization described in section 501(c)(3) of the Internal Revenue Code of 1954, that is not, in itself, an educational organization described in section 170(b)(1)(A)(ii), purchasing articles subject to retailers excise tax for the exclusive use of the school)

(Date) , 19

I hereby certify that I am (Title) of (School, church, parish, etc.); that I am authorized to execute this certificate; and that the articles specified in the accompanying order or on the reverse side hereof are purchased by such institution exclusively for use in its educational activities.

I understand that this exemption certificate is for use only by a school operated as an activity of a church or other organization described in section 501(c)(3) of the Internal Revenue Code of 1954, in the tax-free purchase for its exclusive use of articles subject to the retailers excise tax; or by a church, or other organization in the tax-free purchase of any such article for the exclusive use of its school which qualifies for the exemption; and it is agreed that if any article purchased tax free under this exemption certificate is used otherwise, such fact will be reported to the retailer from whom the tax-free purchase was made.

The school operated as an activity of the church or other organization described in section 501(c)(3) of the Internal Revenue Code of 1954, normally maintains a regular faculty and curriculum and normally has a regularly enrolled body of pupils or students in attendance at the place where its educational activities are regularly carried on.

I understand that the fraudulent use of this certificate for the purpose of securing this exemption will subject me and all parties making such fraudulent use of this certificate to a fine of not more than $10,000, or to imprisonment for not more than five years, or both, together with costs of prosecution.

(Signature of authorized individual)

(Address)

(e) *Frequency of certificates.*—

Where only occasional sales are made by a retailer to a nonprofit educational organization, as defined in paragraph (b) of this section, a separate exemption certificate should be furnished for each order. However, where sales by the retailer to the educational organization are regularly or frequently made, a certificate covering all orders *for a specified period not to exceed 12 calendar quarters* will be acceptable. Such certificate and proper records of invoices, orders, etc., relative to tax-free sales must be readily accessible for inspection by internal revenue officers and retained as provided in section 6001 of the Code and the regulations thereunder.

(f) *Prima facie evidence of exempt use.*—

The exemption certificate procured by the retailer from the purchasing nonprofit educational organization will be acceptable as prima facie evidence that the article is purchased for the exclusive use of such organization.

(g) *Exemption certificate not obtained prior to filing of retailer's excise tax return.*—

If the sale is otherwise exempt but the exemption certificate is not obtained prior to the time the retailer files a return covering taxes due for the period in which the sale was made, the retailer must include the tax on such sale in its return for that period. *However, if the certificate is later obtained, a credit may be taken on a subsequent return or a claim for refund of the tax paid on such sale may be filed, within the period of limitation prescribed by section 6511(b) of the Code and §301.6511(b)-1 of this chapter.*

**4081(a)Tax Imposed.—**

**4081(a)(1)Tax on removal, entry, or sale.—**

4081(a)(1)(A)In general.—

*There is hereby imposed a tax* at the rate specified in paragraph (2) on—

**4081(a)(1)(A)(i)**

*the removal of a taxable fuel from any refinery,*

**4081(a)(1)(A)(ii)**

*the removal of a taxable fuel from any terminal,*

**4081(a)(1)(A)(iii)**

the entry into the United States of any taxable fuel for consumption, use, or warehousing, and

**4081(a)(1)(A)(iv)**

the sale of a taxable fuel to any person who is not registered under section 4101 unless there was a prior taxable removal or entry of such fuel under clause (i), (ii), or (iii).

4083(a)Taxable Fuel.—

For purposes of this subpart—

4083(a)(1)In general.—

*The term "taxable fuel" means—*

**4083(a)(1)(A)**

*gasoline,*

**4083(a)(1)(B)**

*diesel fuel,* and

**4083(a)(1)(C)**

kerosene.

4083(a)(2)Gasoline.—

The term "gasoline"—

**4083(a)(2)(A)**

includes any gasoline blend, other than qualified methanol or ethanol fuel (as defined in section 4041(b)(2)(B)), partially exempt methanol or ethanol fuel (as defined in section 4041(m)(2)), or a denatured alcohol, and

**4083(a)(2)(B)**

includes, to the extent prescribed in regulations—

**4083(a)(2)(B)(i)**

any gasoline blend stock, and

**4083(a)(2)(B)(ii)**

any product commonly used as an additive in gasoline (other than alcohol).

For purposes of subparagraph (B)(i), the term "gasoline blend stock" means any petroleum product component of gasoline.

**4083(a)(3)Diesel fuel.—**

4083(a)(3)(A)In general.—

The term "diesel fuel" means—

**4083(a)(3)(A)(i)**

any liquid (other than gasoline) which is suitable for use as a fuel in a diesel-powered highway vehicle, or a diesel-powered train,

**4083(a)(3)(A)(ii)**

transmix, and

**4083(a)(3)(A)(iii)**

diesel fuel blend stocks identified by the Secretary.

**4083(a)(3)(B)Transmix.—**

For purposes of subparagraph (A), the term "transmix" means a byproduct of refined products pipeline operations created by the mixing of different specification products during pipeline transportation.

**6427(a)Nontaxable Uses.—**

*Except as provided in subsection (k), if tax has been imposed under paragraph (2) or (3) of section 4041(a) or section 4041(c) on the sale of any fuel and the purchaser uses such fuel other than for the use for which sold, or resells such fuel, the Secretary shall pay (without interest) to him an amount equal to—*

**6427(a)(1)**

the amount of tax imposed on the sale of the fuel to him, reduced by

**6427(a)(2)**

if he uses the fuel, the amount of tax which would have been imposed under section 4041 on such use if no tax under section 4041 had been imposed on the sale of the fuel.

# 6427(l)Nontaxable Uses of Diesel Fuel and Kerosene.—

**6427(l)(1)In general.—**

Except as otherwise provided in this subsection and in subsection (k), if any diesel fuel or kerosene on which tax has been imposed by section 4041 or 4081 is used by any person in a nontaxable use, the Secretary shall pay (without interest) to the ultimate purchaser of such fuel an amount equal to the aggregate amount of tax imposed on such fuel under section 4041 or 4081, as the case may be, reduced by any payment made to the ultimate vendor under paragraph (4)(C)(i).

**6427(l)(2)Nontaxable use.—**

*For purposes of this subsection, the term "nontaxable use" means any use which is exempt from the tax imposed by section 4041(a)(1) other than by reason of a prior imposition of tax.*

**6427(l)(5)Registered vendors to administer claims for refund of diesel fuel or kerosene sold to state and local governments.—**

**6427(l)(5)(A)*In general.—***

*Paragraph (1) shall not apply to diesel fuel or kerosene used by a State or local government.*

6427(l)(5)(B)Sales of kerosene not for use in motor fuel.—

Paragraph (1) shall not apply to kerosene (other than kerosene used in aviation) sold by a vendor—

**6427(l)(5)(B)(i)**

for any use if such sale is from a pump which (as determined under regulations prescribed by the Secretary) is not suitable for use in fueling any diesel-powered highway vehicle or train, or

**6427(l)(5)(B)(ii)**

to the extent provided by the Secretary, for blending with heating oil to be used during periods of extreme or unseasonable cold.

6427(l)(5)(C)Payment to ultimate, registered vendor.—

*Except as provided in subparagraph (D), the amount which would (but for subparagraph (A) or (B)) have been paid under paragraph (1) with respect to any fuel shall be paid to the ultimate vendor of such fuel, if such vendor—*

*6427(l)(5)(C)(i)*

*is registered under section 4101, and*

**6427(l)(5)(C)(ii)**

meets the requirements of subparagraph (A), (B), or (D) of section 6416(a)(1).

6427(l)(5)(D)Credit card issuer.—

For purposes of this paragraph, if the purchase of any fuel described in subparagraph (A) (determined without regard to the registration status of the ultimate vendor) is made by means of a credit card issued to the ultimate purchaser, the Secretary shall pay to the person extending the credit to the ultimate purchaser the amount which would have been paid under paragraph (1) (but for subparagraph (A)), but only if such person meets the requirements of clauses (i), (ii), and (iii) of section 6416(a)(4)(B). If such clause (i), (ii), or (iii) is not met by such person extending the credit to the ultimate purchaser, then such person shall collect an amount equal to the tax from the ultimate purchaser and only such ultimate purchaser may claim such amount.

6421(c)Exempt Purposes.—

*If gasoline is sold to any person for any purpose described in paragraph (2), (3), (4), (5), or (6) of section 4221(a), the Secretary shall pay (without interest) to such person an amount equal to*

the product of the number of gallons of gasoline so sold multiplied by the rate at which tax was imposed on such gasoline by section 4081. The preceding sentence shall apply notwithstanding paragraphs (2) and (3) of subsection (f). Subsection (a) shall not apply to gasoline to which this subsection applies.

4221(a)General Rule.—

Under regulations prescribed by the Secretary, no tax shall be imposed under this chapter (other than under section 4121 or 4081) on the sale by the manufacturer (or under subchapter A or C of chapter 31 on the first retail sale) of an article—

**4221(a)(1)**

for use by the purchaser for further manufacture, or for resale by the purchaser to a second purchaser for use by such second purchaser in further manufacture,

**4221(a)(2)**

for export, or for resale by the purchaser to a second purchaser for export,

**4221(a)(3)**

for use by the purchaser as supplies for vessels or aircraft,

**4221(a)(4)**

***to a State or local government for the exclusive use of a State or local government,***

**4221(a)(5)**

***to a nonprofit educational organization for its exclusive use***, or

**4221(a)(6)**

to a qualified blood collector organization (as defined in section 7701(a)(49)) for such organization's exclusive use in the collection, storage, or transportation of blood,

**Federal Tax Regulations,regulation,§48.4221-5.,Internal Revenue Service,Tax-free sale of articles to States and local governments for their exclusive use**

(a)*In general.*—

An article (excluding an automobile subject to tax under section 4064) subject to tax under chapter 32 of the Code may be sold tax free by the manufacturer, pursuant to section 4221(a)(4) and this section, to a State or local government for the exclusive use of such State or local government. See paragraph (b) of this section for the meaning of the term "State or local

government." An article may be sold tax free by the manufacturer under this paragraph only in those cases where the sale is made directly to a State or local government for its exclusive use. Accordingly, no sale may be made tax free to a dealer for resale to a State or local government for its exclusive use, even though it is known at the time of sale by the manufacturer that the article will be so resold. A sale of an article to a State or local government for resale is not considered to be a sale for the "exclusive use" of the State or local government, within the meaning of section 4221(a)(4), and, therefore, such sales may not be made tax free. Such sales are not exempt regardless of whether the resales are made to government employees, or the fact that the article is an item of equipment the employee is required to possess in carrying out his duties. For example, pistols or revolvers may not be sold tax-free to a State or local government for resale to its police officers. See section 6416(b)(2)(C), and paragraph (b)(3) of §48.6416(b)-2, for the circumstances under which credit or refund of tax is available where tax-paid articles are sold for the exclusive use of a State or local government.

(b)*State or local government.*—

The term "State or local government" includes any State, the District of Columbia, and any political subdivision of any of the foregoing.

(c)***Evidence required in support of tax-free sales to States or local governments***

   **(1)**

The evidence required in support of a tax-free sale to the State or local government shall, except as provided in paragraph (c)(2) of this section, consist of a certificate, executed and signed by an officer or employee authorized by the State or local government to execute and sign the certificate. If it is impracticable to furnish a separate certificate for each order or contract because of a frequency of purchases, a certificate covering all orders between given dates (***such period not to exceed 12 calendar quarters***) will be acceptable. The certificates and proper records of invoices, orders, etc., relative to tax-free sales must be retained by the manufacturer as provided in section 6001 and the regulations thereunder. The certificates shall be in substantially the following form:

EXEMPTION CERTIFICATE

(For use by States and local governments (section 4221(a)(4) of the Internal Revenue Code.))

(Date), 19

I hereby certify that I am (Title of Officer) of (State or local government) that I am authorized to execute this certificate; and that:

(Check applicable type of certificate)

the article or articles specified in the accompanying order, or on the reverse side hereof, (or) all orders placed by the purchaser for the period commencing (Date) and ending (Date) (period not to exceed 12 calendar quarters), are, or will be, purchased from (Name of manufacturer) for the exclusive use of (Governmental

unit) of (State or local government) .

I understand that the exemption from tax in the case of sales of articles under this exemption certificate to a State, etc., is limited to the sale of articles purchased for its exclusive use. I understand that the fraudulent use of this certificate for the purpose of securing this exemption will subject me and all parties making such fraudulent use of this certificate to a fine of not more than $10,000, or to imprisonment for not more than 5 years, or both, together with costs of prosecution.

(Signature)

(Address)

**(2)**

*A purchase order, provided that all of the information required by paragraph (c)(1) of this section is included therein, is acceptable in lieu of a separate exemption certificate.*

(d)*Resale of articles purchased tax free by a State or local government.*—

If articles purchased tax free for the exclusive use of a State or local government are prior to use by the State or local government resold under circumstances that do not amount to an exclusive use by the State or local government (such as tires that are resold by a volunteer fire department to volunteer firemen), the parties responsible in the State or local government are required to inform the manufacturer, producer, or importer from whom the articles were purchased that they were disposed of in a manner that did not amount to an exclusive use by the State or local government. A willful failure to supply the manufacturer, producer, or importer with the information required by this subparagraph will subject responsible parties to the penalties provided by section 7203.

**6416(a)(4)Registered ultimate vendor or credit card issuer to administer credits and refunds of gasoline tax.—**

6416(a)(4)(A)In general.—

For purposes of this subsection, except as provided in subparagraph (B), if an ultimate vendor purchases any gasoline on which tax imposed by section 4081 has been paid and sells such gasoline to an ultimate purchaser described in subparagraph (C) or (D) of subsection (b)(2) (and such gasoline is for a use described in such subparagraph), *such ultimate vendor shall be treated as the person (and the only person) who paid such tax, but only if such ultimate vendor is registered under section 4101.*

6416(a)(4)(B)Credit card issuer.—

For purposes of this subsection, if the purchase of gasoline described in subparagraph (A) (determined without regard to the registration status of the ultimate vendor) is made by means of a credit card issued to the ultimate purchaser, paragraph (1) shall not apply and the person

extending the credit to the ultimate purchaser shall be treated as the person (and the only person) who paid the tax, but only if such person—

**6416(a)(4)(B)(i)**

is registered under section 4101,

**6416(a)(4)(B)(ii)**

has established, under regulations prescribed by the Secretary, that such person—

**6416(a)(4)(B)(ii)(I)**

has not collected the amount of the tax from the person who purchased such article, or

**6416(a)(4)(B)(ii)(II)**

has obtained the written consent from the ultimate purchaser to the allowance of the credit or refund, and

**6416(a)(4)(B)(iii)**

has so established that such person—

**6416(a)(4)(B)(iii)(I)**

has repaid or agreed to repay the amount of the tax to the ultimate vendor,

**6416(a)(4)(B)(iii)(II)**

has obtained the written consent of the ultimate vendor to the allowance of the credit or refund, or

**6416(a)(4)(B)(iii)(III)**

has otherwise made arrangements which directly or indirectly provides the ultimate vendor with reimbursement of such tax.

If clause (i), (ii), or (iii) is not met by such person extending the credit to the ultimate purchaser, then such person shall collect an amount equal to the tax from the ultimate purchaser and only such ultimate purchaser may claim such credit or payment.

6416(a)(4)(C)Timing of claims.—

The procedure and timing of any claim under subparagraph (A) or (B) shall be the same as for claims under section 6427(i)(4), except that the rules of section 6427(i)(3)(B) regarding

electronic claims shall not apply unless the ultimate vendor or credit card issuer has certified to the Secretary for the most recent quarter of the taxable year that all ultimate purchasers of the vendor or credit card issuer are certified and entitled to a refund under subparagraph (C) or (D) of subsection (b)(2).

6675(a)Civil Penalty.—

In addition to any criminal penalty provided by law, if a claim is made under section 6416(a)(4) (relating to certain sales of gasoline), section 6420 (relating to gasoline used on farms), 6421 (relating to gasoline used for certain nonhighway purposes or by local transit systems), or 6427 (relating to fuels not used for taxable purposes) for an excessive amount, *unless it is shown that the claim for such excessive amount is due to reasonable cause*, the person making such claim shall be liable to a penalty in an amount equal to whichever of the following is the greater:

**6675(a)(1)**

Two times the excessive amount; or

**6675(a)(2)**

$10.

6675(b)Excessive Amount Defined.—

For purposes of this section, the term "excessive amount" means in the case of any person the amount by which—

**6675(b)(1)**

the amount claimed under section 6416(a)(4), 6420, 6421, or 6427, as the case may be, for any period, exceeds

**6675(b)(2)**

the amount allowable under such section for such period.

# **EXHIBIT B**

# **EXAMINATION REPORT**

**Internal Revenue Service**                          **Department of the Treasury**

                                                      Taxpayer Identification Number:
                                                        25-1099474
Date: 8/15/2011                                       Form:
                                                        720
                                                      Tax Period(s) Ended and Deficiency Amount(s):
                                                        201012-($22,017)    201009-($18,649)
                                                        201006-($20,276)    201003-($22,812)
                                                        200912-($19,918)    200909-($17,784)


                                                      Person to Contact:
                                                        Jim Meyer

                                                      Contact Telephone Number:
                                                        412-395-6958
                                                      Employee Identification Number:
                                                        09-24802
                                                      Last Date to Respond to this Letter:
                                                        9/15/2011

Dear Mr. Jeff Powell,

We have enclosed an examination report showing proposed changes to your tax for the period(s) shown above. Please read the report, and tell us whether you agree or disagree with the changes by the date shown above.

**If you agree with the proposed changes...**

1. Sign and date the enclosed agreement form.

2. Return the signed agreement form to us.

3. Enclose payment for tax, interest and any penalties due. Make your check or money order payable to the **United States Treasury.** You can call the person identified above to determine the total amount due as of the date you intend to make payment.

4. After we receive your signed agreement form, we will close your case.

If you pay the full amount due now, you will limit the amount of interest and penalties charged to your account. If you agree with our findings, but can only pay part of the bill, please call the person identified above to discuss different payment options. We may ask you to complete a collection information statement to determine your payment options, such as paying in installments. You can also write to us or visit your nearest IRS office to explain your circumstances. If you don't enclose payment for the additional tax, interest, and any penalties, we will bill you for the unpaid amounts.

**If you don't agree with the proposed changes...**

1. You may request a meeting or telephone conference with the supervisor of the person identified in the heading of this letter. If you still don't agree after the meeting or telephone conference, you can:

**Letter 950-E(DO) (6-2005)**
Catalog Number 39911Q

2. Request a conference with our Appeals Office. If the total proposed change to your tax is:

- $25,000 or less for *each* referenced tax period, send us a letter requesting consideration by Appeals. Indicate the issues you don't agree with and the reasons why you don't agree. If you don't want to write a separate letter, you can complete the Statement of Disputed Issues at the end of this letter and return it to us.

- More than $25,000 for *any* referenced tax period; you must submit a formal protest.

If you request a conference with our Appeals Office, an Appeals Officer will call you (if necessary) for an appointment to take a fresh look at your case. The Appeals Office is an independent office and most disputes considered by the Appeals Office are resolved informally and promptly. By requesting a conference with our Appeals Office you may resolve the matter sooner and/or prevent interest and any penalties from increasing on your account.

The requirements for filing a formal protest are explained in the enclosed Publication 3498, *The Examination Process*. Publication 3498 also includes information on your *Rights as a Taxpayer* and the *IRS Collection Process*.

You must mail your signed agreement form, completed Statement of Disputed Issues, or a formal protest to us by the response date show in the heading of this letter. If you decide to request a conference with the examiner's supervisor, your request should also be made by the response date indicated.

MAIL RESPONSES TO:     **Internal Revenue Service**
Attn: Jim Meyer
1000 Liberty Ave.
6th Floor Room 610
Pittsburgh, PA 15222

If we don't hear from you by the response date shown in the heading of this letter, we will have to process your case on the basis of the adjustments shown in the enclosed statement.

If you have any questions, please contact the person whose name and telephone number are shown above.

Thank you for your cooperation.

Sincerely yours,

Jim Meyer
Revenue Agent

Enclosures:
Copy of this letter
Examination Report
~~Form 13683~~
Publication 3498
Envelope

Letter 950-E(DO) (6-2005)
Catalog Number 39911Q

| Form **5385**<br>(Rev. July 2011) | Department of the Treasury — Internal Revenue Service<br>**Excise Tax Examination Changes** | | | | Form Number<br>8849 | | Page ___ of ___ |

**Taxpayer's Name and Address:**
J J Powell, Inc.
109 W. Presqueisle St.
Philipsburg, Pennsylvania 16866

**Social Security or Employer Identification Number**
25-1099474

**Person with whom examination changes were discussed** (and title)
Jeff Powell                               Business Owner

| Period Ended (1) | IRS No. or CRN (2) | Kind of Tax (3) | Corrected Tax Liability or Credit per Exam (4) | Tax or Credit per Return or Previous Assessment (5) | Tax or Credit Increase or (Decrease) (4 - 5) (6) | Penalties (See Explanation) (7) | Tax or Credit Increase or (Decrease) & Penalties (6 + 7) (8) |
|---|---|---|---|---|---|---|---|
| Dec 31, 2010 | 360 | MAN | 0.00 | (12,133.00) | 12,133.00 | 12,133.00 | 24,266.00 |
| Dec 31, 2010 | 362 | MAN | 0.00 | (9,884.00) | 9,884.00 | 9,884.00 | 19,768.00 |
| Sep 30, 2010 | 360 | MAN | 0.00 | (7,788.00) | 7,788.00 | 7,788.00 | 15,576.00 |
| Sep 30, 2010 | 362 | MAN | 0.00 | (10,861.00) | 10,861.00 | 10,861.00 | 21,722.00 |
| Jun 30, 2010 | 360 | MAN | 0.00 | (10,330.00) | 10,330.00 | 10,330.00 | 20,660.00 |
| Jun 30, 2010 | 362 | MAN | 0.00 | (9,946.00) | 9,946.00 | 9,946.00 | 19,892.00 |
| Mar 31, 2010 | 360 | MAN | 0.00 | (13,278.00) | 13,278.00 | 13,278.00 | 26,556.00 |
| Mar 31, 2010 | 362 | MAN | 0.00 | (9,534.00) | 9,534.00 | 9,534.00 | 19,068.00 |
| Dec 31, 2009 | 360 | MAN | 0.00 | (11,103.00) | 11,103.00 | 11,103.00 | 22,206.00 |
| Dec 31, 2009 | 362 | MAN | 0.00 | (8,815.00) | 8,815.00 | 8,815.00 | 17,630.00 |
| Sep 30, 2009 | 360 | MAN | 0.00 | (7,430.00) | 7,430.00 | 7,430.00 | 14,860.00 |
| Sep 30, 2009 | 362 | MAN | 0.00 | (10,354.00) | 10,354.00 | 10,354.00 | 20,708.00 |

**Other Information:**
"On various dates you filed Claim Form 8849, or an informal claim for total refund of ($121,456) for tax periods 201012, 201009, 201006, 201003, 200912, 200909. These claims were paid on 3/14/11, 12/22/10, 1/10/11, 9/20/10, 9/13/10, 7/12/10, 4/05/10, 2/01/10, 10/05/09 respectively. As a result of our examination, we have disallowed the entire ($121,456) of the amount claimed." Per IRC 6675, EXCESSIVE CLAIMS WITH RESPECT TO THE USE OF CERTAIN FUELS the civil penalty of two (2) times the excessive amount will be assessed. This results in the total amount of $242,912 being owed plus any additional interest accrued for tax periods noted above.

| Examiner's Signature<br>0924802/Jim Meyer | SBSE Excise<br>Territory - NFT    Grp - 1615 | Date<br>08/15/2011 |

Catalog Number 42486Q     www.irs.gov     Form **5385** (Rev. 7-2011)

| Form **3363**<br>(Rev. November 1983) | Department of the Treasury — Internal Revenue Service<br>**Acceptance of Proposed Disallowance of Claim<br>for Refund or Credit** |
|---|---|

Name(s), SSN or EIN, and address of taxpayer(s) *(Number, Street, City or Town, State, ZIP Code)*

J J Powell, Inc.

25-1099474

109 W. Presqueisle St.

Philipsburg, Pennsylvania 16866

| Year or Period | Date Claim Filed | Kind of Tax | Amount of Claim | Amount of Claim Disallowed | Amount of Claim Allowed |
|---|---|---|---|---|---|
| 201012 | Mar 31, 2011 | Fuel Excise | 22,017.00 | 22,017.00 | 0.00 |
| 201009 | Dec 31, 2010 | Fuel Excise | 18,649.00 | 18,649.00 | 0.00 |
| 201006 | Sep 30, 2010 | Fuel Excise | 20,276.00 | 20,276.00 | 0.00 |
| 201003 | Jun 30, 2010 | Fuel Excise | 22,812.00 | 22,812.00 | 0.00 |

I accept the proposal of the Internal Revenue Service to disallow the claim(s) to the extent described above. This means only that I do not want the Service to consider the claim(s). It does not waive my right to file suit on the disallowance.

If you file this acceptance for a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a partnership with exise or employment tax liability, all partners must sign. However, one partner may sign with appropriate evidence of authorization to act for the partnership.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

| Your Signature | ► | |
|---|---|---|
| | | (Date) |

| Spouse's Signature If A Joint Return Was Filed | ► | |
|---|---|---|
| | | (Date) |

| Taxpayer's Representative Sign Here | ► | |
|---|---|---|
| | | (Date) |

| Partnership/ Corporate Name | ► | J J Powell, Inc. |
|---|---|---|

| Partners/ Corporate Officers Sign Here | ► | |
|---|---|---|
| | | (Title)    (Date) |
| | ► | |
| | | (Title)    (Date) |

Department of the Treasury — Internal Revenue Service

Form **3363**
(Rev. November 1983)

# Acceptance of Proposed Disallowance of Claim for Refund or Credit

Name(s), SSN or EIN, and address of taxpayer(s) *(Number, Street, City or Town, State, ZIP Code)*

J J Powell, Inc.

25-1099474

109 W. Presquiesle St.

Philipsburg, Pennsylvania 16866

| Year or Period | Date Claim Filed | Kind of Tax | Amount of Claim | Amount of Claim Disallowed | Amount of Claim Allowed |
|---|---|---|---|---|---|
| 200912 | Mar 31, 2010 | Fuel Excise | 19,918.00 | 19,918.00 | 0.00 |
| 200909 | Dec 31, 2009 | Fuel Excise | 17,784.00 | 17,784.00 | 0.00 |
| | | | | | |
| | | | | | |

I accept the proposal of the Internal Revenue Service to disallow the claim(s) to the extent described above. This means only that I do not want the Service to consider the claim(s). It does not waive my right to file suit on the disallowance.

If you file this acceptance for a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a partnership with exise or employment tax liability, all partners must sign. However, one partner may sign with appropriate evidence of authorization to act for the partnership.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

**Your Signature** ▶ _____
(Date)

**Spouse's Signature If A Joint Return Was Filed** ▶ _____
(Date)

**Taxpayer's Representative Sign Here** ▶ _____
(Date)

**Partnership/ Corporate Name** ▶ J J Powell, Inc.

**Partners/ Corporate Officers Sign Here** ▶ _____
(Title)          (Date)

▶ _____
(Title)          (Date)

Form **3363** (Rev. 11-1983)    Catalog Number 22240Y    www.irs.gov    Department of the Treasury - Internal Revenue Service

# EXHIBIT C

# IRS CORRESPONDENCE

# AUGUST 4, 2011

# FAX Transmission
# Cover Sheet

Date: _8/04/11_

**To:** _JEFF Powell_                                    Mail Stop: _____

Address/Organization: _____

FAX Number: _814-342-6483_     Office Phone: _814-342-3190_

**From:** _JIM MEYER_                                     Mail Stop: _____

Address/Organization: _____

FAX Number: _412-395-6522_     Office Phone: _412-395-6958_

Number of pages: | 20 |     _Including cover sheet_

_PER OUR DISCUSSION, PLEASE REVIEW & CALL ME
ON MONDAY 8/08/11._

_THANKS
JIM_

_Please visit us on the intranet at **http://publish.no.irs.gov** to obtain information about every nationally numbered product published by the Internal Revenue Service. If you are not an IRS employee, visit the IRS homepage at **www.irs.gov** to obtain current information about the IRS and its service._

This communication is intended for the sole use of the individual to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient or the employee or agent for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone call, and return the communication at the address above via the United States Postal Service. Thank you.

Form **10321** (3-2007)        Catalog Number 23436C        Department of the Treasury-Internal Revenue Service
                                                             publish.no.irs.gov

| Form **5384** (Rev. July 2011) | Department of the Treasury — Internal Revenue Service **Excise Tax Examination Changes and Consent to Assessment and Collection** | Form Number 8849 | Page ____ of ____ |
|---|---|---|---|

| Taxpayer's Name and Address: J J Powell, Inc. 109 W. Presqueisle St. Philipsburg, Pennsylvania 16866 | Social Security or Employer Identification Number 25-1099474 |
|---|---|
| | Person with whom examination changes were discussed *(and title)* Jeff Powell          Business Owner |

| Period Ended (1) | IRS No. or CRN (2) | Kind of Tax (3) | Corrected Tax Liability or Credit per Exam (4) | Tax or Credit per Return or Previous Assessment (5) | Tax or Credit Increase or (Decrease) (4 - 5) (6) | Penalties (See Explanation) (7) | Tax or Credit Increase or (Decrease) & Penalties (6 + 7) (8) |
|---|---|---|---|---|---|---|---|
| Dec 31, 2010 | 360 | MAN | 0.00 | (12,133.00) | 12,133.00 | | 12,133.00 |
| Dec 31, 2010 | 362 | MAN | 0.00 | (9,884.00) | 9,884.00 | | 9,884.00 |
| Sep 30, 2010 | 360 | MAN | 0.00 | (7,788.00) | 7,788.00 | | 7,788.00 |
| Sep 30, 2010 | 362 | MAN | 0.00 | (10,861.00) | 10,861.00 | | 10,861.00 |
| Jun 30, 2010 | 360 | MAN | 0.00 | (10,330.00) | 10,330.00 | | 10,330.00 |
| Jun 30, 2010 | 362 | MAN | 0.00 | (9,946.00) | 9,946.00 | | 9,946.00 |
| Mar 31, 2010 | 360 | MAN | 0.00 | (13,278.00) | 13,278.00 | | 13,278.00 |
| Mar 31, 2010 | 362 | MAN | 0.00 | (9,534.00) | 9,534.00 | | 9,534.00 |

Other Information:
On various dates you filed Claim Form 8849, or an informal claim for total refund of ($83,754) for tax periods 201012, 201009, 201006 & 201003. These claims were paid on 3/14/11, 12/22/10, 1/10/11, 9/20/10, 9/13/10, 7/12/10, 4/05/10 respectively. As a result of our examination, we have disallowed the entire ($83,754). of the amount claimed. This amount is being assessed under IRC 6206, 6675(b) & 4081. Per IRM 20.1.1.3.2 Abatement of Assessed penalties, no penalties will be assessed due to first time abatement reasonable cause.

| Examiner's Signature 0924802/Jim Meyer | SBSE Excise Territory - NFT          Grp - 1615 | Date 08/04/2011 |
|---|---|---|

**Instructions**
Your signed consent will allow us to expedite the mailing of your bill to you.  Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are so entitled; nor prevent us from later determining, if necessary, that you owe additional tax; nor extend the time provided by law for either action.

**Who Should Sign**
If you are making this agreement on behalf of a partnership, all partners must sign, unless one partner with appropriate evidence of authority to do so, signs for the partnership.  If you are making this agreement on behalf of a corporation, it must be signed with the corporate name, followed by the signatures and titles of the corporate officers authorized to sign.  An attorney or agent may sign this agreement provided such action is specifically authorized by a power of attorney which, if not previously filed, must accompany this form.

**Consent to Assessment and Collection**
I consent to the immediate assessment and collection of any additional tax and penalties and accept any over-assessment (decrease in tax and penalties) shown above, plus any interest provided by law.

| Signature: | Title: | Date: |
|---|---|---|
| Signature: | Title: | Date: |
| By: | Title: | Date: |

| Catalog Number 42485F | www.irs.gov | Form **5384** (Rev. 7-2011) |
|---|---|---|

| Form **5385** (Rev. July 2011) | Department of the Treasury — Internal Revenue Service **Excise Tax Examination Changes** | | | Form Number 8849 | | Page ___ of ___ |

Taxpayer's Name and Address:
J J Powell, Inc.
109 W. Presqueisle St.
Philipsburg, Pennsylvania 16866

Social Security or Employer Identification Number
25-1099474

Person with whom examination changes were discussed (and title)
Jeff Powell                Business Owner

| Period Ended (1) | IRS No. or CRN (2) | Kind of Tax (3) | Corrected Tax Liability or Credit per Exam (4) | Tax or Credit per Return or Previous Assessment (5) | Tax or Credit Increase or (Decrease) (4 - 5) (6) | Penalties (See Explanation) (7) | Tax or Credit Increase or (Decrease) & Penalties (6 + 7) (8) |
|---|---|---|---|---|---|---|---|
| Dec 31, 2010 | 360 | MAN | 0.00 | (12,133.00) | 12,133.00 | 12,133.00 | 24,266.00 |
| Dec 31, 2010 | 362 | MAN | 0.00 | (9,884.00) | 9,884.00 | 9,884.00 | 19,768.00 |
| Sep 30, 2010 | 360 | MAN | 0.00 | (7,788.00) | 7,788.00 | 7,788.00 | 15,576.00 |
| Sep 30, 2010 | 362 | MAN | 0.00 | (10,861.00) | 10,861.00 | 10,861.00 | 21,722.00 |
| Jun 30, 2010 | 360 | MAN | 0.00 | (10,330.00) | 10,330.00 | 10,330.00 | 20,660.00 |
| Jun 30, 2010 | 362 | MAN | 0.00 | (9,946.00) | 9,946.00 | 9,946.00 | 19,892.00 |
| Mar 31, 2010 | 360 | MAN | 0.00 | (13,278.00) | 13,278.00 | 13,278.00 | 26,556.00 |
| Mar 31, 2010 | 362 | MAN | 0.00 | (9,534.00) | 9,534.00 | 9,534.00 | 19,068.00 |
| Dec 31, 2009 | 360 | MAN | 0.00 | (11,103.00) | 11,103.00 | 11,103.00 | 22,206.00 |
| Dec 31, 2009 | 362 | MAN | 0.00 | (8,815.00) | 8,815.00 | 8,815.00 | 17,630.00 |
| Sep 30, 2009 | 360 | MAN | 0.00 | (7,430.00) | 7,430.00 | 7,430.00 | 14,860.00 |
| Sep 30, 2009 | 362 | MAN | 0.00 | (10,354.00) | 10,354.00 | 10,354.00 | 20,708.00 |

Other Information:
"On various dates you filed Claim Form 8849, or an informal claim for total refund of ($121,456) for tax periods 201012, 201009, 201006, 201003, 200912, 200909. These claims were paid on 3/14/11, 12/22/10, 1/10/11, 9/20/10, 9/13/10, 7/12/10, 4/05/10, 2/01/10, 10/05/09 respectively. As a result of our examination, we have disallowed the entire ($121,456) of the amount claimed."
Per IRC 6675, EXCESSIVE CLAIMS WITH RESPECT TO THE USE OF CERTAIN FUELS the civil penalty of two (2) times the excessive amount will be assessed. This results in the total amount of $242,912 being owed plus any additional interest accrued for tax periods noted above.

| Examiner's Signature 0924802/Jim Meyer | SBSE Excise Territory - NFT   Grp - 1615 | Date 08/04/2011 |

Catalog Number 42486Q          www.irs.gov          Form **5385** (Rev. 7-2011)

| Form **886-A**<br>(Rev. January 1994) | EXPLANATION OF ITEMS | Schedule number or exhibit<br>Page 1 of 7<br>Form 8849 |
|---|---|---|
| Name of taxpayer<br>J J Powell, Inc.<br>109 W. Presqueisle St.<br>Philipsburg, PA 16866 | Tax Identification Number<br>25-1099474 | Year/Period ended<br>201012;201009;<br>201006;201003;<br>200912;200909; |

| Tax Period | Amount per Exam | Amount per Return | Adjustment Due |
|---|---|---|---|
| 201012 | -0- | ($22,017) | $22,017 |
| 201009 | -0- | ($18,649) | $18,649 |
| 201006 | -0- | ($20,276) | $20,276 |
| 201003 | -0- | ($22,812) | $22,812 |
| 200912 | -0- | ($19,918) | $19,918 |
| 200909 | -0- | ($17,784) | $17,784 |

**Issue**
The issue is that the required 637 UV exempt certificates are not being maintained in a satisfactory manner. Fuel is being sold to local governments tax free without proper certificates on file.

**Facts**
A paid claim review was completed on 7/26/11 for the tax period 200912. The taxpayer is a 637 UV registrant who files 8849 fuel claims for fuel sold to local governments. A review of the required exempt certificates reflected a major deficiency in the maintenance of these certificates. The certificate records were filed in alphabetical order and date. The majority of certificates were outdated and did not cover the period under exam. As a result, the exam was expanded to look at the certificates for the latest 3 years. This review identified certificates: outdated, wrong FED id #, missing, covering multiple years with signatures and dates reflected well after the alleged start of the period noted (example: period 2008 – 2011 signed and dated 7/2010) & no signature. PUB 510 page 54 reflects that purchases under a specified account should identify the effective date & expiration date not to exceed 1 year after the effective date.

The issue was discussed at the closing meeting with Doug Goss (controller) & Bob Hummel (Tax Adm) Doug stated that he was not authorized to bind any agreements and the matter would need to be discussed with Jeff Powell (owner) Doug stated that he felt that since all other records were fine that they should not get cited for the certificates. Doug asked if they proved that the local governments had fed id's would that resolve the matter. I said no because the requirement is for them (seller) to maintain UV exempt certificates at all times for all exempt sales. Prior to this discussion, Doug brought the office staff member who handles the certificates into the meeting. I explained the issue and she said that she would start maintaining them yearly. She asked as to what should be done to customers that purchase and request tax exemption. It was found that some customers are issued purchased cards prior to receiving any exempt certificate. It was noted that no sale tax free sales should take place until a UV exempt certificate is received form the entity.

| Form **886-A**<br>(Rev. January 1994) | **EXPLANATION OF ITEMS** | Schedule number or exhibit<br>Page 2 of 7<br>Form 8849 |
|---|---|---|
| Name of taxpayer<br>J J Powell, Inc.<br>109 W. Presquesile St.<br>Philipsburg, PA 16866 | Tax Identification Number<br>25-1099474 | Year/Period ended<br>201012;201009;<br>201006;201003;<br>200912;200909; |

Once the discussion with the office staff member was over & left the room, I informed Doug and Bob that I would be disallowing the claim and all claims for the last 3 years. They didn't agree with the assessment. Subsequent to this discussion, I identified that the statutes for the first two quarters of 2008 have expired or will be expiring prior near the closing of this case. As a result, the first two quarters will not be required for re-payment.

Bob stated that he didn't understand why they are being cited when no one else has ever had an issue. I stated that I have no idea when or who completed the last exam and the certificates may have been ok at that time. Doug stated that the owner Jeff Powell would call me but that he would not be available until 7/29 or 8/01. I provided Doug information that could be obtained on the IRS website on the pub 594, pub 510 & 3498. A hard copy of the pub 3498 was available at the closing meeting but Doug did not take it.

On 8/04/11, a conference call was held with Jeff & Keith Powell (owners), Debbie Warren (Group Manager) & Jim Meyer (RA). Jim introduced all parties on the call and reiterated the results of the exam. Specifically, the results of the exam identified that there are major deficiencies with the maintenance of the fuel sales exemption certificates. The discussion noted the procedures followed by the taxpayer on the handling of the exempt certificates. The current requirements & model P were discussed as noted in the 8849 form instructions and pub 510 respectively. Jeff noted that he understood that they had been in error with the current handling of the certificates and that he has discussed with his staff the need to make revisions. Group Manager informed Jeff throughout the discussion the need to follow current procedures outlined in the 8849 instructions with respect to the maintenance of exempt certificates. Group Manager offered to cede the last 2 quarters in 2008 and the first 2 quarters in 2009, waiver of excessive claims penalties and continuance of registration to reach an agreement based on the facts presented. The taxpayers were informed that if the case proceeded as un-agreed that penalties would be assessed per IRC 6675. Jeff stated that he appreciated the consideration but they have recognized their error and have begun to make the correction to be in compliance and the target amount prior to the call was hopefully to pay nothing or no more than approximately $50,000. Group Manager reconsidered the facts, documentation available during the teleconference and the law and offered to cede all of 2009 which would leave the adjustment at the 4 quarters of 2010 for approximately $82,000. The taxpayers were reminded that if unagreed – the case would go to appeals the 4 quarters of 2010, the 2 quarters of 2009 and any penalties. It was communicated that the penalties would be 2 times the tax owed as allowed by IRC 6675. The tax payer's position is noted below. It should be noted that upon request Jeff provided his fax # and he confirmed that he still had the RA's contact phone number. Based on the taxpayer's position below, the 5384 & 5385 letters were prepared & forwarded via fax & ordinary mail. It was noted that Jeff would call the RA on 8/08/11 to notify on his decision to agree with the results or move forward as un-agreed.

| Form **886-A** (Rev. January 1994) | EXPLANATION OF ITEMS | Schedule number or exhibit: Page 3 of 7 Form 8849 |
|---|---|---|
| Name of taxpayer J J Powell, Inc. 109 W. Presqueisle St. Philipsburg, PA 16866 | Tax Identification Number 25-1099474 | Year/Period ended 201012;201009; 201006;201003; 200912;200909; |

**Law**

The following IRC codes identify the requirements for maintaining exempt certificates for the sales of gas & diesel tax free to state & local governments plus allowable law to assess penalties.

IRC, 2011-CODE-VOL, SEC. 6416. CERTAIN TAXES ON SALES AND SERVICES.

6416(a)(I) GENERAL RULE. —No credit or refund of any overpayment of tax imposed by chapter 31 (relating to retail excise taxes), or chapter 32 (manufacturers taxes) shall be allowed or made unless the person who paid the tax establishes, under regulations prescribed by the Secretary, that he —

6416(a)(1)(A) has not included the tax in the price of the article with respect to which it was imposed and has not collected the amount of the tax from the person who purchased such article;

6416(a)(1)(B) has repaid the amount of the tax to the ultimate purchaser of the article;

6416(a)(1)(C) in the case of an overpayment under subsection (b)(2) of this section —

6416(a)(1)(C)(i) has repaid or agreed to repay the amount of the tax to the ultimate vendor of the article, or

6416(a)(1)(C)(ii) has obtained the written consent of such ultimate vendor to the allowance of the credit or the making of the refund; or

IRC, 2011-CODE-VOL, SEC. 6416. CERTAIN TAXES ON SALES AND SERVICES.

6416(a)(1)(D) has filed with the Secretary the written consent of the person referred to in subparagraph (B) to the allowance of the credit or the making of the refund.

IRC, 2011-CODE-VOL, SEC. 6427. FUELS NOT USED FOR TAXABLE PURPOSES.

6427(l)(5) REGISTERED VENDORS TO ADMINISTER CLAIMS FOR REFUND OF DIESEL FUEL OR KEROSENE SOLD TO STATE AND LOCAL GOVERNMENTS. —

6427(l)(5)(A) IN GENERAL. —Paragraph (1) shall not apply to diesel fuel or kerosene used by a State or local government.

| Form **886-A** (Rev. January 1994) | **EXPLANATION OF ITEMS** | Schedule number or exhibit Page 4 of 7 Form 8849 |
|---|---|---|
| Name of taxpayer J J Powell, Inc. 109 W. Presqueisle St. Philipsburg, PA 16866 | Tax Identification Number 25-1099474 | Year/Period ended 201012;201009; 201006;201003; 200912;200909; |

**6427(I)(5)(B)** SALES OF KEROSENE NOT FOR USE IN MOTOR FUEL. —Paragraph (1) shall not apply to kerosene (other than kerosene used in aviation) sold by a vendor —

**6427(I)(5)(B)(i)** for any use if such sale is from a pump which (as determined under regulations prescribed by the Secretary) is not suitable for use in fueling any diesel-powered highway vehicle or train, or

**6427(I)(5)(B)(ii)** to the extent provided by the Secretary, for blending with heating oil to be used during periods of extreme or unseasonable cold.

**6427(I)(5)(C)** PAYMENT TO ULTIMATE, REGISTERED VENDOR. —Except as provided in subparagraph (D), the amount which would (but for subparagraph (A) or (B)) have been paid under paragraph (1) with respect to any fuel shall be paid to the ultimate vendor of such fuel, if such vendor —

**6427(I)(5)(C)(i)** is registered under Link section 4101, and

**6427(I)(5)(C)(ii)** meets the requirements of subparagraph (A), (B), or (D) of Link section 6416(a)(1).

**Treasury Regulation section – sets for the requirements for exemption certificates which includes FINAL-REG, TAX-REGS, §48.4041-15. Sales to States or political subdivisions thereof §48.4041-15. Sales to States or political subdivisions thereof**

(a) *Application of exemption.* —The taxes imposed by section 4041 do not apply in the case of a sale of any liquid by any person for the exclusive use of any State or any political subdivision thereof, the District of Columbia, or in the case of the use of any liquid by any State or any political subdivision thereof, or the District of Columbia, as a fuel in a motor vehicle, motorboat, or aircraft.

(b) *Evidence required to establish exemption.* —Any vendor claiming exemption under this section shall be prepared to produce evidence that will establish the right to exemption from the tax imposed by section 4041. Generally, orders or contracts of a State or a political subdivision thereof, or the District of Columbia, when signed by an authorized officer thereof will be accepted in support of the exemption. However, in the absence of such orders or contracts, a certificate signed by such an authorized officer that the liquid sold was purchased for the exclusive use of a State or political subdivision thereof, or the District of Columbia, will be acceptable.

(c) *Evidence required to establish tax-free sales to a nonprofit educational organization; general rule.* — To establish the right to exemption, the retailer must obtain from the purchaser and retain in its possession a properly executed certificate.

| Form **886-A**<br>(Rev. January 1994) | EXPLANATION OF ITEMS | Schedule number or exhibit<br>Page 5 of 7<br>Form 8849 |
|---|---|---|
| Name of taxpayer<br>J J Powell, Inc.<br>109 W. Presqueisle St.<br>Philipsburg, PA. 16866 | Tax Identification Number<br>25-1099474 | Year/Period ended<br>201012;201009;<br>201006;201003;<br>200912;200909; |

FINAL-REG, TAX-REGS, §48.4041-17. **Tax-free retail sales to certain nonprofit educational organizations**

§48.4041-17. *Tax-free retail sales to certain nonprofit educational organizations*

(a) *In general.* —The taxes imposed by section 4041 do not apply in the case of a sale of any liquid by any person to a nonprofit educational organization (as defined in paragraph (b) of this section) for its exclusive use, or in the case of the use of any liquid by such an organization. In the case of a school operated as an activity of an organization described in section 501(c)(3), as referred to in paragraph (b) of this section, the liquid must be sold for the exclusive use of the school, or the liquid must be used exclusively by the school.

(b) *Definition of nonprofit educational organization.* —For purposes of section 4041(g)(4) and this section, the term "nonprofit educational organization" means an organization described in section 170(b)(1)(A)(ii), that is exempt from income tax under section 501(a), whose primary function is the presentation of formal instruction and which normally maintains a regular faculty and curriculum and normally has a regularly enrolled body of pupils or students in attendance at the place where its educational activities are regularly carried on. The term also includes a school operated as an activity of an organization described in section 501(c)(3) which is exempt from income tax under section 501(a), provided such school normally maintains a regular faculty and curriculum and normally has a regularly enrolled body of pupils or students in attendance at the place it's educational activities are regularly carried on.

IRC, 2011-CODE-VOL, SEC. 6675. **EXCESSIVE CLAIMS WITH RESPECT TO THE USE OF CERTAIN FUELS.**

SEC. 6675. **EXCESSIVE CLAIMS WITH RESPECT TO THE USE OF CERTAIN FUELS.**

6675(a) CIVIL PENALTY. —In addition to any criminal penalty provided by law, if a claim is made under Link section 6416(a)(4) (relating to certain sales of gasoline), Link section 6420 (relating to gasoline used on farms), 6421 (relating to gasoline used for certain nonhighway purposes or by local transit systems), or 6427 (relating to fuels not used for taxable purposes) for an excessive amount, unless it is shown that the claim for such excessive amount is due to reasonable cause, the person making such claim shall be liable to a penalty in an amount equal to whichever of the following is the greater:

6675(a)(1) Two times the excessive amount; or

6675(a)(2) $10.

6675(b) EXCESSIVE AMOUNT DEFINED. —For purposes of this section, the term "excessive amount" means in the case of any person the amount by which —

| Form **886-A** (Rev. January 1994) | EXPLANATION OF ITEMS | Schedule number or exhibit Page 6 of 7 Form 8849 |
|---|---|---|
| Name of taxpayer<br>J J Powell, Inc.<br>109 W. Presqueisle St.<br>Philipsburg, PA 16866 | Tax Identification Number<br>25-1099474 | Year/Period ended<br>201012;201009;<br>201006;201003;<br>200912;200909; |

    **6675(b)(1)** the amount claimed under section <u>Link 6416(a)(4)</u>, <u>Link 6420</u>, <u>Link 6421</u>, or <u>Link 6427</u>, as the case may be, for any period, exceeds

    **6675(b)(2)** the amount allowable under such section for such period.

**6675(c)** ASSESSMENT AND COLLECTION OF PENALTY. —

    For assessment and collection of penalty provided by subsection (a), see <u>Link section 6206</u>.

**<u>Taxpayer position</u>**

    7/27/11 - The position of the company controller (Doug Goss) & Bob Hummel (Tax Adm) at the closing meeting was that they did not agree with the citing on the exempt certificates and the need for them to pay back refunds for the latest 3 years. Since neither of these individuals can approve any binding agreements the matter will be discussed with the owner – Jeff Powell.

    8/04/11 – Subsequent to discussion on the significant differences between amounts that will be owed on an agreed vs. un-agreed case, Jeff & Keith requested the following agreed action: Jim will prepare both the 5384 & 5385 forms for their review. The forms will be faxed & mailed to the taxpayer. Jeff stated that upon review, he will call Jim on Monday 8/08/11 to inform of his decision as to agree  or move forward as un-agreed.

**<u>Conclusion</u>**

    The instructions for F8849 Schedule 2 and Publication 510 provide guidance and sample model exemption certificates for filing claims for refunds. IRC 6427 provides guidance for registered ultimate vendors to file claims for fuel sold for non-taxable use. IRC section 6427(l) provides the allowance for diesel or kerosene sold to state or local governments.  Under this section – 6427(l)(5)permits the payment to the ultimate vendor if 1- they are registered and 2 – meet the requirements set forth in 6416(a)(1).
    IRC 6416(a)(1) states that no credit or refund of any overpayment of tax imposed shall be allowed or made unless the person who paid the tax establishes, under regulations prescribed by the Secretary, that they:
    (A) have not included the tax in the price of the article with respect to which it was imposed and has not collected the amount of the tax from the person who purchased such article;
    (B) have repaid the amount of the tax to the ultimate purchaser of the article; and

| Form **886-A**<br>(Rev. January 1994) | EXPLANATION OF ITEMS | Schedule number or exhibit<br>Page 7 of 7<br>Form 8849 |
|---|---|---|
| Name of taxpayer<br>J J Powell, Inc.<br>109 W. Presqueisle St.<br>Philipsburg, PA 16866 | Tax Identification Number<br>25-1099474 | Year/Period ended<br>201012;201009;<br>201006;201003;<br>200912;200909; |

(C)(ii) has obtained the written consent of such ultimate vendor to the allowance of the credit or the making of the refund.

Treasury Regulation Section 48.4041-15 and 17 provide the evidence needed to meet exempt sales to state and local governments and non-profit educational organizations. A properly executed certificate is considered one that complies with the model certificates available in the Publication 510 for the period(s) in question.

In this case, the written consent that was obtained was not in accordance with the Publication 510 model certificate or regulation section Exemption certificates cannot be valid for more than one year and it must have specific pieces of information such as whether it for diesel or gasoline. To file a claim for refund using expired exemption certificates is not permissible under the code and regulations. The certificates in question were valid for 2 years (specifying begin and end date on each certificate) and the most recent certificate available expired in the 2nd quarter of 2009. Although the certificates themselves were not valid for filing purposes, the government did not pursue adjusting periods prior to 2nd quarter of 2009. The government's position is that although the certificates on file were for more than one year – most certificates did have an end date in the 2nd filing quarter of 2009 – which means there were no valid exemptions on file for the last two quarters of 2009 and all of 2010.

Department of the Treasury — Internal Revenue Service

Form **3363**
(Rev. November 1983)

# Acceptance of Proposed Disallowance of Claim for Refund or Credit

Name(s), SSN or EIN, and address of taxpayer(s) *(Number, Street, City or Town, State, ZIP Code)*

J J Powell, Inc.

25-1099474

109 W. Presquelsle St.

Phillipsburg, Pennsylvania 16866

| Year or Period | Date Claim Filed | Kind of Tax | Amount of Claim | Amount of Claim Disallowed | Amount of Claim Allowed |
|---|---|---|---|---|---|
| 201012 | Mar 31, 2011 | Fuel Excise | 22,017.00 | 22,017.00 | 0.00 |
| 201009 | Dec 31, 2010 | Fuel Excise | 18,649.00 | 18,649.00 | 0.00 |
| 201006 | Sep 30, 2010 | Fuel Excise | 20,276.00 | 20,276.00 | 0.00 |
| 201003 | Jun 30, 2010 | Fuel Excise | 22,812.00 | 22,812.00 | 0.00 |

I accept the proposal of the Internal Revenue Service to disallow the claim(s) to the extent described above. This means only that I do not want the Service to consider the claim(s). It does not waive my right to file suit on the disallowance.



If you file this acceptance for a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a partnership with exise or employment tax liability, all partners must sign. However, one partner may sign with appropriate evidence of authorization to act for the partnership.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

**Your Signature** ▶ _____ (Date)

**Spouse's Signature If A Joint Return Was Filed** ▶ _____ (Date)

**Taxpayer's Representative Sign Here** ▶ _____ (Date)

**Partnership/ Corporate Name** ▶ J J Powell, Inc.

**Partners/ Corporate Officers Sign Here**

▶ _____
(Title)            (Date)

▶ _____
(Title)            (Date)

Form **2297**
(Rev. March 1982)

Department of the Treasury-Internal Revenue Service

# Waiver of Statutory Notification of Claim Disallowance

I, J J Powell, Inc.                    25-1099474    of 109 W. Presqueisle St. Philip

*(Name, SSN or EIN)*                              *(Number, Street, City or Town, State, ZIP Code)*

waive the requirement under Internal Revenue Code section 6532(a)(1) that a notice of claim disallowance be sent to me by certified or registered mail for the claims for credit or refund shown in column (d), below.

I understand that the filing of this waiver is irrevocable and it will begin the 2-year period for filing suit for refund of the claims disallowed as if the notice of disallowance had been sent by certified or registered mail.

## Claims

| (a) Taxable Period Ended | (b) Kind of Tax | (c) Amount of Claim | (d) Amount of Claim Disallowed |
|---|---|---|---|
| Dec 31, 2010 | Fuel Excise | 22,017.00 | 22,017.00 |
| Sep 30, 2010 | Fuel Excise | 18,649.00 | 18,649.00 |
| Jun 30, 2010 | Fuel Excise | 20,276.00 | 20,276.00 |
| Mar 31, 2010 | Fuel Excise | 22,812.00 | 22,812.00 |

If you file this waiver for a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a partnership with excise or employment tax liability, all partners must sign. However, one partner may sign with appropriate evidence of authorization to act for the partnership.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

Your Signature ▶ _____ *(Date signed)*

Spouse's Signature If A Joint Return Was Filed ▶ _____ *(Date signed)*

Taxpayer's Representative Sign Here ▶ _____ *(Date signed)*

Partnership/ Corporate Name: J J Powell, Inc.

Partners/ Corporate Officers Sign Here ▶ _____ *(Title)* _____ *(Date signed)*

▶ _____ *(Title)* _____ *(Date signed)*

NOTE - Filing this waiver within 6 months from the date the claim was filed will not permit filing a suit for refund before the 6-month period has elapsed unless a decision is made by the Service within that time disallowing the claims.

Catalog Number 18287T       www.irs.ustreas.gov       Form **2297** (Rev. 3-1982)

## The IRS Mission

*Provide America's taxpayers top quality service by helping them understand and meet their tax responsibilities and by applying the tax law with integrity and fairness to all.*



**IRS**

Department of the Treasury
Internal Revenue Service

www.irs.gov

Publication 3498 (Rev. 11-2004)
Catalog Number 73074S

# *The Examination Process*

## Introduction

The Internal Revenue Service (IRS) accepts most federal returns as filed. Some returns, however, are examined, or audited, to determine if income, expenses, and credits are reported accurately.

This publication discusses general rules and procedures we follow in examinations. It explains what happens before, during, and after an examination. It also explains appeal and payment procedures.

As a taxpayer, you have the right to fair, professional, prompt, and courteous service from IRS employees, as outlined in the Declaration of Taxpayer Rights found on page 3.

We must follow the tax rules set forth by Congress in the Internal Revenue Code. We also follow Treasury Regulations, court decisions, and other rules and procedures written to administer the tax laws.

If the examination results in a change to your tax liability, you may ask us to reconsider your case. Some reasons why we may reconsider your case include:

- You are submitting additional information that could result in a change to the additional amount we have determined that you owe;

- You are filing an original delinquent return after we have determined that you owe an additional amount, or;

- You are identifying a mathematical or processing error we made.

You must request reconsideration in writing and submit it to your local IRS office.

## What's *Inside* . . .

Introduction

*Declaration of Taxpayer Rights* . . . . . . . . .    3

*Your Return is Going To Be Examined* . . . . .    3

 Before the Examination . . . . . . . . . .    3

 During the Examination . . . . . . . . . .    3

 Examinations by Mail . . . . . . . . . .    3

 Examinations in Person . . . . . . . . . .    3

 How to Stop Interest from Accumulating. . . .    4

 Consents to Extend the Statute of
 Limitations    4

 Results of the Examination . . . . . . . . .    4

*What to Do When You Receive a Bill
from the IRS* . . . . . . . . . . . . . . .    4

*What To Do if You Agree or Disagree
with the Examination Results* . . . . . . . .    5

 If You Agree . . . . . . . . . . . . . . .    5

 If You Do Not Agree . . . . . . . . . . . .    5

 Fast Track Mediation Services . . . . . . .    5

*How Do You Appeal a Decision?* . . . . . . .    6

 The Appeal System . . . . . . . . . . . . .    6

 Appeal Within the IRS . . . . . . . . . . .    6

 Making a Small Case Request . . . . . . . .    6

 Filing a Formal Protest . . . . . . . . . .    6

*After the Examination* . . . . . . . . . . .    7

 Payment Options . . . . . . . . . . . . .    7

 Temporarily Delay the
 Collection Process    7

 Innocent Spouse Relief . . . . . . . . . .    8

 You Must Contact Us . . . . . . . . . . .    8

 What If You Believe Your Bill Is Wrong . . . .    8

Privacy Act Statement . . . . . . . . . . . .    8

**? Do you have questions or need help right away? Call us. We are here to help you.**

### For General Information:

For information about a specific examination please contact the person named on the appointment letter.



**For tax information and help:**

Call the number on the bill you received or call us toll free at:

1-800-829-1040 *(for 1040 filers)*
1-800-829-4933 *(for business filers)*
1-800-829-4059 /TDD



**For tax forms and publications:**

1-800-829-3676
1-800-829-4059 /TDD
1-703-368-9694-Forms by Fax



*Internet:* www.irs.gov

FTP-ftp.fedworld.gov/pub/

TELENET-iris.irs.gov

You'll find answers to frequently asked tax questions, tax forms on-line, searchable publications, hot tax issues, news, and help through e-mail.



*If you prefer to write to us . .*

Enclose a copy of your tax bill. Print your name, social security number or taxpayer identification number, and the tax form and period shown on your bill. Write to us at the address shown on your tax bill.



*You may also visit your nearest IRS Office.*

You'll find the exact address in your local phone book under *U.S. Government.*

# Declaration of Taxpayer Rights

## I. Protection of Your Rights

*IRS employees will explain and protect your rights as a taxpayer throughout your contact with us.*

## II. Privacy and Confidentiality

*The IRS will not disclose to anyone the information you give us, except as authorized by law. You have the right to know why we are asking you for information, how we will use it, and what happens if you do not provide requested information.*

## III. Professional and Courteous Service

*If you believe that an IRS employee has not treated you in a professional, fair, and courteous manner, you should tell that employee's supervisor. If the supervisor's response is not satisfactory, you should write to the IRS Director for your Area or the Center where you file your return.*

## IV. Representation

*You may either represent yourself or, with proper written authorization, have someone else represent you. Your representative must be a person allowed to practice before the IRS, such as an attorney, certified public accountant, or enrolled agent (a person enrolled to practice before the IRS). If you are in an interview and ask to consult such a person, then we must stop and reschedule the interview in most cases.*

*You can have someone accompany you at an interview. You may make sound recordings of any meetings with our examination, appeal, or collection personnel, provided you tell us in writing 10 days before the meeting.*

## V. Payment of Only the Correct Amount of Tax

*You are responsible for paying only the correct amount of tax due under the law—no more, no less. If you cannot pay all of your tax when it is due, you may be able to make monthly payments.*

## VI. Help with Unresolved Tax Problems

*The Taxpayer Advocate Service can help you if you have tried unsuccessfully to resolve a problem with the IRS. Your local Taxpayer Advocate can offer you special help if you have a significant hardship as a result of a tax problem. For more information, call toll-free, 1-877-777-4778 (1-800-829-4059 for TTY/TDD) or write to the Taxpayer Advocate at the IRS office that last contacted you.*

## VII. Appeals and Judicial Review

*If you disagree with us about the amount of your tax liability or certain collection actions, you have the right to ask the Appeals Office to review your case. You may also ask a court to review your case.*

## VIII. Relief from Certain Penalties and Interest

*The IRS will waive penalties when allowed by law if you can show you acted reasonably and in good faith or relied on the incorrect advice of an IRS employee. We will waive interest that is the result of certain errors or delays caused by an IRS employee.*

# Your Return Is Going To Be Examined.

## Before the Examination

We accept most taxpayers' returns as filed. If we inquire about your return or select it for examination, it does not suggest that you are dishonest. The inquiry or examination may or may not result in more tax. We may close your case without change or you may receive a refund.

The process of selecting a return for examination usually begins in one of two ways. One way is to use computer programs to identify returns that may have incorrect amounts. The programs may be based on information returns, such as Forms 1099 or W-2, on studies of past examinations, or on certain issues identified by other special projects. Another way is to use information from compliance projects that indicates a return may have incorrect amounts. These sources may include newspapers, public records, and individuals. If we determine the information is accurate and reliable, we may use it to select a return for examination.

Publication 556, *Examination of Returns, Appeal Rights, and Claims for Refund*, explains the rules and procedures that we follow in examinations. The following sections give an overview of how we conduct examinations.

## During the Examination

### Examinations by Mail

Some examinations are conducted entirely by mail. If the examination is conducted by mail, you'll receive a letter from us asking for additional information about certain items shown on your return, such as income, expenses, and itemized deductions.

If the examination is conducted by mail, you can:

1.  Act on your own behalf. (In the case of a jointly filed return, either spouse can respond or both spouses can send a joint response.)

2.  Have someone represent you in correspondence with us. This person must be an attorney, accountant, enrolled agent, an enrolled actuary, or the person who prepared the return and signed it as the preparer. If you choose to have someone represent you, you must furnish us with written authorization. Make this authorization on Form 2848, *Power of Attorney and Declaration of Representative.*

    *Note: You may obtain any of the forms and publications referenced in this publication by calling 1-800-829-3676.*

### Examinations in Person

An examination conducted in person begins when we notify you that your return has been selected. We will tell you what information you need to provide at that time. If you gather the information before the examination, we may be able to complete it more easily and in a shorter time.

If the examination is conducted in person, it can take place in your home, your place of business, an IRS office, or the office of your attorney, accountant, or enrolled agent (a person enrolled to practice before the IRS). If the time or place is not convenient for you, the examiner will try to work out something more suitable.

3

# Your Return Is Going To Be Examined. (cont.)

If the examination is conducted in person, you can:

1. Act on your own behalf. *(In the case of a jointly filed return, either spouse or both can attend the interview.)* If you are acting on your own behalf, you may leave to consult with your representative. We will suspend the interview and reschedule the examination. We cannot suspend the interview if we are conducting it as a result of your receiving an administrative summons.

2. Have someone accompany you, either to support your position or to witness to the proceedings.

3. Accompany someone who will represent you. This person must be an attorney, accountant, enrolled agent, an enrolled actuary, or the person who prepared the return and signed it as the preparer.

4. Have your representative act for you and not be present at the audit yourself. If you choose to have someone represent you in your absence, you must furnish us with written authorization. Make this authorization on Form 2848, *Power of Attorney and Declaration of Representative.*

## How to Stop Interest from Accumulating

During your examination, if you think you will owe additional tax at the end of the examination, you can stop interest from accumulating by paying all or part of the amount you think you will owe. Interest will stop accumulating on the part you pay when the IRS receives your money. Interest will only be charged on the tax, penalties, and interest that are unpaid on the date they are assessed.

## Consents to Extend the Statute of Limitations

We try to examine tax returns as soon as possible after they are filed, but occasionally we may request that you extend the statute of limitations of your tax return.

A return's statute of limitation generally limits the time we have to examine it and assess tax. Assessments of tax must be made within 3 years after a return is due or filed, whichever is later. We can't assess additional tax or make a refund or credit *(unless you filed a timely claim)* after the statute of limitations has expired. Also, if you disagree with the results of the examination, you can't appeal the items you disagree with unless sufficient time remains on the statute. Because of these restrictions, if there isn't much time remaining to examine your return, assess additional taxes, and/or exercise your appeal rights, you have the opportunity to extend the statute of limitations. This will allow you additional time to provide further documentation to support your position, request an appeal if you do not agree with our findings, or to claim a tax refund or credit. It also allows the Service time to complete the examination, make any additional assessment, if necessary, and provide sufficient time for processing.

A written agreement between you and the Service to extend the statutory period of a tax return is called a "consent." Consents can be used for all types of tax except estate tax.

There are two basic kinds of consent forms. One sets a specific expiration date for the extension, and the other for an indefinite period of time. Either type of consent may be limited by restrictive conditions. The use of a restricted consent is to allow the statute to expire with regard to all items on the return except those covered by the restrictive language.

If the statute of limitations for your tax return is approaching, you may be asked to sign a consent. You may:

1. Refuse to extend the statute of limitations;

2. Limit or restrict the consent to particular issues, or

3. Limit the extension to a particular period of time.

The consent will be sent or presented to you with a letter explaining this process and Publication 1035, *Extending the Tax Assessment Period.* For further information, refer to this publication.

## Results of the Examination

If we accept your return as filed, you will receive a letter stating that the examiner proposed no changes to your return. You should keep this letter with your tax records.

If we don't accept your return as filed, we will explain any proposed changes to you and your authorized representative. It is important that you understand the reasons for any proposed changes; don't hesitate to ask about anything that is unclear to you.

## What to Do When You Receive a Bill from the IRS



4

# What To Do If You Agree or Disagree with the Examination Results

## If You Agree

If you agree with a proposed *increase* to tax, you can sign an agreement form and pay any additional tax you may owe. You must pay interest and applicable penalties on any additional balance due. If you pay when you sign the agreement, interest is generally figured from the due date of your return to the date of your payment.

If you do not pay the additional tax and interest, you will receive a bill (See *"What To do When You Receive a Bill from the IRS"* on page 4.) If the amount due *(including interest and applicable penalties)* is less than $100,000 and you pay it within 21 business days, we will not charge more interest or penalties. If the amount is $100,000 or more, the period is reduced to 10 calendar days. If you can't pay the tax due at the end of the examination, you may pay whatever amount you can and request an installment agreement for the balance. *(See "Setting up an Installment Agreement" on page 7.)*

If you are entitled to a refund, you will receive it sooner if you sign the agreement form at the end of the examination. You will also be paid interest on the refund.

## If You Do Not Agree

If you do not agree with the proposed changes, the examiner will explain your appeal rights. If your examination takes place in an IRS office, you may request an immediate meeting with the examiner's supervisor to explain your situation. You may also enter into an *Agreement to Mediate* to help resolve disputes through Fast Track Mediation services. *(See next column.)* Mediation can take place at this meeting or afterwards. If an agreement is reached, your case will be closed.

If you cannot reach an agreement with the supervisor at this meeting, or if the examination took place outside an IRS office or was conducted through correspondence with an IRS Campus employee, the examiner will prepare a report explaining your position and ours. The examiner will forward your case to the Area office for processing.

You will receive:

* A letter (known as a 30-day letter) notifying you of your rights to appeal the proposed changes within 30 days,

* A copy of the examiner's report explaining the proposed changes, and

* An agreement or a waiver form.

You generally have 30 days from the date of the 30-day letter to tell us whether you will accept the proposed changes or appeal them. The letter will explain what steps you should take, depending on what action you choose. Be sure to follow the instructions carefully. Appeal rights are explained following this section.



**Caution**

If you do not respond to the 30-day letter, or if you respond but do not reach an agreement with an appeals officer, we will send you a 90-day letter, also known as a *Notice of Deficiency*. This is a legal document that explains the proposed changes and the amount of the proposed tax increase. You will have 90 days (150 days if it is addressed to you outside the United States) from the date of this notice to file a petition with the Tax Court. If you do not petition the Tax Court you will receive a bill for the amount due.

## Fast Track Mediation Services

If you do not agree with any or all of the IRS findings, you may request Fast Track Mediation services to help you resolve disputes resulting from the examination (audits). Fast Track Mediation offers an expedited process with a trained mediator, who will help facilitate communication, in a neutral setting. The mediator will work with you and the IRS to understand the nature of the dispute. The purpose is to help the two of you reach a mutually satisfactory resolution that is consistent with the applicable law. The mediator has no authority to require either party to accept any resolution. You may withdraw from the mediation process anytime. If any issues remain unresolved you will retain all of your usual appeal rights.

Most cases qualify for Fast Track Mediation. To begin the process, you may request the examiner or IRS representative to arrange a mediation meeting. Both you and the IRS representative must sign a simple *Agreement to Mediate* form. A mediator will then be assigned. Generally, within a week, the mediator will contact you and the IRS representative to schedule a meeting. After a brief explanation of the process, the mediator will discuss with you when and where to hold the mediation session.

For additional information, refer to Publication 3605, *Fast Track Mediation-A Process for Prompt Resolution of Tax Issues.*

# How Do You Appeal a Decision?

## The Appeal System

Because people sometimes disagree on tax matters, the Service has an appeal system. Most differences can be settled within this system without going to court.

Your reasons for disagreeing must come within the scope of tax laws, however. For example, you cannot appeal your case based only on moral, religious, political, constitutional, conscientious, or similar grounds.

If you do not want to appeal your case within the IRS, you may take your case directly to tax court.

## Appeal Within the IRS

You may appeal our tax decision to a local appeals office, which is separate and independent of the IRS Office taking the action you disagree with. An appeals office is the only level of appeal within the IRS. Conferences with Appeals Office personnel may be conducted in person, through correspondence, or by telephone with you or your authorized representative.

If you want to have a conference with an appeals officer, follow the instructions in the letter you received. We will send your conference request letter to the appeals office to arrange for a conference at a convenient time and place. You or your qualified representative should be prepared to discuss all disputed issues at the conference. Most differences are settled at this level. Only attorneys, certified public accountants or enrolled agents are allowed to represent a taxpayer before Appeals. An unenrolled preparer may be a witness at the conference, but not a representative.

If you want to have a conference with an appeals officer, you may also need to file either a **small case request** or a formal written protest with the contact person named in the letter you receive.

Whether you file a small case request or a formal written protest depends on several factors.

## Making a Small Case Request

You may make a **small case request** if the total amount of tax, penalties, and interest for each tax period involved is $25,000 or less, and you do not meet one of the exceptions below for which a formal protest is required. If more than one tax period is involved and any tax period exceeds the $25,000 threshold, you must file a formal written protest for all periods involved. The total amount includes the proposed increase or decrease in tax and penalties or claimed refund. For an *Offer-in-Compromise*, include total unpaid tax, penalty, and interest due.

To make a small case request, follow the instructions in our letter to you by sending a brief written statement requesting an appeals conference. Indicate the changes you do not agree with and the reasons you do not agree with them.


**Caution**

Be sure to send the protest within the time limit specified in the letter you received.

You must file a formal written protest

* If the total amount of tax, penalties, and interest for any tax period is more than $25,000;
* In all partnership and S corporation cases, regardless of the dollar amount;
* In all employee plan and exempt organization cases, regardless of the dollar amount;
* In all other cases, unless you qualify for other special appeal procedures, such as requesting appeals consideration of liens, levies, seizures, or installment agreements. *(See Publication 1660, Collection Appeal Rights, for more information on special collection appeals procedures.)*

## Filing a Formal Protest

When a **formal protest** is required, send it within the time limit specified in the letter you received. Include in your protest:

* Your name and address, and a daytime telephone number.
* A statement that you want to appeal the IRS findings to the Appeals Office.
* A copy of the letter showing the proposed changes and findings you do not agree with (*or the date and symbols from the letter.*)
* The tax periods or years involved.
* A list of the changes that you do not agree with, and why you do not agree.
* The facts supporting your position on any issue that you do not agree with.
* The law or authority, if any, on which you are relying.
* You must sign the written protest, stating that it is true, under the penalties of perjury as follows:

*"Under the penalties of perjury, I declare that I examined the facts stated in this protest, including any accompanying documents, and, to the best of my knowledge and belief, they are true, correct, and complete."*

If your representative prepares and signs the protest for you, he or she must substitute a declaration stating:

* That he or she submitted the protest and accompanying documents and;
* Whether he or she knows personally that the facts stated in the protest and accompanying documents are true and correct.

We urge you to provide as much information as you can, as this will help us speed up your appeal. This will save you both time and money.

Additional information about the Appeals process may be found in Publication 5, *Your Appeals Rights and How to Prepare a Protest if you Don't Agree.*

# After the Examination

## Payment Options

### You cannot pay all that you owe now

If you cannot pay all your taxes now, pay as much as you can. By paying now, you reduce the amount of interest and penalty you owe. Then immediately call, write, or visit the nearest IRS office to explain your situation. After you explain your situation, we may ask you to fill out a Collection Information Statement. If you are contacting us by mail or by telephone, we will mail the statement to you to complete and return to us. This will help us compare your monthly income with your expenses so we can figure the amount you can pay. We can then help you work out a payment plan that fits your situation. This is known as an installment agreement.

### Payment by credit card

Individual taxpayers may make credit (and debit) card payments on tax liabilities (including installment agreement payments) by phone or Internet. Payments may be made to the United States Treasury through authorized credit card service providers.

The service providers charge a convenience fee based on the payment amount. You will be informed of the convenience fee amount before the credit card payment is authorized. This fee is in addition to any charges, such as interest, that may be assessed by the credit card issuer. Visit www.irs.gov to obtain a list of authorized service providers and to obtain updated information on credit card payment options.

Note: You can use debit cards issued by VISA and MasterCard when making tax payments through the participating service providers. However, the service providers and card issuers treat debit cards and credit cards equally for the purpose of processing electronic tax payments. Therefore, debit card users are charged the same fee traditionally associated with credit card transactions

### Payment by Electronic Federal Tax Payment System (EFTPS)

EFTPS is an Electronic Federal Tax Payment System developed by the Internal Revenue Service and Financial Management Service (FMS).

The system allows federal taxes to be paid electronically. The system allows the use of the Internet at www.eftps.gov or telephone to initiate tax payments directly. EFTPS payments may also be made through your local financial institution. The service is convenient, secure and saves time.

You may enroll in EFTPS through the website at www.eftps.gov or by completing a form available from EFTPS customer service at (800) 555-4477 or (800) 945-8400.

### Setting up an installment agreement

Installment agreements allow you to pay your full debt in smaller, more manageable amounts. Installment agreements generally require equal monthly payments. The amount and number of your installment payments will be based on the amount you owe and your ability to pay that amount within the time we can legally collect payment from you.

You should be aware, however, that an installment agreement is more costly than paying all the taxes you owe now. Like revolving credit arrangements, we charge interest on the unpaid portion of the debt. Penalties also continue to accumulate on installment agreements.

If you want to pay off your tax debt through an installment agreement, call the number shown on your bill. If you owe:

* $25,000 or less in tax, we will tell you what you need to do to set up the agreement;

* More than $25,000, we may still be able to set up an installment agreement for you, but we may also ask for financial information to help us determine your ability to pay.

Even if you set up an installment agreement, we may still file a Notice of Federal Tax Lien to secure the government's interest until you make your final payment.

Note: We cannot take any collection actions affecting your property while we consider your request for an installment agreement, while your agreement is in effect, for 30 days after we reject your request for an agreement, or for any period while you appeal the rejection.

If you arrange for an installment agreement, you may pay with:

* Personal or business checks, money orders, or certified funds (all made payable to the U.S. Treasury).

* Credit and debit cards.

* Payroll deductions your employer takes from your salary and regularly sends to IRS, or

* Electronic transfers from your bank account or other similar means.

### Apply for an Offer-in-Compromise

In some cases, we may accept an Offer-in-Compromise to settle an unpaid tax account. Including any penalties and interest. With this kind of arrangement, we can accept less than the full amount you owe when it is doubtful we will be able to collect the entire amount due.

Offers in compromise are also possible if collection action would create an economic hardship. You may want to discuss these options with your examiner.

## Temporarily Delay the Collection Process

If we determine that you can't pay any of your tax debt, we may temporarily delay collection until your financial condition improves. You should know that if we delay collecting from you, your debt will increase because penalties and interest are charged until you pay the full amount. During a temporary delay, we will again review your ability to pay. We may also file a Notice of Federal Tax Lien, to protect the government's interest in your assets. See Publication 594, The IRS Collection Process.

## After the Examination (cont.)

### Innocent Spouse Relief

If you filed a joint tax return, you are jointly and individually responsible for the tax and any interest or penalty due on the joint return, even if you later divorce. In some cases, a spouse may be relieved of the tax, interest, and penalties on a joint return.

You can ask for relief no matter how small the liability.

Three types of relief are available.

- Innocent spouse relief - may apply to all joint filers;

- Separation of liability - may apply to joint filers who are divorced, widowed, legally separated, or have not lived together for the past 12 months;

- Equitable relief - applies to all joint filers.

Innocent spouse relief and separation of liability apply only to items incorrectly reported on the return. If a spouse does not qualify for innocent spouse relief or separation of liability, the IRS may grant equitable relief.

Each type of relief is different and each has different requirements. You must file Form 8857, *Request for Innocent Spouse Relief*, to request any of these methods of relief. Publication 971, *Innocent Spouse Relief*, explains each type of relief, who may qualify, and how to request relief.

### You Must Contact Us

It is important that you contact us regarding any correspondence you receive from us. If you do not pay your bill or work out a payment plan, we are required by law to take further collection actions.

### What If You Believe Your Bill is Wrong



Caution

If you believe your bill is wrong, let us know as soon as possible. Call the number on your bill, write to the IRS office that sent you the bill, call 1-800-829-1040 (for 1040 filers), 1-800-829-4933 (for business filers), 1-800-829-4059 (TDD, or visit your local IRS office.

To help us correct the problem, gather a copy of the bill along with copies of any records, tax returns, and canceled checks, etc., that will help us understand why you believe your bill is wrong.

If you write to us, tell us why you believe your bill is wrong. With your letter, include copies of all the documents you gathered to explain your case. Please do not send original documents. If we find you are correct, we will adjust your account and, if necessary, send you a corrected bill.

## Privacy Act Statement

*The Privacy Act of 1974 says that when we ask you for information, we must first tell you our legal right to ask for the information, why we are asking for it, and how it will be used. We must also tell you what could happen if you do not provide it and whether or not you must respond under the law.*

*This notice applies to tax returns and any papers filed with them. It also applies to any questions we need to ask you so we can complete, correct, or process your return; figure your tax; and collect tax, interest, or penalties.*

*Our legal right to ask for information is found in Internal Revenue Code sections 6001, 6011, and 6012(a), and their regulations. They say that you must file a return or statement with us for any tax you are liable for. Your response is mandatory under these sections.*

*Code section 6109 and its regulations say that you must show your social security number or individual taxpayer identification number on what you file. You must also fill in all parts of the tax form that apply to you. This is so we know who you are, and can process your return and papers. You do not have to check the boxes for the Presidential Election Campaign Fund.*

*We ask for tax return information to carry out the U.S. tax laws. We need it to figure and collect the right amount of tax.*

*We may give the information to the Department of Justice and to other Federal agencies, as provided by law. We may also give it to cities, states, the District of Columbia, and U.S. Commonwealths or possessions to carry out their tax laws. And we may give it to certain foreign governments under tax treaties they have with the United States.*

*We may also disclose this information to Federal, state, or local agencies that investigate or respond to acts or threats of terrorism or participate in intelligence or counterintelligence activities concerning terrorism.*

*If you do not file a return, do not give us the information we ask for, or provide fraudulent information, the law says that we may have to charge you penalties and, in certain cases, subject you to criminal prosecution. We may also have to disallow the exemptions, exclusions, credits, deductions, or adjustments shown on your tax return. This could make your tax higher or delay any refund. Interest may also be charged.*

*Please keep this notice with your records. You may want to refer to it if we ask you for other information. If you have questions about the rules for filing and giving information, please call or visit any Internal Revenue Service office.*

# **EXHIBIT D**

# **EVIDENCE  TO SUPPORT**

# **TAX-FREE SALES**

| JJ POWELL INC #25-1099474 | | | |
|---|---|---|---|
| **Tax Exempt Customer List** | | | |
| | | | |
| | | | |
| **Taxpayer ID Number** | **Name** | **Certificate on Hand for Audit Period** | **Contract or Order on Hand for Audit Period** |
| 23-2982974 | ALPHA FIRE DEPT. | X | |
| 25-1642127 | BALD EAGLE FIRE CO | X | |
| 24-6000566 | BELLEFONTE BORO | X | |
| 24-6000793 | BELLEFONTE SCHOOL DISTRICT | | X |
| 24-6001359 | BENNER TWP. | X | |
| 24-6002196 | BOGGS TWP. | X | |
| 25-6006651 | BOGGS TWP. | X | |
| 25-1158058 | CENTRAL PA INSTITUTE OF SCIENCE & TECH | X | |
| 25-1313123 | CENTRE AREA TRANSIT AUTH | X | |
| 24-0799348 | CENTRE CO. LIBRARY | X | |
| 24-6000724 | CENTRE CO. OFFICE OF TRANSPORTATION | | X |
| 24-6002490 | CENTRE HALL BORO | X | |
| 25-1516152 | CENTRE HALL FIRE CO. | X | |
| 25-1721937 | CENTRE HALL-POTTER SEWER AUTH. | X | |
| 25-1198685 | CHESTER HILL BORO | X | |
| 25-0902930 | CHESTER HILL FIRE CO. | X | |
| 25-1697605 | CITIZENS HOOK AND LADDER | X | |
| 25-6000899 | CLARION COUNTY OFFICE OF EMERG MGMT | X | |
| 25-6000311 | CLEARFIELD BORO | X | X |
| 25-1154028 | CLEARFIELD CO CAREER & TECH CENTER | X | |
| 25-1560607 | CLEARFIELD RECREATION & TOURISM | X | |
| 25-1249700 | CLINTON CO SOLID WASTE AUTHORITY | X | |
| 25-1431216 | COLUMBIA FIRE CO | X | |
| 25-6000993 | COOPER TWP ROAD DIST | X | |
| 23-2281363 | COVINGTON/KARTHAUS AREA AUTHORITY | X | |
| 25-1149849 | COVINGTON TWP | X | |
| 26-4439949 | CURWENSVILLE LAKE AUTHORITY | X | |
| 25-6001105 | DECATUR TWP | X | |
| 25-1197270 | FERGUSON TWP | X | X |

| | | | |
|---|---|---|---|
| 25-6058035 | GREGG TWP. FIRE CO. | X | |
| 25-1391012 | HALFMOON TWP. | X | |
| 25-1598648 | HAWTHORN FIRE CO | X | |
| 25-6050420 | HOPE FIRE CO. | X | |
| 23-7354806 | HOWARD FIRE CO | X | |
| 25-1259685 | HOWARD TWP | X | |
| 25-6001903 | KARTHAUS TWP. | X | |
| 25-6001970 | LAWRENCE TWP. | X | X |
| 24-0773963 | LOGAN FIRE CO. | X | |
| 24-6001489 | MARION TWP. | X | |
| 24-0863347 | MILESBURG BORO | X | |
| 25-1392752 | MORRIS COOPER POLICE DEPT | X | |
| 25-6002197 | MORRIS TWP. | X | |
| 25-1435130 | MT. TOP FIRE CO. | X | |
| 25-6000433 | OSCEOLA MILLS BORO | X | |
| 25-1154733 | PATTON TWP. | X | X |
| 25-1644382 | PA STATE CORRECTIONAL INST | X | |
| 24-740001 | PENN DOT MAINTENANCE DIST 2 | X | |
| 24-6002163 | PENNS VALLEY AREA SCHOOL DISTRICT | | |
| 24-6000648 | PHILIPSBURG BORO | X | |
| 24-6002258 | PHILIPSBURG OSCEOLA SCHOOL DISTRICT | X | |
| 25-1429525 | PLEASANT GAP FIRE CO | X | |
| 25-6000651 | PORT MATILDA BOROUGH | X | |
| 25-1875311 | PORT MATILDA FIRE CO | X | |
| 25-1329451 | REDBANK TWP | X | |
| 25-6003777 | REDBANK VALLEY SCHOOL DISTRICT | X | |
| 24-6025696 | RELIANCE FIRE CO | X | |
| 24-6001543 | RUSH TWP. | X | |
| 25-1290414 | SEVEN MOUNTAINS EMS | X | |
| 25-1201136 | SNOW SHOE BORO | X | |
| 23-1608550 | SNYDER TWP. | X | X |
| 24-6001562 | SPRING TWP. | X | |
| 25-1392495 | SPRING-BENNER-WALKER AUTHORITY | X | |
| 24-6001247 | STATE COLLEGE AREA SCHOOL DIST | X | X |

| | | | |
|---|---|---|---|
| 24-6000660 | STATE COLLEGE BORO | X | |
| 23-7082133 | STONE CREEK VALLEY VOLUNTEER FIRE | X | |
| 25-1227567 | TAYLOR TOWNSHIP | | |
| 23-6004282 | TYRONE SCHOOL DISTRICT | X | |
| 24-0746835 | UNDINE FIRE CO. | X | |
| 25-1256721 | UNION TWP. | X | |
| 23-7431786 | WALKER TWP FIRE CO | X | |
| 25-1812957 | WALLACETON BOGGS MUNICIPAL AUTH | X | |
| 25-1256440 | WARRIORS MARK WATER AUTH | X | |
| 24-6000743 | WILLIAMSPORT MUNICIPAL AIRPORT | X | |

# EXHIBIT E

# STATEMENT

## EXHIBIT E

## STATEMENT UNDER PENALTY OF PERJURY

Under the penalties of perjury, I declare that I examined the facts stated in this protest, including any accompanying documents, and, to the best of my knowledge and belief, they are true, correct, and complete.

Keith Powell, Vice-President
J. J. Powell, Inc.