IN THE UNITED STATES COURT OF FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * *
J. J. Powell, Inc.                  *
                                    *
Plaintiff                           *
                                    *
            v.                      *       NO.    1:13-cv-00353-LJB
                                    *              Judge Lynn J. Bush
                                    *
UNITED STATES OF AMERICA            *
                                    *
Defendant                           *
                                    *
* * * * * * * * * * * * * * * * * * *
```

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
## AND
## MEMORANDUM IN SUPPORT

## MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, J.J. Powell, Inc. ("Powell"), through undersigned counsel, moves the Court for summary judgment on Plaintiff's claims pursuant to the Rules of Court of the United States Court of Federal Claims Rule 56. In support of this motion, Powell respectfully refers the Court to the attached memorandum.

### Table of Contents

Introduction (Statement of the case)                                    1

Issues Presented                                                       1

Facts                                                                  2

Procedural History                                                     5

Legal Argument                                                         7

      Imposition of federal excise tax on gasoline and diesel        8

      Exemption for diesel fuel                                      8

      Exemption for gasoline                                         8

      Refund of taxes paid on diesel fuel                            9

      Refund of taxes paid on gasoline                              10

      Proposed penalty                                              10

      The regulations                                               11

Conclusion                                                            15

Exhibit 1 – IRS Agent Meyer Fax dated August 4, 2011

Appendix

**Table of Authorities**

| **Internal Revenue Code Sections (26 USC)** | | **Appendix Pg.** |
|---|---|---|
| Internal Revenue Code §4041 | 8 | A-1 |
| Internal Revenue Code §4081 | 8, 9, 10, 11 | A-7 |
| Internal Revenue Code §4082 | 8 | A-10 |
| Internal Revenue Code §4084 | 8 | A-12 |
| Internal Revenue Code §4101 | 2, 7, 9, 10 | A-13 |
| Internal Revenue Code §4221 | 8 | A-15 |
| Internal Revenue Code §6416 | 9, 10, 11, 12, 13, 14 | A-18 |
| Internal Revenue Code §6421 | 8 | A-23 |
| Internal Revenue Code §6427 | 9, 11, 12, 13, 14 | A-27 |
| Internal Revenue Code §6675 | 1, 3, 5, 10, 11, 13, 13 | A-34 |
| **Treasury Regulations (26 CFR)** | | |
| Treasury Regulation §48.4041-15 | 3, 4, 11, 12 | A-35 |
| Treasury Regulation §48.4041-17 | 3, 4, 12 | A-36 |
| Treasury Regulation §48.6416(a)-2 | 12 | A-39 |
| Treasury Regulation §48.6427-9 | 12, 13, 14 | A-41 |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION

Introduction
(Statement of the case)

Powell's actions in this case did not deprive the Treasury of a single penny of taxes that Congress intended to be collected. What is at issue is whether Powell properly dotted the i's and crossed the t's in attempting to comply with conflicting Treasury Regulations when it claimed refunds for federal excise tax it paid upon purchase of gasoline and diesel fuel but did not include in the price it charged to certain States and political subdivisions and/or nonprofit educational organizations who were exempt from those taxes. It is noteworthy that the regulations are sufficiently confusing and conflicting that the Internal Revenue Service ("IRS") auditor who proposed to assess a penalty against Powell cited a regulation that Powell was in compliance with. Unfortunately the auditor apparently did not read and certainly did not cite the entire regulation.

Issues Presented

The issues presented are:

1.  Whether Powell is liable for a penalty under Internal Revenue Code ("IRC") section 6675 for submitting refund claims for an "excessive amount."

2.  Whether Powell is entitled to a refund of the taxes it paid for the periods ending September 30, 2009, December 31, 2009, March 31, 2010, June 30, 2010, September 30, 2010 and December 31, 2010 after its appeal was denied and subsequently submitted Forms 843 claims for refund.

3.  Whether the United States' counterclaim for the taxes for the quarters at issue should be dismissed.

1

4.   Whether the IRS should be required to release the refunds totaling $140,408.49 that Powell applied for on Forms 8849 covering quarters beginning January 1, 2013 that the IRS has approved and is withholding because of an alleged amount of tax due.

Facts

Powell is a marketer of petroleum products, including gasoline and diesel fuel.  (K. Powell deposition, pg. 9)  It pays the federal excise tax on the gasoline and diesel fuel at the time of purchase.  (K. Powell deposition, pg. 23)  Most of Powell's retail customers are subject to the federal excise tax on the gasoline and diesel fuel and Powell includes the federal excise tax in the price it charges these customers (the "non-exempt customers").  Some of Powell's customers (the "exempt customers") are exempt from the federal excise tax on the gasoline and diesel fuel because they are a State or a political subdivision of a State or they are nonprofit educational organizations. The price that Powell charges its exempt customers does not include the federal excise tax that Powell paid when it purchased the gasoline or diesel fuel.  (Most of the deposition of Keith Powell is an explanation of how exempt customers are not charged federal excise tax when they purchase gasoline and diesel fuel.  This explanation runs from page 13 through page 43.)

Powell is registered under IRC section 4101 as an ultimate vendor.  (K. Powell deposition, pg. 68)  Powell's registration number is UV-25-95-00045.  As a registered ultimate vendor Powell submits quarterly claims for refund using Form 8849 to claim a refund for the federal excise it paid on the gasoline and diesel fuel at the time of purchase but did not include it the price it charged its exempt customers.  (See example Form 8849 in Exhibit 12 to K. Powell deposition.)

Powell obtains and maintains exemption certificates for its exempt customers. (K. Powell deposition, pg. 43)  It periodically reviews these exemption certificates and obtains new

2

certificates when an exempt customer's exemption certificate is due to expire. (K. Powell deposition, pg. 44)

Powell has been audited on its Forms 8849 and exemption certificates many, many times. Prior to 2011 no IRS employee raised an issue with the manner in which Powell maintained the exemption certificates of its exempt customers. (K. Powell deposition, page 88)

In 2011 IRS agent, Jim Meyer, conducted a Form 8849 audit of Powell. Mr. Meyer alleged that Powell's exemption certificates were not being properly maintained. Mr. Meyer's main objection was that Powell maintained some of the exemption certificates as being valid for a period of three years, whereas, Mr. Meyer alleged they could only be valid for a period of one year and referenced IRS Pub 510. (Exhibit 1, page4/12.) At the closing meeting with Powell, Doug Goss (controller) and Bob Hummel (Tax Adm) Powell's representatives did not have authority to bind any agreements. (Exhibit 1, page 4/12). A conference call was arranged for August 4, 2011 with Jeff and Keith Powell, owners of Powell, Mr. Meyer and Debbie Warren (IRS Group Manager). During that call Powell was given the choice to either accept an adjustment for four quarters resulting in a payment by Powell of approximately $82,000 or face the possibility of a penalty under IRC section 6675 of two times the amount of tax due for six quarters or approximately $243,000. (Exhibit 1, page 4/12). After the conference call Mr. Meyer prepared a fax which included the Form 886-A and directed Powell to call him on Monday August 8, 2011 with their decision of whether to pay the $82,000 or go to Appeals and face a penalty of approximately $243,000. As support for his position that an exemption certificate could only be valid for one year Mr. Meyer cited *part of* Treasury Regulation 48.4041-15 (Exhibit 1, page 7/12), which deals this sales to States and political subdivisions and *part of* Treasury regulation 48.4041-17 (Exhibit 1, page 8/12), which deals with sales to certain nonprofit educational organizations.

3

In both cases Mr. Meyer failed to include the part of the regulation that provides an example exemption certificate. The example certificate in Treasury Regulation 48.4041-15(b) specifically states that a certificate can be valid for a "(period not to exceed 12 calendar quarters)," i.e. three years. Treasury Regulation 48.4041-17(e) entitled "Frequency of certificates" specifically states that a certificate may be valid "for a specified period not to exceed 12 calendar quarter," i.e. three years.

Other deficiencies Mr. Meyer alleged were wrong FED id#, missing, covering multiple years with signatures and dates reflected well after start of the period noted and no signature. (Exhibit 1, page 4/12). (All of the exemption certificates that Powell had on hand at the time of the audit are included in alphabetical order as Exhibit 10 of the K. Powell deposition). In examining these certificates, counsel for Powell was unable to find any that were unsigned or did not contain a Fed EIN. Powell would have had no way of knowing whether the Fed EIN provided by a customer was correct. The regulations Mr. Meyer cited do not have a requirement that a certificate have a federal EIN or indicate the date signed. In many instances there are multiple certificates on file for a particular customer. In all cases noted when an expired certificates was on file, one that covered the period of the audit was also on file. See for example the certificates for Chester Hill Boro, EIN 25-1198685. There is one certificate on file for the period 7/10/07 through 7/09/10 and another certificate on file for the period 5/29/10 through 5/29/13.

Following the receipt of Mr. Meyer's fax on August 4, 2011 Powell sought counsel. Counsel Cloyd Van Hook reviewed Mr. Meyer's fax and the two regulations that he cited and noted that the regulations conflicted with Mr. Meyer's assertion that an exemption certificate could only be valid for twelve months. Mr. Van Hook sent Mr. Meyer a power of attorney and asked to

be included in the telephone call on August 8, 2011. This call was ultimately rescheduled then cancelled by Mr. Meyer without being rescheduled. Ultimately Powell declined to pay the proposed $82,000 and appealed. Powell did, however, immediately begin using the form of exemption certificate suggested by Pub. 510. (K. Powell deposition, page 86)  The remainder of the procedural history is covered in the following section.

<u>Procedural history</u>

On August 4, 2011 Mr. Jim Meyer, IRS agent, sent Powell a fax in which he gave Powell the choice of either repaying approximately $82,000 of tax for the periods ending March 31, 2010, June 30, 2010, September 30, 2010 and December 31, 2010 or go to appeals and face a penalty under IRC section 6675 of approximately $243,000.

On August 29, 2011 Powell filed a formal protest and asked that the case be sent to Appeals.

On or about September 25, 2012 Powell received an undated letter from Michael Malalesta, the Appeals Team Manager in the Philadelphia Appeals Office, stating the Appeals Office was closing the case.

On or about October 22, 2012 Powell received notices for the quarters ending September 30, 2009, December 31, 2009, March 31, 2010, June 30, 2010, September 30, 2010 and December 31, 2010 assessing taxes, penalties and interest in the amounts of $40,756.89, $45,126.63, $51,097.47, $44,891.17, $40,807.40 and $47,630.81 respectively for these quarters.

On or about November 7, 2012 Mr. Van Hook, on behalf of Powell, mailed a check in the amount of $40,756.89 to the IRS office in Cincinnati, OH in payment of taxes, penalties and interest for the quarter ending September 30, 2009. On or about Mr. Van Hook, on behalf of Powell, mailed checks in the amounts of $17.59, $27.16, $17.47, $16.32 and $48.04 to the IRS

office in Cincinnati, OH in payment of taxes, penalties and interest for the quarters ending December 31, 2009, March 31, 2010, June 30, 2010, September 30, 2010 and December 31, 2010 respectively.  These represent a divisible portion of the taxes, penalties and interest that were assessed.

On or about November 13, 2012 Mr. Van Hook, on behalf of Powell, submitted a Form 843 Claim for Refund and Request for Abatement for the excise taxes, penalties and interest paid for the tax period ending September 30, 2009.

On or about January 30, 2013 Mr. Van Hook, on behalf of Powell, submitted Forms 843 Claim for Refund and Request for Abatement for the excise taxes, penalties and interest paid for the tax periods ending December 31, 2009, March 31, 2010, June 30, 2010, September 30, 2010 and December 31, 2010.

Beginning with the first quarter of 2013 the IRS began withholding refunds on approved Forms 8849 that Powell submitted.  The IRS has withheld refunds for all of 2013 and 2014 totaling $140,408.49.

On May 20, 2013 having waited more than six months since the claims for refund were filed and having exhausted its administrative remedies Powell filed its Complaint in the instant case.

On November 27, 2013 the United States, defendant in this action, filed its answer and a counterclaim in the amount of $194,597.32 for alleged tax and penalties.

On August 14, 2014, during the pendency of this action, the IRS conducted a Collection Due Process Hearing.

On September 14, 2014 the IRS issued a Notice of Determination that its proposed Notice of Intent to Levy was substantiated.

6

On March 9, 2015 the parties filed a Joint Status Report in the instant case in which they stated that they have conducted settlement negotiations and have been unable to resolve any of the issues.

On March 10, 2015 this court issued its Order that the Plaintiff should file its Dispositive Motion on or before April 9, 2015.

Legal Argument

Before setting forth the details of the statutes and regulations, which are not promulgated in the easiest to understand format, I will briefly outline how the system is intended to work. A taxpayer, such as Powell, is required to pay the federal excise tax on all gasoline and diesel fuel it purchases at the time of purchase. When it sells the gasoline and diesel fuel to its customers it includes the federal excise tax in the price it charges its customers unless they are exempt from the tax. States and political subdivisions and nonprofit educational organizations are exempt from the tax. If the seller, such as Powell, is registered as an ultimate vendor under IRC section 4101 and it obtains an exemption certificate from the tax exempt entity, it will not include the federal excise tax in the price it charges its tax exempt customers. Instead each quarter it will file a Form 8849 to claim a refund for the federal excise tax it paid when it purchased the gasoline and diesel fuel but did not collect from its tax exempt customer.

In all cases references in this memorandum to the "IRC" or the "Code" are to the Internal Revenue Code of 1986 as amended or Title 26 of the United States Code. All references to "Treasury Regulations" are to Title 26 of the Code of Federal Regulations. All Code sections and regulations cited are included in the Appendix.

Imposition of federal excise tax on gasoline and diesel fuel.

IRC section 4081(a)(1)(A)(ii) imposes a tax on taxable fuel [which includes gasoline and diesel fuel] on the removal from any terminal [which is where Powell purchases its taxable fuel].

Exemption for diesel fuel.

IRC section 4041(g)(2) exempts any State and any political subdivision of a State from the tax imposed by IRC section 4041 on any liquid for use as a fuel. IRC section 4041(g)(4) exempts a nonprofit educational organization from the tax imposed by IRC section 4041. Note theses sections exempt certain parties from the tax imposed under section 4041, whereas it was stated earlier that the tax is imposed under IRC section 4081. IRC section 4082(a)(1) provides that the tax imposed by section 4081 shall not apply to diesel fuel destined for a non-taxable use. IRC section 4082(b)(2) provides that the term "nontaxable use" means any use which is exempt from the tax imposed by section 4041(a)(1) other than by reason of a prior imposition of tax. So by this rather circuitous method Congress has indicated that it intends for States and political subdivisions and nonprofit educational organizations to be exempt from federal excise tax on diesel fuel sold to them.

Exemption for gasoline.

The statutory exemption for gasoline used by a State or political subdivision or a nonprofit educational organization is even more convoluted. IRC section 4084(2) directs purchasers of gasoline for certain exempt purposes to section 6421. Section 6421(c) provides that if gasoline is sold to any person for any purpose described in section 4221(a)(4) [State or political subdivision] or (5) [nonprofit educational institution] the Secretary shall pay such person an amount equal to the number of gallons of gasoline sold multiplied by the rate of tax imposed by section 4081. Bear in mind that Powell paid the tax imposed by section 4081 on all of the gasoline that it purchased.

IRC section 6416(a)(4) provides that if an ultimate vendor purchases gasoline on which tax has been imposed by section 4081 sells the gasoline to a purchaser described in subparagraph (C) [State or political subdivision] or (D) [nonprofit educational organization] of subsection (b)(2), the ultimate vendor shall be treated as the person who paid such tax, but only if such ultimate vendor is registered under section 4101. IRC section 4101 requires certain persons with respect to the tax imposed by section 4041 or 4081 to register. The regulations under section 4101 require an ultimate vendor to be registered and Powell has been registered as an ultimate vendor since December 7, 1994.

From the foregoing it is clear that although Congress requires the federal excise tax to be paid on all gasoline and diesel fuel when it "breaks bulk" or upon removal from a refinery or terminal under section 4081(a)(1)(A), Congress does not intend that a State or political subdivision should bear the tax. Instead Congress has provided that an ultimate vendor, registered under section 4101, should not charge the tax to tax exempt entities but will instead file Forms 8849 quarterly to obtain a refund of the tax it paid when it purchased the gasoline and diesel fuel but did not charge its tax exempt customers. We now turn to the statutory basis for an ultimate vendor to obtain a refund.

Refund of taxes paid on diesel fuel.

IRC section 6427 addresses fuels not used for taxable purposes. Section 6427(l) addresses nontaxable uses of diesel fuel and kerosene. Section 6427(l)(1) provides that in general if diesel fuel has been used for a nontaxable use the Secretary will pay the ultimate purchaser an amount equal to the amount of tax imposed under section 4081. Section 6427(l)(5) creates an exemption to the general rule of section 6427(l)(1) in the case of sales by a registered ultimate vendor. Section 6427(l)(5)(C) provides that payment will be made to a registered ultimate vendor if such vendor

9

(i) is registered under section 4101, which Powell is, and (ii) meets the requirements of Subparagraph (A), (B), *or* (D) of section 6416(a)(1). Section 6416(a)(1)(A) requires the person who paid the tax establishes that he has not included the tax in the price of the article with respect to which it was imposed and has not collected the amount of the tax from the person who purchased such article. The deposition of Keith Powell clearly established the Powell did not include the federal excise tax on the gasoline and diesel fuel in the price it charged its tax exempt customers and therefore meets the requirements of section 6416(a)(1)(A).

Refund of taxes paid on gasoline.

IRC section 6416 governs refund of excise taxes paid on gasoline sold for nontaxable use. Section 6416(a)(1) provides that no refund or credit is allowed unless the person who paid the tax establishes  the he meets the requirements of section 6416(a)(1)(A), (B),(C) *or* (D). As discussed above Powell meets the requirements of section 6416(a)(1)(A). Section 6416(a)(4) provides that if an ultimate vendor purchases gasoline on which the tax imposed by section 4081 has been paid and sells such gasoline to a purchaser described in subparagraph (C) [State or political subdivision] or (D) [nonprofit educational organization] of subsection (b)(2), then the ultimate vendor shall be treated as the person who paid such tax, but only if such ultimate vendor is registered under section 4101. It has already been established that Powell has been registered as an ultimate vendor since 1994. It should be noted that although section 6416(a)(4) references subsection (b)(2) claims by a registered ultimate vendor are governed by section 6416(a)(4) while section 6416(b)(2) applies to a vendor that is *not* registered under section 4101.

Proposed penalty.

This entire matter began when IRS agent Jim Meyer proposed to assess Powell a penalty under IRC section 6675. Perhaps we have put the cart before the horse by discussing the manner

in which excise taxes are imposed on gasoline and diesel fuel and then exempted for certain nontaxable uses and how refunds of these taxes are claimed. We now turn to IRC section 6675 which is the basis for Mr. Meyer's proposed penalty. IRC section 6675(a) imposes a civil penalty if a claim is made under section 6416(a)(4) or 6427 for an "excessive amount" unless it is shown that such claim for an excessive amount is due to a reasonable cause. The reasonable cause exception will be addressed shortly. First we turn to the definition of "excessive amount." Section 6675(b) defines "excessive amount" as "the amount by which the amount claimed under section 6416(a)(4), 6420, 6421, or 6427 as the case may be, for any period, exceeds the amount allowable under such section for such period." A reasonable interpretation of that definition would be a claim for refund of a greater amount of tax than the amount the claimant paid under section 4081 when it purchased the gasoline and diesel fuel and could not or did not pass along to its tax exempt customers. Mr. Meyer apparently took the position that the refund claims were for an "excessive amount" because he felt that the exemption certificates maintained by Powell did not comply with what his understanding of what the regulations required.

We now turn to the reasonable cause exception. Thus far we have only discussed the applicable Code sections. We will shortly turn to the regulations and show that in some cases the regulations have conflicting requirements or are not adequately promulgated. Powell asserts that it met the requirements of the Code and that the confusion created by the conflicting regulations provides a reasonable cause that Powell should not be subjected to a penalty under section 6675. The regulations.

In reviewing the applicable Treasury Regulations we look first at the two regulations that Mr. Meyer cited when he proposed the penalty under section 6675, specifically Treasury Regulations sections 48.4041-15, which deals with sales to States and political subdivisions, and

11

48.4041-17, which deals with sales to nonprofit educational organizations. As mentioned previously Mr. Meyer only included *part of* the regulations in the Form 886-A he prepared. In citing regulation 48.4041-15 he failed to cite or include the example Exemption Certificate in section 48.4041-15(b). This subsection states the certificate *"shall be in substantially the following form."* The example certificate provides that the certificate shall be for a *"period not to exceed 12 calendar quarters."* The main deficiency that Mr. Meyer alleged about the certificates Powell maintained was that they were for a period of more than twelve *months*. It should further be noted that the example certificate does not require either a federal EIN or a date of signature which addresses the remainder of Mr. Meyer's alleged deficiencies. We next turn to Treasury Regulation 48.4041-17 cited by Mr. Meyer. Section 48.4041-17(e) also authorizes a certificate to be valid for *"a specified period not to exceed 12 calendar quarters."* This regulation also contains example certificates that do not require either a federal EIN or a date of signature.

We turn next to the regulations concerning refunds. Since IRC section 6427 references section 6416 we will look first at the regulations under section 6416 which are applicable to gasoline. The applicable regulation is Treasury Regulation section 48.6416(a)-2. Section 48.6416(a)-2(a)(2) sets forth the supporting evidence required. Satisfactory evidence is a statement with the refund claim that the claimant had neither included the tax in the price it charged its vendee nor collected the amount of the tax from its vendee and identifying the nature of the evidence available to establish these facts. Schedule 2 of the Form 8849, which is used by an ultimate vendor to make the claim for refund, contains the required statement. (See Exhibit 12 of the K. Powell deposition.)

We now turn to the regulations under section 6427which are applicable to diesel fuel . The applicable regulation is Treasury Regulation section 48.6427-9. Section 48.6427-9(e) prescribes

the required content of a claim. Section 48.6427.9(e)(vi) requires a *statement* that the claimant has in its possession an unexpired certificate described in paragraph (e)(2). Schedule 2 of the Form 8849 used to submit a claim meets the requirements of this subsection. Powell acknowledges that the example certificate in paragraph (e)(2) shows "(period not to exceed 1 year after the effective date)". However, Powell points out that the language of the regulation does not require a certificate described in paragraph (e)(2) only a statement that the claimant have in its possession such a certificate. Again Schedule 2 to the Form 8849 contains a statement that the claimant has the required certificate and has no reason to believe any information in the certificate is false. An officer of Powell signed the Form 8849 under penalty of perjury in the belief, perhaps incorrectly in some cases, that Powell had the required certificate.

Before leaving the technicalities of the Code sections and Treasury Regulations it may be worthwhile to note that IRC section 6416(a)(1) contains the words "under regulations prescribed by the Secretary" by which Congress has granted the Secretary specific authority to prescribe regulations, whereas, section 6427(l)(5) does not contain that language. It is not reasonable to expect that Congress intended to allow a taxpayer such as Powell to be whipsawed by allowing regulations that permitted Powell to make tax exempt sales to its tax exempt customers using an exemption certificate that could be valid for twelve calendar quarters but that same taxpayer would only be able to claim a refund with an exemption certificate that could only be valid for twelve months.

We will now address each issue individually.

The first issue is whether Powell should be subject to a penalty under IRC section 6675. It is not disputed that Powell did not include the federal excise tax in the price it charged its tax exempt customers. It is also not disputed that Powell did not seek a refund for any excise tax other

13

than tax it paid upon purchase of gasoline and diesel fuel and did not pass through to its tax exempt customers. Based upon those facts Powell maintains that it did not submit a claim for an "excessive amount" within the meaning of section 6675. The only way that a claim could be for an excessive amount would be if this court were to rule that the amount was excessive because the "amount allowable" under sections 6416(a)(4) and/or 6427 was zero because of some failure to meet some requirements in some of the regulations. If that were to be the case Powell maintains that it would still not be subject to a penalty because of the reasonable cause exception of section 6675(a). The reasonable cause is that the regulations that have been promulgated for exemptions and refund claims are conflicting.

The second issue is whether Powell is entitled to refunds for the taxes it paid for the periods ending September 30, 2009, December 31, 2009, March 31, 2010, June 30, 2010, September 30, 2010 and December 31, 2010 after its appeal was denied. Powell has shown that it complied with the specific requirements of the Code. It also complied with the spirit and perhaps the letter of the regulations. The only issue is whether it complied with regulation 48.6427-9(e)(1). This is the regulation that contains an example of an exemption certificate that could only be valid for twelve months. The specific language of the regulation only requires a statement that the claimant has such a certificate. Powell in good faith made the required statement under penalty of perjury. Immediately after the audit Powell changed its procedures to begin using the form of exemption certificate suggested by Mr. Meyer. Therefore Powell should be entitled to the refunds it sought for the periods at issue.

The next issue is whether the United States' counterclaim for the taxes for the periods at issue should be dismissed. To sustain the United States' counterclaim would require a payment of a tax that Congress never intended to be paid by a person that was not the consumer of the

14

product upon which the tax was imposed.  If this Court rules in favor of Powell on the second issue it must necessarily rule in Powell's favor on this issue.

The fourth and final issue is whether the IRS should release the refunds that Powell applied for on Forms 8849 covering recent quarters that the IRS has approved but is withholding because of an alleged amount of tax due.  If this court rules in Powell's favor on the first three issues it necessarily follows that it must rule in Powell's favor on this issue.

Conclusion

For the reasons stated herein, Powell request that the Court grant summary judgment in its favor on all issues and enter judgment for Powell.

Respectfully submitted,

s/Cloyd F. Van Hook
Cloyd F. Van Hook
Guarisco Cordes & Lala, LLC
601 Poydras St., Ste 2355
New Orleans, LA 70130
Phone:  (504) 587-7007
Fax:  (504) 587-9067
Email:  cloyd@gctaxlaw.com
Attorney for J. J. Powell, Inc.

Dated: April 8, 2015

# EXHIBIT 1

# IRS AGENT MEYER

# FAX DATED AUGUST 4, 2011

AUG-04-2011  15:32

# FAX Transmission
## Cover Sheet

Date: 8/04/11

To: JEFF Powell                                    Mail Stop: _____

Address/Organization: 814-342-6483    Office Phone: 814-342-3190

FAX Number: 814-342-6483

From: JIM MEYER                                    Mail Stop: _____

Address/Organization: _____    Office Phone: 412-395-6958

FAX Number: 412-395-6522

Number of pages: [20]    Including cover sheet

PER OUR DISCUSSION, PLEASE REVIEW & CALL ME
ON MONDAY 8/08/11.

THANKS
JIM

Please visit us on the intranet at http://publish.no.irs.gov to obtain information about every nationally numbered product published by the Internal Revenue Service. If you are not an IRS employee, visit the IRS homepage at www.irs.gov to obtain current information about the IRS and its service.

This communication is intended for the sole use of the individual to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient or the employee or agent for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone call, and return the communication at the address above via the United States Postal Service. Thank you.

Form 10321 (3-2007)    Catalog Number 28436C    Department of the Treasury-Internal Revenue Service
publish.no.irs.gov

1/2

AUG-04-2011  15:32

| Form **5384**<br>(Rev. July 2011) | Department of the Treasury — Internal Revenue Service<br>**Excise Tax Examination Changes and<br>Consent to Assessment and Collection** | Form Number<br>8849 | Page ____ of ____ |
| --- | --- | --- | --- |

Taxpayer's Name and Address:

J J Powell, Inc.

109 W. Presqueisle St.

Philipsburg, Pennsylvania 16866

Social Security or Employer Identification Number

25-1099474

Person with whom examination changes were discussed *(and title)*

Jeff Powell                    Business Owner

| Period Ended<br>(1) | IRS No.<br>or CRN<br>(2) | Kind of<br>Tax<br>(3) | Corrected Tax Liability<br>or Credit per Exam<br>(4) | Tax or Credit per<br>Return or Previous<br>Assessment<br>(5) | Tax or Credit Increase<br>or (Decrease)<br>(4 − 5)<br>(6) | Penalties<br>(See Explanation)<br>(7) | Tax or Credit Increase<br>or (Decrease) &<br>Penalties<br>(6 + 7)<br>(8) |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | 12,133.00 |
| Dec 31, 2010 | 360 | MAN | 0.00 | (12,133.00) | 12,133.00 | | |
| | | | | | | | 9,884.00 |
| Dec 31, 2010 | 362 | MAN | 0.00 | (9,884.00) | 9,884.00 | | |
| | | | | | | | 7,788.00 |
| Sep 30, 2010 | 360 | MAN | 0.00 | (7,788.00) | 7,788.00 | | |
| | | | | | | | 10,861.00 |
| Sep 30, 2010 | 362 | MAN | 0.00 | (10,861.00) | 10,861.00 | | |
| | | | | | | | 10,330.00 |
| Jun 30, 2010 | 360 | MAN | 0.00 | (10,330.00) | 10,330.00 | | |
| | | | | | | | 9,946.00 |
| Jun 30, 2010 | 362 | MAN | 0.00 | (9,946.00) | 9,946.00 | | |
| | | | | | | | 13,278.00 |
| Mar 31, 2010 | 360 | MAN | 0.00 | (13,278.00) | 13,278.00 | | |
| | | | | | | | 9,534.00 |
| Mar 31, 2010 | 362 | MAN | 0.00 | (9,534.00) | 9,534.00 | | |

Other Information:

*On various dates you filed Claim Form 8849, or an informal claim for total refund of ($83,754) for tax periods 201012, 201009, 201006 & 201003. These claims were paid on 3/14/11, 12/22/10, 1/10/11, 9/20/10, 9/13/10, 7/12/10, 4/05/10 respectively. As a result of our examination, we have disallowed the entire ($83,754), of the amount claimed. This amount is being assessed under IRC 6206, 6675(b) & 4081. Per IRM 20.1.1.3.2 Abatement of Assessed penalties, no penalties will be assessed due to first time abatement reasonable cause.

| Examiner's Signature<br>0924802/Jim Meyer | 5BSE Excise<br>Territory - NFT        Grp - 1615 | Date:<br>08/04/2011 |
| --- | --- | --- |

Instructions

Your signed consent will allow us to expedite the mailing of your bill to you. Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are so entitled; nor prevent you from later determining, if necessary, that you owe additional tax; nor extend the time provided by law for either action.

Who Should Sign

If you are making this agreement on behalf of a partnership, all partners must sign, unless one partner with appropriate evidence of authority to do so, signs for the partnership. If you are making this agreement on behalf of a corporation, it must be signed with the corporate name, followed by the signatures and titles of the corporate officers authorized to sign. An attorney or agent may sign this agreement provided such action is specifically authorized by a power of attorney which, if not previously filed, must accompany this form.

Consent to Assessment and Collection

I consent to the immediate assessment and collection of any additional tax and penalties and accept any over-assessment (decrease in tax and penalties) shown above, plus any interest provided by law.

| Signature: | Title: | Date: |
| --- | --- | --- |
| Signature: | Title: | Date: |
| By: | Title: | Date: |

Catalog Number 42485F                    www.irs.gov                    Form **5384** (Rev. 7-2011)

2/12

AUG-04-2011   15:33

| Form **5385** (Rev. July 2011) | Department of the Treasury — Internal Revenue Service **Excise Tax Examination Changes** | Form Number 8849 | Page ____ of ____ |
|---|---|---|---|

**Taxpayer's Name and Address:**

J J Powell, Ino.
109 W. Presqueisle St.
Philipsburg, Pennsylvania 16866

**Social Security or Employer Identification Number**
25-1099474

**Person with whom examination changes were discussed** *(and title)*
Jeff Powell                          Business Owner

| Period Ended (1) | IRS No. or CRN (2) | Kind of Tax (3) | Corrected Tax Liability or Credit per Exam (4) | Tax or Credit per Return or Previous Assessment (5) | Tax or Credit Increase or *(Decrease)* (4 - 5) (6) | Penalties *(See Explanation)* (7) | Tax or Credit Increase or *(Decrease)* & Penalties (6 + 7) (8) |
|---|---|---|---|---|---|---|---|
| Dec 31, 2010 | 360 | MAN | 0.00 | (12,133.00) | 12,133.00 | 12,133.00 | 24,266.00 |
| Dec 31, 2010 | 362 | MAN | 0.00 | (9,884.00) | 9,884.00 | 9,884.00 | 19,768.00 |
| Sep 30, 2010 | 360 | MAN | 0.00 | (7,788.00) | 7,788.00 | 7,788.00 | 15,576.00 |
| Sep 30, 2010 | 362 | MAN | 0.00 | (10,861.00) | 10,861.00 | 10,861.00 | 21,722.00 |
| Jun 30, 2010 | 360 | MAN | 0.00 | (10,330.00) | 10,330.00 | 10,330.00 | 20,660.00 |
| Jun 30, 2010 | 362 | MAN | 0.00 | (9,946.00) | 9,946.00 | 9,946.00 | 19,892.00 |
| Mar 31, 2010 | 360 | MAN | 0.00 | (13,278.00) | 13,278.00 | 13,278.00 | 26,556.00 |
| Mar 31, 2010 | 362 | MAN | 0.00 | (9,534.00) | 9,534.00 | 9,534.00 | 19,068.00 |
| Dec 31, 2009 | 360 | MAN | 0.00 | (11,103.00) | 11,103.00 | 11,103.00 | 22,206.00 |
| Dec 31, 2009 | 362 | MAN | 0.00 | (8,815.00) | 8,815.00 | 8,815.00 | 17,630.00 |
| Sep 30, 2009 | 360 | MAN | 0.00 | (7,430.00) | 7,430.00 | 7,430.00 | 14,860.00 |
| Sep 30, 2009 | 362 | MAN | 0.00 | (10,354.00) | 10,354.00 | 10,354.00 | 20,708.00 |

**Other Information:**

"On various dates you filed Claim Form 8849, or an informal claim for total refund of ($121,456) for tax periods 201012, 201009, 201006, 201003, 200912, 200909. These claims were paid on 3/14/11, 12/22/10, 1/10/11, 9/20/10, 9/13/10, 7/12/10, 4/05/10, 2/01/10, 10/05/09 respectively. As a result of our examination, we have disallowed the entire ($121,456) of the amount claimed." Per IRC 6675, EXCESSIVE CLAIMS WITH RESPECT TO THE USE OF CERTAIN FUELS the civil penalty of two (2) times the excessive amount will be assessed. This results in the total amount of $242,912 being owed plus any additional interest accrued for tax periods noted above.

| Examiner's Signature | SBSE Excise | Date |
|---|---|---|
| 0924802/Jim Meyer | Territory - NFT      Grp - 1615 | 08/04/2011 |
| Catalog Number 42486Q | www.irs.gov | Form 5385 (Rev. 7-2011) |

3/12

AUG-04-2011 15:33

| Form **886-A**<br>(Rev. January 1994) | EXPLANATION OF ITEMS | Schedule number or exhibit<br>Page 1 of 7<br>Form 8849 |
|---|---|---|
| | Tax Identification Number<br>25-1099474 | Year/Period ended<br>201012;201009;<br>201006;201003;<br>200912;200909; |
| Name of taxpayer<br>J J Powell, Inc.<br>109 W. Presqueisle St.<br>Philipsburg, PA 16866 | | |

| Tax Period | Amount per Exam | Amount per Return | Adjustment Due |
|---|---|---|---|
| 201012 | -0- | ($22,017) | $22,017 |
| 201009 | -0- | ($18,649) | $18,649 |
| 201006 | -0- | ($20,276) | $20,276 |
| 201003 | -0- | ($22,812) | $22,812 |
| 200912 | -0- | ($19,918) | $19,918 |
| 200909 | -0- | ($17,784) | $17,784 |

**Issue**
The issue is that the required 637 UV exempt certificates are not being maintained in a satisfactory manner. Fuel is being sold to local governments tax free without proper certificates on file.

**Facts**
A paid claim review was completed on 7/26/11 for the tax period 200912. The taxpayer is a 637 UV registrant who files 8849 fuel claims for fuel sold to local governments. A review of the required exempt certificates reflected a major deficiency in the maintenance of these certificates. The certificate records were filed in alphabetical order and date. The majority of certificates were outdated and did not cover the period under exam. As a result, the exam was expanded to look at the certificates for the latest 3 years. This review identified certificates: outdated, wrong FED id #, missing, covering multiple years with signatures and dates reflected well after the alleged start of the period noted (example: period 2008 – 2011 signed and dated 7/2010) & no signature. PUB 510 page 54 reflects that purchases under a specified account should identify the effective date & expiration date not to exceed 1 year after the effective date.

The issue was discussed at the closing meeting with Doug Goss (controller) & Bob Hummel (Tax Adm) Doug stated that he was not authorized to bind any agreements and the matter would need to be discussed with Jeff Powell (owner) Doug stated that he felt that since all other records were fine that they should not get cited for the certificates. Doug asked if they proved that the local governments had fed id's would that resolve the matter. I said no because the requirement is for them (seller) to maintain UV exempt certificates at all times for all exempt sales. Prior to this discussion, Doug brought the office staff member who handles the certificates into the meeting. I explained the issue and she said that she would start maintaining them yearly. She asked as to what should be done to customers that purchase and request tax exemption. It was found that some customers are issued purchased cards prior to receiving any exempt certificate. It was noted that no sale tax free sales should take place until a UV exempt certificate is received form the entity.

4/12

AUG-04-2011  15:33

| Form **886-A** (Rev. January 1994) | EXPLANATION OF ITEMS | Schedule number or exhibit Page 2 of 7 Form 8849 |
|---|---|---|
| Name of taxpayer J J Powell, Inc. 109 W. Presqueisle St. Philipsburg, PA 16866 | Tax Identification Number 25-1099474 | Year/Period ended 201012;201009; 201006;201003; 200912;200909; |

Once the discussion with the office staff member was over & left the room, I informed Doug and Bob that I would be disallowing the claim and all claims for the last 3 years. They didn't agree with the assessment. Subsequent to this discussion, I identified that the statutes for the first two quarters of 2008 have expired or will be expiring prior near the closing of this case. As a result, the first two quarters will not be required for re-payment.

Bob stated that he didn't understand why they are being cited when no one else has ever had an issue. I stated that I have no idea when or who completed the last exam and the certificates may have been ok at that time. Doug stated that the owner Jeff Powell would call me but that he would not be available until 7/29 or 8/01. I provided Doug information that could be obtained on the IRS website on the pub 594, pub 510 & 3498. A hard copy of the pub 3498 was available at the closing meeting but Doug did not take it.

On 8/04/11, a conference call was held with Jeff & Keith Powell (owners), Debbie Warren (Group Manager) & Jim Meyer (RA). Jim introduced all parties on the call and reiterated the results of the exam. Specifically, the results of the exam identified that there are major deficiencies with the maintenance of the fuel sales exemption certificates. The discussion noted the procedures followed by the taxpayer on the handling of the exempt certificates. The current requirements & model P were discussed as noted in the 8849 form instructions and pub 510 respectively. Jeff noted that he understood that they had been in error with the current handling of the certificates and that he has discussed with his staff the need to make revisions. Group Manager informed Jeff throughout the discussion the need to follow current procedures outlined in the 8849 instructions with respect to the maintenance of exempt certificates. Group Manager offered to cede the last 2 quarters in 2008 and the first 2 quarters in 2009, waiver of excessive claims penalties and continuance of registration to reach an agreement based on the facts presented. The taxpayers were informed that if the case proceeded as un-agreed that penalties would be assessed per IRC 6675. Jeff stated that he appreciated the consideration but they have recognized their error and have begun to make the correction to be in compliance and the target amount prior to the call was hopefully to pay nothing or no more than approximately $50,000. Group Manager reconsidered the facts, documentation available during the teleconference and the law and offered to cede all of 2009 which would leave the adjustment at the 4 quarters of 2010 for approximately $82,000. The taxpayers were reminded that if unagreed – the case would go to appeals the 4 quarters of 2010, the 2 quarters of 2009 and any penalties. It was communicated that the penalties would be 2 times the tax owed as allowed by IRC 6675. The tax payer's position is noted below. It should be noted that upon request Jeff provided his fax # and he confirmed that he still had the RA's contact phone number. Based on the taxpayer's position below, the 5384 & 5385 letters were prepared & forwarded via fax & ordinary mail. It was noted that Jeff would call the RA on 8/08/11 to notify on his decision to agree with the results or move forward as un-agreed.

5/12

AUG-04-2011  15:34

| Form **886-A**<br>(Rev. January 1994) | EXPLANATION OF ITEMS | Schedule number or exhibit<br>Page 3 of 7<br>Form 8849 |
|---|---|---|
| Name of taxpayer<br>J J Powell, Inc.<br>109 W. Presqueisle St.<br>Philipsburg, PA 16866 | Tax Identification Number<br>25-1099474 | Year/Period ended<br>201012;201009;<br>201006;201003;<br>200912;200909; |

**Law**
The following IRC codes identify the requirements for maintaining exempt certificates for the sales of gas & diesel tax free to state & local governments plus allowable law to assess penalties.

IRC, 2011-CODE-VOL, SEC. 6416. **CERTAIN TAXES ON SALES AND SERVICES.**
    6416(a)(1) GENERAL RULE. —No credit or refund of any overpayment of tax imposed by chapter 31 (relating to retail excise taxes), or chapter 32 (manufacturers taxes) shall be allowed or made unless the person who paid the tax establishes, under regulations prescribed by the Secretary, that he —

    6416(a)(1)(A) has not included the tax in the price of the article with respect to which it was imposed and has not collected the amount of the tax from the person who purchased such article;

    6416(a)(1)(B) has repaid the amount of the tax to the ultimate purchaser of the article;

    6416(a)(1)(C) in the case of an overpayment under subsection (b)(2) of this section —

        6416(a)(1)(C)(i) has repaid or agreed to repay the amount of the tax to the ultimate vendor of the article, or

6416(a)(1)(C)(ii) has obtained the written consent of such ultimate vendor to the allowance of the credit or the making of the refund; or

IRC, 2011-CODE-VOL, SEC. 6416. **CERTAIN TAXES ON SALES AND SERVICES.**
    6416(a)(1)(D) has filed with the Secretary the written consent of the person referred to in subparagraph (B) to the allowance of the credit or the making of the refund.

IRC, 2011-CODE-VOL, SEC. 6427. **FUELS NOT USED FOR TAXABLE PURPOSES.**
    6427(l)(5) REGISTERED VENDORS TO ADMINISTER CLAIMS FOR REFUND OF DIESEL FUEL OR KEROSENE SOLD TO STATE AND LOCAL GOVERNMENTS. —

        6427(l)(5)(A) IN GENERAL. —Paragraph (1) shall not apply to diesel fuel or kerosene used by a State or local government.

6/12

AUG-04-2011  15:34

| Form **886-A** (Rev. January 1994) | EXPLANATION OF ITEMS | Schedule number or exhibit Page 4 of 7 Form 8849 |
|---|---|---|

| Name of taxpayer J J Powell, Inc. 109 W. Presqueisle St. Phillipsburg, PA. 16866 | Tax Identification Number 25-1099474 | Year/Period ended 201012;201009; 201006;201003; 200912;200909; |

6427(l)(5)(B) SALES OF KEROSENE NOT FOR USE IN MOTOR FUEL. —Paragraph (1) shall not apply to kerosene (other than kerosene used in aviation) sold by a vendor —

6427(l)(5)(B)(i) for any use if such sale is from a pump which (as determined under regulations prescribed by the Secretary) is not suitable for use in fueling any diesel-powered highway vehicle or train, or

6427(l)(5)(B)(ii) to the extent provided by the Secretary, for blending with heating oil to be used during periods of extreme or unseasonable cold.

6427(l)(5)(C) PAYMENT TO ULTIMATE, REGISTERED VENDOR. —Except as provided in subparagraph (D), the amount which would (but for subparagraph (A) or (B)) have been paid under paragraph (1) with respect to any fuel shall be paid to the ultimate vendor of such fuel, if such vendor —

6427(l)(5)(C)(i) is registered under Link section 4101, and

6427(l)(5)(C)(ii) meets the requirements of subparagraph (A), (B), or (D) of Link section 6416(a)(1).

Treasury Regulation section — sets for the requirements for exemption certificates which includes FINAL-REG, TAX-REGS, §48.4041-15. Sales to States or political subdivisions thereof §48.4041-15. Sales to States or political subdivisions thereof

(a) *Application of exemption.* —The taxes imposed by section 4041 do not apply in the case of a sale of any liquid by any person for the exclusive use of any State or any political subdivision thereof, the District of Columbia, or in the case of the use of any liquid by any State or any political subdivision thereof, or the District of Columbia, as a fuel in a motor vehicle, motorboat, or aircraft.

(b) *Evidence required to establish exemption.* —Any vendor claiming exemption under this section shall be prepared to produce evidence that will establish the right to exemption from the tax imposed by section 4041. Generally, orders or contracts of a State or a political subdivision thereof, or the District of Columbia, when signed by an authorized officer thereof will be accepted in support of the exemption. However, in the absence of such orders or contracts, a certificate signed by such an authorized officer that the liquid sold was purchased for the exclusive use of a State or political subdivision thereof, or the District of Columbia, will be acceptable.

(c) *Evidence required to establish tax-free sales to a nonprofit educational organization; general rule.* — To establish the right to exemption, the retailer must obtain from the purchaser and retain in its possession a properly executed certificate.

7/12

AUG-04-2011  15:35

| Form **886-A**<br>(Rev. January 1994) | EXPLANATION OF ITEMS | | Schedule number or exhibit<br>Page 5 of 7<br>Form 8849 |
|---|---|---|---|
| Name of taxpayer<br>J J Powell, Inc.<br>109 W. Presqueisle St.<br>Philipsburg, PA 16866 | | Tax Identification Number<br>25-1099474 | Year/Period ended<br>201012;201009;<br>201006;201003;<br>200912;200909; |

FINAL-REG, TAX-REGS, §48.4041-17. **Tax-free retail sales to certain nonprofit educational organizations**

**§48.4041-17. Tax-free retail sales to certain nonprofit educational organizations**

(a) *In general.* —The taxes imposed by section 4041 do not apply in the case of a sale of any liquid by any person to a nonprofit educational organization (as defined in paragraph (b) of this section) for its exclusive use, or in the case of the use of any liquid by such an organization. In the case of a school operated as an activity of an organization described in section 501(c)(3), as referred to in paragraph (b) of this section, the liquid must be sold for the exclusive use of the school, or the liquid must be used exclusively by the school.

(b) *Definition of nonprofit educational organization.* —For purposes of section 4041(g)(4) and this section, the term "nonprofit educational organization" means an organization described in section 170(b)(1)(A)(ii), that is exempt from income tax under section 501(a), whose primary function is the presentation of formal instruction and which normally maintains a regular faculty and curriculum and normally has a regularly enrolled body of pupils or students in attendance at the place where its educational activities are regularly carried on. The term also includes a school operated as an activity of an organization described in section 501(c)(3) which is exempt from income tax under section 501(a), provided such school normally maintains a regular faculty and curriculum and normally has a regularly enrolled body of pupils or students in attendance at the place it's educational activities are regularly carried on.

IRC, 2011-CODE-VOL, SEC. 6675. **EXCESSIVE CLAIMS WITH RESPECT TO THE USE OF CERTAIN FUELS.**

**SEC. 6675. EXCESSIVE CLAIMS WITH RESPECT TO THE USE OF CERTAIN FUELS.**

6675(a) CIVIL PENALTY. —In addition to any criminal penalty provided by law, if a claim is made under Link section 6416(a)(4) (relating to certain sales of gasoline), Link section 6420 (relating to gasoline used on farms), 6421 (relating to gasoline used for certain nonhighway purposes or by local transit systems), or 6427 (relating to fuels not used for taxable purposes) for an excessive amount, unless it is shown that the claim for such excessive amount is due to reasonable cause, the person making such claim shall be liable to a penalty in an amount equal to whichever of the following is the greater:

6675(a)(1) Two times the excessive amount; or

6675(a)(2) $10.

6675(b) EXCESSIVE AMOUNT DEFINED. —For purposes of this section, the term "excessive amount" means in the case of any person the amount by which —

8/12

AUG-04-2011  15:35

| Form 886-A (Rev. January 1994) | EXPLANATION OF ITEMS | Schedule number or exhibit Page 6 of 7 Form 8849 |
|---|---|---|
| Name of taxpayer J J Powell, Inc. 109 W. Presqueisle St. Philipsburg, PA 16866 | Tax Identification Number 25-1099474 | Year/Period ended 201012;201009; 201006;201003; 200912;200909; |

6675(b)(1) the amount claimed under section Link 6416(a)(4), Link 6420, Link 6421, or Link 6427, as the case may be, for any period, exceeds

6675(b)(2) the amount allowable under such section for such period.

6675(c) ASSESSMENT AND COLLECTION OF PENALTY. —

For assessment and collection of penalty provided by subsection (a), see Link section 6206.

**Taxpayer position**

7/27/11 - The position of the company controller (Doug Goss) & Bob Hummel (Tax Adm) at the closing meeting was that they did not agree with the citing on the exempt certificates and the need for them to pay back refunds for the latest 3 years. Since neither of these individuals can approve any binding agreements the matter will be discussed with the owner — Jeff Powell.

8/04/11 — Subsequent to discussion on the significant differences between amounts that will be owed on an agreed vs. un-agreed case, Jeff & Keith requested the following agreed action: Jim will prepare both the 5384 & 5385 forms for their review. The forms will be faxed & mailed to the taxpayer. Jeff stated that upon review, he will call Jim on Monday 8/08/11 to inform of his decision as to agree or move forward as un-agreed.

**Conclusion**

The instructions for F8849 Schedule 2 and Publication 510 provide guidance and sample model exemption certificates for filing claims for refunds. IRC 6427 provides guidance for registered ultimate vendors to file claims for fuel sold for non-taxable use. IRC section 6427(l) provides the allowance for diesel or kerosene sold to state or local governments. Under this section – 6427(l)(5)permits the payment to the ultimate vendor if 1- they are registered and 2 – meet the requirements set forth in 6416(a)(1).

IRC 6416(a)(1) states that no credit or refund of any overpayment of tax imposed shall be allowed or made unless the person who paid the tax establishes, under regulations prescribed by the Secretary, that they:

(A) have not included the tax in the price of the article with respect to which it was imposed and has not collected the amount of the tax from the person who purchased such article;

(B) have repaid the amount of the tax to the ultimate purchaser of the article; and

9/12

AUG-04-2011  15:36

| Form 886-A (Rev. January 1994) | EXPLANATION OF ITEMS | Schedule number or exhibit<br>Page 7 of 7<br>Form 8849 |
|---|---|---|
| Name of taxpayer<br>J J Powell, Inc.<br>109 W. Presqueisle St.<br>Philipsburg, PA 16866 | Tax Identification Number<br>25-1099474 | Year/Period ended<br>201012;201009;<br>201006;201003;<br>200912;200909; |

(C)(ii) has obtained the written consent of such ultimate vendor to the allowance of the credit or the making of the refund.

Treasury Regulation Section 48.4041-15 and 17 provide the evidence needed to meet exempt sales to state and local governments and non-profit educational organizations. A properly executed certificate is considered one that complies with the model certificates available in the Publication 510 for the period(s) in question.

In this case, the written consent that was obtained was not in accordance with the Publication 510 model certificate or regulation section Exemption certificates cannot be valid for more than one year and it must have specific pieces of information such as whether it for diesel or gasoline. To file a claim for refund using expired exemption certificates is not permissible under the code and regulations. The certificates in question were valid for 2 years (specifying begin and end date on each certificate) and the most recent certificate available expired in the 2nd quarter of 2009. Although the certificates themselves were not valid for filing purposes, the government did not pursue adjusting periods prior to 2nd quarter of 2009. The government's position is that although the certificates on file were for more than one year – most certificates did have an end date in the 2nd filing quarter of 2009 – which means there were no valid exemptions on file for the last two quarters of 2009 and all of 2010.

10/12

AUG-04-2011  15:36

Department of the Treasury — Internal Revenue Service

Form **3363**
(Rev. November 1983)

# Acceptance of Proposed Disallowance of Claim for Refund or Credit

Name(s), SSN or EIN, and address of taxpayer(s) *(Number, Street, City or Town, State, ZIP Code)*

J J Powell, Inc.

25-1099474

109 W. Presquisle St.

Philipsburg, Pennsylvania 16865

| Year or Period | Date Claim Filed | Kind of Tax | Amount of Claim | Amount of Claim Disallowed | Amount of Claim Allowed |
|---|---|---|---|---|---|
| 201012 | Mar 31, 2011 | Fuel Excise | 22,017.00 | 22,017.00 | 0.00 |
| 201009 | Dec 31, 2010 | Fuel Excise | 18,549.00 | 18,549.00 | 0.00 |
| 201006 | Sep 30, 2010 | Fuel Excise | 20,276.00 | 20,276.00 | 0.00 |
| 201003 | Jun 30, 2010 | Fuel Excise | 22,812.00 | 22,812.00 | 0.00 |

I accept the proposal of the Internal Revenue Service to disallow the claim(s) to the extent described above. This means only that I do not want the Service to consider the claim(s). It does not waive my right to file suit on the disallowance.

If you file this acceptance for a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a partnership with exise or employment tax liability, all partners must sign. However, one partner may sign with appropriate evidence of authorization to act for the partnership.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

**Your Signature** ▶ _____ (Date)

**Spouse's Signature If A Joint Return Was Filed** ▶ _____ (Date)

**Taxpayer's Representative Sign Here** ▶ _____ (Date)

**Partnership/ Corporate Name** ▶ J J Powell, Inc.

**Partners/ Corporate Officers Sign Here** ▶ _____
(Title) _____ (Date)

▶ _____
(Title) _____ (Date)

Form **3363** (Rev. 11-1983)    Catalog Number 22240Y    www.irs.gov    Department of the Treasury - Internal Revenue Service

11/12

AUG-04-2011  15:37

**Form 2297**
(Rev. March 1982)

Department of the Treasury-Internal Revenue Service

# Waiver of Statutory Notification of Claim Disallowance

I,  J J Powell, Inc.                    25-1099474    of  109 W. Presquelsle St. Philip

(Name, SSN or EIN)                                (Number, Street, City or Town, State, ZIP Code)

waive the requirement under Internal Revenue Code section 6532(a)(1 ) that a notice of claim disallowance be sent to me by certified or registered mail for the claims for credit or refund shown in column (d), below.

I understand that the filing of this waiver is irrevocable and it will begin the 2-year period for filing suit for refund of the claims disallowed as if the notice of disallowance had been sent by certified or registered mail.

| (a) Taxable Period Ended | (b) Kind of Tax | Claims (c) Amount of Claim | (d) Amount of Claim Disallowed |
|---|---|---|---|
|  |  | 22,017.00 | 22,017.00 |
| Dec 31, 2010 | Fuel Excise | 18,649.00 | 18,649.00 |
| Sep 30, 2010 | Fuel Excise | 20,276.00 | 20,276.00 |
| Jun 30, 2010 | Fuel Excise | 22,812.00 | 22,812.00 |
| Mar 31, 2010 | Fuel Excise |  |  |

If you file this waiver for a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a partnership with excise or employment tax liability, all partners must sign. However, one partner may sign with appropriate evidence of authorization to act for the partnership.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

Your Signature ➤ _____ (Date signed)

Spouse's Signature If A Joint Return Was Filed ➤ _____ (Date signed)

Taxpayer's Representative Sign Here ➤ _____ (Date signed)

Partnership/ Corporate Name:    J J Powell, Inc.

Partners/ Corporate Officers Sign Here ➤ _____ (Title) _____ (Date signed)

➤ _____ (Title) _____ (Date signed)

NOTE - Filing this waiver within 6 months from the date the claim was filed will not permit filing a suit for refund before the 6-month period has elapsed unless a decision is made by the Service within that time disallowing the claims.

Form 2297 (Rev. 3-1982)

www.irs.ustreas.gov

Catalog Number 18287T

TOTAL P.12

12/12

# APPENDIX

WK_ Current Internal Revenue Code SEC 4041 IMPOSITION OF TAX.pdf

# Current Internal Revenue Code, SEC. 4041. IMPOSITION OF TAX.

**4041(a)  DIESEL FUEL AND SPECIAL MOTOR FUELS.—**

**4041(a)(1) TAX ON DIESEL FUEL AND KEROSENE IN CERTAIN CASES.—**

**4041(a)(1)(A)  IN GENERAL.—** There is hereby imposed a tax on any liquid other than gasoline (as defined in section 4083)—

**4041(a)(1)(A)(i)**  sold by any person to an owner, lessee, or other operator of a diesel-powered highway vehicle or a diesel-powered train for use as a fuel in such vehicle or train, or

**4041(a)(1)(A)(ii)**  used by any person as a fuel in a diesel-powered highway vehicle or a diesel-powered train unless there was a taxable sale of such fuel under clause (i).

**4041(a)(1)(B)  EXEMPTION FOR PREVIOUSLY TAXED FUEL.—** No tax shall be imposed by this paragraph on the sale or use of any liquid if tax was imposed on such liquid under section 4081 (other than such tax at the Leaking Underground Storage Tank Trust Fund financing rate) and the tax thereon was not credited or refunded.

**4041(a)(1)(C)  RATE OF TAX.—**

**4041(a)(1)(C)(i)  IN GENERAL.—** Except as otherwise provided in this subparagraph, the rate of the tax imposed by this paragraph shall be the rate of tax specified in section 4081(a)(2)(A) on diesel fuel which is in effect at the time of such sale or use.

**4041(a)(1)(C)(ii)  RATE OF TAX ON TRAINS.—** In the case of any sale for use, or use, of diesel fuel in a train, the rate of tax imposed by this paragraph shall be—

**4041(a)(1)(I)**  3.3 cents per gallon after December 31, 2004, and before July 1, 2005,

**4041(a)(1)(II)**  2.3 cents per gallon after June 30, 2005, and before January 1, 2007, and

**4041(a)(1)(III)**  0 after December 31, 2006.

**4041(a)(1)(C)(iii)  RATE OF TAX ON CERTAIN BUSES.—**

**4041(a)(1)(C)(iii)(I)  IN GENERAL.—** Except as provided in subclause (II), in the case of fuel sold for use or used in a use described in section 6427(b)(1) (after the application of section 6427(b)(3)), the rate of tax imposed by this paragraph shall be 7.3 cents per gallon (4.3 cents per gallon after September 30, 2016).

**4041(a)(1)(C)(iii)(II)  SCHOOL BUS AND INTRACITY TRANSPORTATION.—** No tax shall be imposed by this paragraph on any sale for use, or use, described in subparagraph (B) or (C) of section 6427(b)(2).

**4041(a)(2)  ALTERNATIVE FUELS.—**

**4041(a)(2)(A)  IN GENERAL.—** There is hereby imposed a tax on any liquid (other than gas oil, fuel oil, or any product taxable under section 4081 (other than such tax at the Leaking Underground Storage Tank Trust Fund financing rate))—

**4041(a)(2)(A)(i)**  sold by any person to an owner, lessee, or other operator of a motor vehicle or motorboat for use as a fuel in such motor vehicle or motorboat, or

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-1

**4041(a)(2)(A)(ii)**  used by any person as a fuel in a motor vehicle or motorboat unless there was a taxable sale of such liquid under clause (i).

**4041(a)(2)(B)**  RATE OF TAX.— The rate of the tax imposed by this paragraph shall be—

**4041(a)(2)(B)(i)**  except as otherwise provided in this subparagraph, the rate of tax specified in section 4081(a)(2)(A)(i) which is in effect at the time of such sale or use, and

**4041(a)(2)(B)(ii)**  in the case of liquefied natural gas, any liquid fuel (other than ethanol and methanol) derived from coal (including peat), and liquid hydrocarbons derived from biomass (as defined in section 45K(c)(3)), 24.3 cents per gallon.

**4041(a)(3)**  COMPRESSED NATURAL GAS.—

**4041(a)(3)(A)**  IN GENERAL.— There is hereby imposed a tax on compressed natural gas—

**4041(a)(3)(A)(i)**  sold by any person to an owner, lessee, or other operator of a motor vehicle or motorboat for use as a fuel in such motor vehicle or motorboat, or

**4041(a)(3)(A)(ii)**  used by any person as a fuel in a motor vehicle or motorboat unless there was a taxable sale of such gas under clause (i).

The rate of the tax imposed by this paragraph shall be 18.3 cents per energy equivalent of a gallon of gasoline.

**4041(a)(3)(B)**  BUS USES.— No tax shall be imposed by this paragraph on any sale for use, or use, described in subparagraph (B) or (C) of section 6427(b)(2) (relating to school bus and intracity transportation).

**4041(a)(3)(C)**  ADMINISTRATIVE PROVISIONS.— For purposes of applying this title with respect to the taxes imposed by this subsection, references to any liquid subject to tax under this subsection shall be treated as including references to compressed natural gas subject to tax under this paragraph, and references to gallons shall be treated as including references to energy equivalent of a gallon of gasoline with respect to such gas.

**4041(b)** EXEMPTION FOR OFF-HIGHWAY BUSINESS USE; REDUCTION IN TAX FOR QUALIFIED METHANOL AND ETHANOL FUEL.—

**4041(b)(1)**  EXEMPTION FOR OFF-HIGHWAY BUSINESS USE.—

**4041(b)(1)(A)**  IN GENERAL.— No tax shall be imposed by subsection (a) on liquids sold for use or used in an off-highway business use.

**4041(b)(1)(B)**  TAX WHERE OTHER USE.— If a liquid on which no tax was imposed by reason of subparagraph (A) is used otherwise than in an off-highway business use, a tax shall be imposed by paragraph (1)(B), (2)(B), or (3)(A)(ii) of subsection (a) (whichever is appropriate) and by the corresponding provision of subsection (d)(1) (if any).

**4041(b)(1)(C)**  OFF-HIGHWAY BUSINESS USE DEFINED.— For purposes of this subsection, the term "off-highway business use" has the meaning given to such term by section 6421(e)(2); except that such term shall not, for purposes of subsection (a)(1), include use in a diesel-powered train.

**4041(b)(2)** QUALIFIED METHANOL AND ETHANOL FUEL.—

**4041(b)(2)(A)**  IN GENERAL.— In the case of any qualified methanol or ethanol fuel—

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-2

**4041(b)(2)(A)(i)**   the rate applicable under subsection (a)(2) shall be the applicable blender rate per gallon less than the otherwise applicable rate (6 cents per gallon in the case of a mixture none of the alcohol in which consists of ethanol), and

**4041(b)(2)(A)(ii)**   subsection (d)(1) shall be applied by substituting "0.05 cent" for "0.1 cent" with respect to the sales and uses to which clause (i) applies.

**4041(b)(2)(B)** QUALIFIED METHANOL AND ETHANOL FUEL PRODUCED FROM COAL.— The term "qualified methanol or ethanol fuel" means any liquid at least 85 percent of which consists of methanol, ethanol, or other alcohol produced from coal (including peat).

**4041(b)(2)(C)** APPLICABLE BLENDER RATE.— For purposes of subparagraph (A)(i), the applicable blender rate is—

**4041(b)(2)(C)(i)**   except as provided in clause (ii), 5.4 cents, and

**4041(b)(2)(C)(ii)**   for sales or uses during calendar years 2001 through 2008, $1/10$ of the blender amount applicable under section 40(h)(2) for the calendar year in which the sale or use occurs.

**4041(b)(2)(D)** TERMINATION.— On and after January 1, 2009, subparagraph (A) shall not apply.

**4041(c)** CERTAIN LIQUIDS USED AS A FUEL IN AVIATION.—

**4041(c)(1)** IN GENERAL.— There is hereby imposed a tax upon any liquid for use as a fuel other than aviation gasoline—

**4041(c)(1)(A)**   sold by any person to an owner, lessee, or other operator of an aircraft for use in such aircraft, or

**4041(c)(1)(B)**   used by any person in an aircraft unless there was a taxable sale of such fuel under subparagraph (A).

**4041(c)(2)** EXEMPTION FOR PREVIOUSLY TAXED FUEL.— No tax shall be imposed by this subsection on the sale or use of any liquid for use as a fuel other than aviation gasoline if tax was imposed on such liquid under section 4081 (other than such tax at the Leaking Underground Storage Tank Trust Fund financing rate) and the tax thereon was not credited or refunded.

**4041(c)(3)** RATE OF TAX.— The rate of tax imposed by this subsection shall be 21.8 cents per gallon (4.3 cents per gallon with respect to any sale or use for commercial aviation).

**4041(d)** ADDITIONAL TAXES TO FUND LEAKING UNDERGROUND STORAGE TANK TRUST FUND.—

**4041(d)(1)** TAX ON SALES AND USES SUBJECT TO TAX UNDER SUBSECTION (a).— In addition to the taxes imposed by subsection (a), there is hereby imposed a tax of 0.1 cent a gallon on the sale or use of any liquid (other than liquefied petroleum gas and other than liquefied natural gas) if tax is imposed by subsection (a)(1) or (2) on such sale or use. No tax shall be imposed under the preceding sentence on the sale or use of any liquid if tax was imposed with respect to such liquid under section 4081 at the Leaking Underground Storage Tank Trust Fund financing rate.

**4041(d)(2)** LIQUIDS USED IN AVIATION.— In addition to the taxes imposed by subsection (c), there is hereby imposed a tax of 0.1 cent a gallon on any liquid (other than gasoline (as defined in section 4083))—

**4041(d)(2)(A)**   sold by any person to an owner, lessee, or other operator of an aircraft for use as a fuel in such aircraft, or

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-3

**4041(d)(2)(B)**  used by any person as a fuel in an aircraft unless there was a taxable sale of such liquid under subparagraph (A).

No tax shall be imposed by this paragraph on the sale or use of any liquid if there was a taxable sale of such liquid under section 4081.

**4041(d)(3)** DIESEL FUEL USED IN TRAINS.— In the case of any sale for use or use after December 31, 2006, there is hereby imposed a tax of 0.1 cent per gallon on any liquid other than gasoline (as defined in section 4083)—

**4041(d)(3)(A)**  sold by any person to an owner, lessee, or other operator of a diesel-powered train for use as a fuel in such train, or

**4041(d)(3)(B)**  used by any person as a fuel in a diesel-powered train unless there was a taxable sale of such fuel under subparagraph (A).

No tax shall be imposed by this paragraph on the sale or use of any liquid if tax was imposed on such liquid under section 4081.

**4041(d)(4)** TERMINATION.— The taxes imposed by this subsection shall not apply during any period during which the Leaking Underground Storage Tank Trust Fund financing rate under section 4081 does not apply.

**4041(d)(5)** NONAPPLICATION OF EXEMPTIONS OTHER THAN FOR EXPORTS.— For purposes of this section, the tax imposed under this subsection shall be determined without regard to subsections (b)(1)(A), (f), (g), (h), and (l). The preceding sentence shall not apply with respect to subsection (g)(3) and so much of subsection (g)(1) as relates to vessels (within the meaning of section 4221(d)(3)) employed in foreign trade or trade between the United States and any of its possessions.

**4041(f)** EXEMPTION FOR FARM USE.—

**4041(f)(1)** EXEMPTION.— Under regulations prescribed by the Secretary, no tax shall be imposed under this section on any liquid sold for use or used on a farm for farming purposes.

**4041(f)(2)** USE ON A FARM FOR FARMING PURPOSES.— For purposes of paragraph (1) of this subsection, use on a farm for farming purposes shall be determined in accordance with paragraphs (1), (2), and (3) of section 6420(c).

**4041(g)** OTHER EXEMPTIONS.— Under regulations prescribed by the Secretary, no tax shall be imposed under this section—

**4041(g)(1)**  on any liquid sold for use or used as supplies for vessels or aircraft (within the meaning of section 4221(d)(3));

**4041(g)(2)**  with respect to the sale of any liquid for the exclusive use of any State, any political subdivision of a State, or the District of Columbia, or with respect to the use by any of the foregoing of any liquid as a fuel;

**4041(g)(3)**  upon the sale of any liquid for export, or for shipment to a possession of the United States, and in due course so exported or shipped;

**4041(g)(4)**  with respect to the sale of any liquid to a nonprofit educational organization for its exclusive use, or with respect to the use by a nonprofit educational organization of any liquid as a fuel; and

---

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-4

**4041(g)(5)**   with respect to the sale of any liquid to a qualified blood collector organization (as defined in section 7701(a)(49)) for such organization's exclusive use in the collection, storage, or transportation of blood.

For purposes of paragraph (4), the term "nonprofit educational organization" means an educational organization described in section 170(b)(1)(A)(ii) which is exempt from income tax under section 501(a). The term also includes a school operated as an activity of an organization described in section 501(c)(3) which is exempt from income tax under section 501(a), if such school normally maintains a regular faculty and curriculum and normally has a regularly enrolled body of pupils or students in attendance at the place where its educational activities are regularly carried on.

**4041(h)**   EXEMPTION FOR USE BY CERTAIN AIRCRAFT MUSEUMS.—

**4041(h)(1)**   EXEMPTION.— Under regulations prescribed by the Secretary or his delegate, no tax shall be imposed under this section on any liquid sold for use or used by an aircraft museum in an aircraft or vehicle owned by such museum and used exclusively for purposes set forth in paragraph (2)(C).

**4041(h)(2)**   DEFINITION OF AIRCRAFT MUSEUM.— For purposes of this subsection, the term "aircraft museum" means an organization—

**4041(h)(2)(A)**   described in section 501(c)(3) which is exempt from income tax under section 501(a),

**4041(h)(2)(B)**   operated as a museum under charter by a State or the District of Columbia, and

**4041(h)(2)(C)**   operated exclusively for the procurement, care, and exhibition of aircraft of the type used for combat or transport in World War II.

**4041(j)**   SALES BY UNITED STATES, ETC.— The taxes imposed by this section shall apply with respect to liquids sold at retail by the United States, or by any agency or instrumentality of the United States, unless sales by such agency or instrumentality are by statute specifically exempted from such taxes.

**4041(l)**   EXEMPTION FOR CERTAIN USES.— No tax shall be imposed under this section on any liquid sold for use in, or used in, a helicopter or a fixed-wing aircraft for purposes of providing transportation with respect to which the requirements of subsection (f) or (g) of section 4261 are met.

**4041(m)**   CERTAIN ALCOHOL FUELS.—

**4041(m)(1)**   IN GENERAL.— In the case of the sale or use of any partially exempt methanol or ethanol fuel the rate of the tax imposed by subsection (a)(2) shall be—

**4041(m)(1)(A)**   after September 30, 1997, and before October 1, 2016—

**4041(m)(1)(A)(i)**   in the case of fuel none of the alcohol in which consists of ethanol, 9.15 cents per gallon, and

**4041(m)(1)(A)(ii)**   in any other case, 11.3 cents per gallon, and

**4041(m)(1)(B)**   after September 30, 2016—

**4041(m)(1)(B)(i)**   in the case of fuel none of the alcohol in which consists of ethanol, 2.15 cents per gallon, and

**4041(m)(1)(B)(ii)**   in any other case, 4.3 cents per gallon.

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-5

**4041(m)(2)**  **PARTIALLY EXEMPT METHANOL OR ETHANOL FUEL.—** The term "partially exempt methanol or ethanol fuel" means any liquid at least 85 percent of which consists of methanol, ethanol, or other alcohol produced from natural gas.

**©2015 Wolters Kluwer. All rights reserved.**
**Subject to Terms & Conditions:** _http://researchhelp.cch.com/License_Agreement.htm_

A-6

WK_ Current Internal Revenue Code SEC 4081 IMPOSITION OF TAX.pdf

# Current Internal Revenue Code, SEC. 4081. IMPOSITION OF TAX.

**4081(a) TAX IMPOSED.—**
**4081(a)(1) TAX ON REMOVAL, ENTRY, OR SALE.—**
**4081(a)(1)(A) IN GENERAL.—** There is hereby imposed a tax at the rate specified in paragraph (2) on—

**4081(a)(1)(A)(i)**   the removal of a taxable fuel from any refinery,

**4081(a)(1)(A)(ii)**   the removal of a taxable fuel from any terminal,

**4081(a)(1)(A)(iii)**   the entry into the United States of any taxable fuel for consumption, use, or warehousing, and

**4081(a)(1)(A)(iv)**   the sale of a taxable fuel to any person who is not registered under section 4101 unless there was a prior taxable removal or entry of such fuel under clause (i), (ii), or (iii).

**4081(a)(1)(B) EXEMPTION FOR BULK TRANSFERS TO REGISTERED TERMINALS OR REFINERIES.—**
**4081(a)(1)(B)(i) IN GENERAL.—** The tax imposed by this paragraph shall not apply to any removal or entry of a taxable fuel transferred in bulk by pipeline or vessel to a terminal or refinery if the person removing or entering the taxable fuel, the operator of such pipeline or vessel (except as provided in clause (ii)), and the operator of such terminal or refinery are registered under section 4101.

**4081(a)(1)(B)(ii) NONAPPLICATION OF REGISTRATION TO VESSEL OPERATORS ENTERING BY DEEP-DRAFT VESSEL.—** For purposes of clause (i), a vessel operator is not required to be registered with respect to the entry of a taxable fuel transferred in bulk by a vessel described in section 4042(c)(1).

**4081(a)(2) RATES OF TAX.—**
**4081(a)(2)(A) IN GENERAL.—** The rate of the tax imposed by this section is—

**4081(a)(2)(A)(i)**   in the case of gasoline other than aviation gasoline, 18.3 cents per gallon,

**4081(a)(2)(A)(ii)**   in the case of aviation gasoline, 19.3 cents per gallon, and

**4081(a)(2)(A)(iii)**   in the case of diesel fuel or kerosene, 24.3 cents per gallon.

**4081(a)(2)(B) LEAKING UNDERGROUND STORAGE TANK TRUST FUND TAX.—** The rates of tax specified in subparagraph (A) shall each be increased by 0.1 cent per gallon. The increase in tax under this subparagraph shall in this title be referred to as the Leaking Underground Storage Tank Trust Fund financing rate.

**4081(a)(2)(C) TAXES IMPOSED ON FUEL USED IN AVIATION.—** In the case of kerosene which is removed from any refinery or terminal directly into the fuel tank of an aircraft for use in aviation, the rate of tax under subparagraph (A)(iii) shall be—

**4081(a)(2)(C)(i)**   in the case of use for commercial aviation by a person registered for such use under section 4101, 4.3 cents per gallon, and

**4081(a)(2)(C)(ii)**   in the case of use for aviation not described in clause (i), 21.8 cents per gallon.

**4081(a)(2)(D) DIESEL-WATER FUEL EMULSION.—** In the case of diesel-water fuel emulsion at least 14 percent of which is water and with respect to which the emulsion additive is registered by a United States manufacturer with the Environmental Protection Agency pursuant to section 211 of the Clean Air Act (as in effect on March 31, 2003), subparagraph (A)(iii) shall be applied by substituting "19.7 cents"

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-7

for "24.3 cents". The preceding sentence shall not apply to the removal, sale, or use of diesel-water fuel emulsion unless the person so removing, selling, or using such fuel is registered under section 4101.

**4081(a)(3)** CERTAIN REFUELER TRUCKS, TANKERS, AND TANK WAGONS TREATED AS TERMINAL.—

**4081(a)(3)(A)** IN GENERAL.— For purposes of paragraph (2)(C), a refueler truck, tanker, or tank wagon shall be treated as part of a terminal if—

**4081(a)(3)(A)(i)**   such terminal is located within an airport,

**4081(a)(3)(A)(ii)**   any kerosene which is loaded in such truck, tanker, or wagon at such terminal is for delivery only into aircraft at the airport in which such terminal is located,

**4081(a)(3)(A)(iii)**   such truck, tanker, or wagon meets the requirements of subparagraph (B) with respect to such terminal, and

**4081(a)(3)(A)(iv)**   except in the case of exigent circumstances identified by the Secretary in regulations, no vehicle registered for highway use is loaded with kerosene at such terminal.

**4081(a)(3)(B)** REQUIREMENTS.— A refueler truck, tanker, or tank wagon meets the requirements of this subparagraph with respect to a terminal if such truck, tanker, or wagon—

**4081(a)(3)(B)(i)**   has storage tanks, hose, and coupling equipment designed and used for the purposes of fueling aircraft,

**4081(a)(3)(B)(ii)**   is not registered for highway use, and

**4081(a)(3)(B)(iii)**   is operated by—

**4081(a)(3)(B)(iii)(I)**   the terminal operator of such terminal, or

**4081(a)(3)(B)(iii)(II)**   a person that makes a daily accounting to such terminal operator of each delivery of fuel from such truck, tanker, or wagon.

**4081(a)(3)(C)** REPORTING.— The Secretary shall require under section 4101(d) reporting by such terminal operator of—

**4081(a)(3)(C)(i)**   any information obtained under subparagraph (B)(iii)(II), and

**4081(a)(3)(C)(ii)**   any similar information maintained by such terminal operator with respect to deliveries of fuel made by trucks, tankers, or wagons operated by such terminal operator.

**4081(a)(3)(D)** APPLICABLE RATE.— For purposes of paragraph (2)(C), in the case of any kerosene treated as removed from a terminal by reason of this paragraph—

**4081(a)(3)(D)(i)**   the rate of tax specified in paragraph (2)(C)(i) in the case of use described in such paragraph shall apply if such terminal is located within a secured area of an airport, and

**4081(a)(3)(D)(ii)**   the rate of tax specified in paragraph (2)(C)(ii) shall apply in all other cases.

**4081(a)(4)** LIABILITY FOR TAX ON KEROSENE USED IN COMMERCIAL AVIATION.— For purposes of paragraph (2(C)(i), the person who uses the fuel for commercial aviation shall pay the tax imposed under such paragraph. For purposes of the preceding sentence, fuel shall be treated as used when such fuel is removed into the fuel tank.

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-8

**4081(b)** TREATMENT OF REMOVAL OR SUBSEQUENT SALE BY BLENDER.—

**4081(b)(1)** IN GENERAL.— There is hereby imposed a tax at the rate determined under subsection (a) on taxable fuel removed or sold by the blender thereof.

**4081(b)(2)** CREDIT FOR TAX PREVIOUSLY PAID.— If—

**4081(b)(2)(A)**  tax is imposed on the removal or sale of a taxable fuel by reason of paragraph (1), and

**4081(b)(2)(B)**  the blender establishes the amount of the tax paid with respect to such fuel by reason of subsection (a),

the amount of the tax so paid shall be allowed as a credit against the tax imposed by reason of paragraph (1).

**4081(c)** LATER SEPARATION OF FUEL FROM DIESEL-WATER FUEL EMULSION.— If any person separates the taxable fuel from a diesel-water fuel emulsion on which tax was imposed under subsection (a) at a rate determined under subsection (a)(2)(D) (or with respect to which a credit or payment was allowed or made by reason of section 6427), such person shall be treated as the refiner of such taxable fuel. The amount of tax imposed on any removal of such fuel by such person shall be reduced by the amount of tax imposed (and not credited or refunded) on any prior removal or entry of such fuel.

**4081(d)** TERMINATION.—

**4081(d)(1)** IN GENERAL.— The rates of tax specified in clauses (i) and (iii) of subsection (a)(2)(A) shall be 4.3 cents per gallon after September 30, 2016.

**4081(d)(2)** AVIATION FUELS.— The rates of tax specified in subsections (a)(2)(A)(ii) and (a)(2)(C)(ii) shall be 4.3 cents per gallon—

**4081(d)(2)(A)**  after December 31, 1996, and before the date which is 7 days after the date of the enactment of the Airport and Airway Trust Fund Tax Reinstatement Act of 1997, and

**4081(d)(2)(B)**  after September 30, 2015.

**4081(d)(3)** LEAKING UNDERGROUND STORAGE TANK TRUST FUND FINANCING RATE.— The Leaking Underground Storage Tank Trust Fund financing rate under subsection (a)(2) shall apply after September 30, 1997, and before October 1, 2016.

**4081(e)** REFUNDS IN CERTAIN CASES.— Under regulations prescribed by the Secretary, if any person who paid the tax imposed by this section with respect to any taxable fuel establishes to the satisfaction of the Secretary that a prior tax was paid (and not credited or refunded) with respect to such taxable fuel, then an amount equal to the tax paid by such person shall be allowed as a refund (without interest) to such person in the same manner as if it were an overpayment of tax imposed by this section.

©2015 Wolters Kluwer. All rights reserved.
**Subject to Terms & Conditions:** *http://researchhelp.cch.com/License_Agreement.htm*

*A-9*

# Current Internal Revenue Code, SEC. 4082. EXEMPTIONS FOR DIESEL FUEL AND KEROSENE.

**4082(a) IN GENERAL.—** The tax imposed by section 4081 shall not apply to diesel fuel and kerosene—

**4082(a)(1)**  which the Secretary determines is destined for a nontaxable use,

**4082(a)(2)**  which is indelibly dyed by mechanical injection in accordance with regulations which the Secretary shall prescribe, and

**4082(a)(3)**  which meets such marking requirements (if any) as may be prescribed by the Secretary in regulations.

Such regulations shall allow an individual choice of dye color approved by the Secretary or chosen from any list of approved dye colors that the Secretary may publish.

**4082(b) NONTAXABLE USE.—** For purposes of this section, the term "nontaxable use" means—

**4082(b)(1)**  any use which is exempt from the tax imposed by section 4041(a)(1) other than by reason of a prior imposition of tax,

**4082(b)(2)**  any use in a train, and

**4082(b)(3)**  any use described in section 4041(a)(1)(C)(iii)(II).

The term "nontaxable use" does not include the use of kerosene in an aircraft and such term shall not include any use described in section 6421(e)(2)(C).

**4082(c) EXCEPTION TO DYEING REQUIREMENTS.—** Paragraph (2) of subsection (a) shall not apply with respect to any diesel fuel and kerosene—

**4082(c)(1)**  removed, entered, or sold in a State for ultimate sale or use in an area of such State during the period such area is exempted from the fuel dyeing requirements under subsection (i) of section 211 of the Clean Air Act (as in effect on the date of the enactment of this subsection) by the Administrator of the Environmental Protection Agency under paragraph (4) of such subsection (i) (as so in effect), and

**4082(c)(2)**  the use of which is certified pursuant to regulations issued by the Secretary.

**4082(d) ADDITIONAL EXCEPTIONS TO DYEING REQUIREMENTS FOR KEROSENE.—**

**4082(d)(1) USE FOR NON-FUEL FEEDSTOCK PURPOSES.—** Subsection (a)(2) shall not apply to kerosene—

**4082(d)(1)(A)**  received by pipeline or vessel for use by the person receiving the kerosene in the manufacture or production of any substance (other than gasoline, diesel fuel, or special fuels referred to in section 4041), or

**4082(d)(1)(B)**  to the extent provided in regulations, removed or entered—

**4082(d)(1)(B)(i)**  for such a use by the person removing or entering the kerosene, or

**4082(d)(1)(B)(ii)**  for resale by such person for such a use by the purchaser, but only if the person receiving, removing, or entering the kerosene and such purchaser (if any) are registered under section 4101 with respect to the tax imposed by section 4081.

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-10

**4082(d)(2) WHOLESALE DISTRIBUTORS.—** To the extent provided in regulations, subsection (a)(2) shall not apply to kerosene received by a wholesale distributor of kerosene if such distributor—

**4082(d)(2)(A)** is registered under section 4101 with respect to the tax imposed by section 4081 on kerosene, and

**4082(d)(2)(B)** sells kerosene exclusively to ultimate vendors described in section 6427(l)(5)(B) with respect to kerosene.

**4082(e) KEROSENE REMOVED INTO AN AIRCRAFT.—** In the case of kerosene (other than kerosene with respect to which tax is imposed under section 4043) which is exempt from the tax imposed by section 4041(c) (other than by reason of a prior imposition of tax) and which is removed from any refinery or terminal directly into the fuel tank of an aircraft—

**4082(e)(1)** the rate of tax under section 4081(a)(2)(A)(iii) shall be zero, and

**4082(e)(2)** if such aircraft is employed in foreign trade or trade between the United States and any of its possessions, the increase in such rate under section 4081(a)(2)(B) shall be zero.

For purposes of this subsection, any removal described in section 4081(a)(3)(A) shall be treated as a removal from a terminal but only if such terminal is located within a secure area of an airport.

**4082(f) EXCEPTION FOR LEAKING UNDERGROUND STORAGE TANK TRUST FUND FINANCING RATE.—**

**4082(f)(1) IN GENERAL.—** Subsection (a) shall not apply to the tax imposed under section 4081 at the Leaking Underground Storage Tank Trust Fund financing rate.

**4082(f)(2) EXCEPTION FOR EXPORT, ETC.—** Paragraph (1) shall not apply with respect to any fuel if the Secretary determines that such fuel is destined for export or for use by the purchaser as supplies for vessels (within the meaning of section 4221(d)(3)) employed in foreign trade or trade between the United States and any of its possessions.

**4082(g) REGULATIONS.—** The Secretary shall prescribe such regulations as may be necessary to carry out this section, including regulations requiring the conspicuous labeling of retail diesel fuel and kerosene pumps and other delivery facilities to assure that persons are aware of which fuel is available only for nontaxable uses.

**4082(h) CROSS REFERENCE.—**

For tax on train and certain bus uses of fuel purchased tax-free, see subsections (a)(1) and (d)(3) of section 4041.

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-11

WK_ Current Internal Revenue Code SEC 4084 CROSS REFERENCES.pdf

# Current Internal Revenue Code, SEC. 4084. CROSS REFERENCES.

**4084(1)**   For provisions to relieve farmers from excise tax in the case of gasoline used on the farm for farming purposes, see section 6420.

**4084(2)**   For provisions to relieve purchasers of gasoline from excise tax in the case of gasoline used for certain nonhighway purposes, used by local transit systems, or sold for certain exempt purposes, see section 6421.

**4084(3)**   For provisions to relieve purchasers from excise tax in the case of taxable fuel not used for taxable purposes, see section 6427.

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-12

WK_ Current Internal Revenue Code SEC 4101 REGISTRATION AND BOND.pdf

# Current Internal Revenue Code, SEC. 4101. REGISTRATION AND BOND.

## 4101(a) REGISTRATION.—

**4101(a)(1) IN GENERAL.—** Every person required by the Secretary to register under this section with respect to the tax imposed by section 4041(a) or 4081, every person producing or importing biodiesel (as defined in section 40A(d)(1)) or alcohol (as defined in section 6426(b)(4)(A)), and every person producing second generation biofuel (as defined in section 40(b)(6)(E)) shall register with the Secretary at such time, in such form and manner, and subject to such terms and conditions, as the Secretary may by regulations prescribe. A registration under this section may be used only in accordance with regulations prescribed under this section.

**4101(a)(2) REGISTRATION OF PERSONS WITHIN FOREIGN TRADE ZONES, ETC.—** The Secretary shall require registration by any person which—

**4101(a)(2)(A)** operates a terminal or refinery within a foreign trade zone or within a customs bonded storage facility, or

**4101(a)(2)(B)** holds an inventory position with respect to a taxable fuel in such a terminal.

**4101(a)(3) DISPLAY OF REGISTRATION.—** Every operator of a vessel required by the Secretary to register under this section shall display proof of registration through an identification device prescribed by the Secretary on each vessel used by such operator to transport any taxable fuel.

**4101(a)(4) REGISTRATION OF PERSONS EXTENDING CREDIT ON CERTAIN EXEMPT SALES OF FUEL.—** The Secretary shall require registration by any person which—

**4101(a)(4)(A)** extends credit by credit card to any ultimate purchaser described in subparagraph (C) or (D) of section 6416(b)(2) for the purchase of taxable fuel upon which tax has been imposed under section 4041 or 4081, and

**4101(a)(4)(B)** does not collect the amount of such tax from such ultimate purchaser.

**4101(a)(5) REREGISTRATION IN EVENT OF CHANGE IN OWNERSHIP.—** Under regulations prescribed by the Secretary, a person (other than a corporation the stock of which is regularly traded on an established securities market) shall be required to reregister under this section if after a transaction (or series of related transactions) more than 50 percent of ownership interests in, or assets of, such person are held by persons other than persons (or persons related thereto) who held more than 50 percent of such interests or assets before the transaction (or series of related transactions).

## 4101(b) BONDS AND LIENS.—

**4101(b)(1) IN GENERAL.—** Under regulations prescribed by the Secretary, the Secretary may require, as a condition of permitting any person to be registered under subsection (a), that such person—

**4101(b)(1)(A)** give a bond in such sum as the Secretary determines appropriate, and

**4101(b)(1)(B)** agree to the imposition of a lien—

**4101(b)(1)(B)(i)** on such property (or rights to property) of such person used in the trade or business for which the registration is sought, or

**4101(b)(1)(B)(ii)** with the consent of such person, on any other property (or rights to property) of such person as the Secretary determines appropriate.

©2015 Wolters Kluwer. All rights reserved.
*Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm*

A-13

*WK_ Current Internal Revenue Code SEC 4101 REGISTRATION AND BOND.pdf*

Rules similar to the rules of section 6323 shall apply to the lien imposed pursuant to this paragraph.

**4101(b)(2) RELEASE OR DISCHARGE OF LIEN.—** If a lien is imposed pursuant to paragraph (1), the Secretary shall issue a certificate of discharge or a release of such lien in connection with a transfer of the property if there is furnished to the Secretary (and accepted by him) a bond in such sum as the Secretary determines appropriate or the transferor agrees to the imposition of a substitute lien under paragraph (1)(B) in such sum as the Secretary determines appropriate. The Secretary shall respond to any request to discharge or release a lien imposed pursuant to paragraph (1) in connection with a transfer of property not later than 90 days after the date the request for such a discharge or release is made.

**4101(c) DENIAL, REVOCATION, OR SUSPENSION OF REGISTRATION.—** Rules similar to the rules of section 4222(c) shall apply to registration under this section.

**4101(d) INFORMATION REPORTING.—** The Secretary may require—

**4101(d)(1)**   information reporting by any person registered under this section, and

**4101(d)(2)**   information reporting by such other persons as the Secretary deems necessary to carry out this part.

Any person who is required to report under this subsection and who has 25 or more reportable transactions in a month shall file such report in electronic format.

**©2015 Wolters Kluwer. All rights reserved.**
**Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm**

A-14

WK_ Current Internal Revenue Code SEC 4221 CERTAIN TAX-FREE SALES.pdf

# Current Internal Revenue Code, SEC. 4221. CERTAIN TAX-FREE SALES.

**4221(a)** GENERAL RULE.— Under regulations prescribed by the Secretary, no tax shall be imposed under this chapter (other than under section 4121 or 4081) on the sale by the manufacturer (or under subchapter C of chapter 31 on the first retail sale) of an article—

> **4221(a)(1)**   for use by the purchaser for further manufacture, or for resale by the purchaser to a second purchaser for use by such second purchaser in further manufacture,

> **4221(a)(2)**   for export, or for resale by the purchaser to a second purchaser for export,

> **4221(a)(3)**   for use by the purchaser as supplies for vessels or aircraft,

> **4221(a)(4)**   to a State or local government for the exclusive use of a State or local government,

> **4221(a)(5)**   to a nonprofit educational organization for its exclusive use, or

> **4221(a)(6)**   to a qualified blood collector organization (as defined in section 7701(a)(49)) for such organization's exclusive use in the collection, storage, or transportation of blood,

but only if such exportation or use is to occur before any other use. Paragraphs (4), (5), and (6) shall not apply to the tax imposed by section 4064. In the case of taxes imposed by section 4051 or 4071, paragraphs (4) and (5) shall not apply on and after October 1, 2016. In the case of the tax imposed by section 4131, paragraphs (3), (4), and (5) shall not apply and paragraph (2) shall apply only if the use of the exported vaccine meets such requirements as the Secretary may by regulations prescribe. In the case of taxes imposed by subchapter C or D, paragraph (6) shall not apply. In the case of the tax imposed by section 4191, paragraphs (3), (4), (5), and (6) shall not apply.

**4221(b)** PROOF OF RESALE FOR FURTHER MANUFACTURE; PROOF OF EXPORT.— Where an article has been sold free of tax under subsection (a)—

> **4221(b)(1)**   for resale by the purchaser to a second purchaser for use by such second purchaser in further manufacture, or

> **4221(b)(2)**   for export, or for resale by the purchaser to a second purchaser for export,

subsection (a) shall cease to apply in respect of such sale of such article unless, within the 6-month period which begins on the date of the sale by the manufacturer (or, if earlier, on the date of shipment by the manufacturer), the manufacturer receives proof that the article has been exported or resold for use in further manufacture.

**4221(c)** MANUFACTURER RELIEVED FROM LIABILITY IN CERTAIN CASES.— In the case of any article sold free of tax under this section (other than a sale to which subsection (b) applies), and in the case of any article sold free of tax under section  4053(6), if the manufacturer in good faith accepts a certification by the purchaser that the article will be used in accordance with the applicable provisions of law, no tax shall thereafter be imposed under this chapter in respect of such sale by such manufacturer.

**4221(d)** DEFINITIONS.— For purposes of this section—

> **4221(d)(1)** MANUFACTURER.— The term "manufacturer" includes a producer or importer of an article, and, in the case of the taxes imposed by subchapter C of chapter 31, includes the retailer with respect to the first retail sale.

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-15

**4221(d)(2)** EXPORT.— The term "export" includes shipment to a possession of the United States; and the term "exported" includes shipped to a possession of the United States.

**4221(d)(3)** SUPPLIES FOR VESSELS OR AIRCRAFT.— The term "supplies for vessels or aircraft" means fuel supplies, ships' stores, sea stores, or legitimate equipment on vessels of war of the United States or of any foreign nation, vessels employed in the fisheries or in the whaling business, or vessels actually engaged in foreign trade or trade between the Atlantic and Pacific ports of the United States or between the United States and any of its possessions. For purposes of the preceding sentence, the term "vessels" includes civil aircraft employed in foreign trade or trade between the United States and any of its possessions, and the term "vessels of war of the United States or of any foreign nation" includes aircraft owned by the United States or by any foreign nation and constituting a part of the armed forces thereof.

**4221(d)(4)** STATE OR LOCAL GOVERNMENT.— The term "State or local government" means any State, any political subdivision thereof, or the District of Columbia.

**4221(d)(5)** NONPROFIT EDUCATIONAL ORGANIZATION.— The term "nonprofit educational organization" means an educational organization described in section 170(b)(1)(A)(ii) which is exempt from income tax under section 501(a). The term also includes a school operated as an activity of an organization described in section 501(c)(3) which is exempt from income tax under section 501(a), if such school normally maintains a regular faculty and curriculum and normally has a regularly enrolled body of pupils or students in attendance at the place where its educational activities are regularly carried on.

**4221(d)(6)** USE IN FURTHER MANUFACTURE.— An article shall be treated as sold for use in further manufacture if—

**4221(d)(6)(A)**   such article is sold for use by the purchaser as material in the manufacture or production of, or as a component part of, another article taxable under this chapter to be manufactured or produced by him; or

**4221(d)(6)(B)**   in the case of gasoline taxable under section 4081, such gasoline is sold for use by the purchaser, for nonfuel purposes, as a material in the manufacture or production of another article to be manufactured or produced by him.

**4221(d)(7)** QUALIFIED BUS.—

**4221(d)(7)(A)** IN GENERAL.— The term "qualified bus" means—

**4221(d)(7)(A)(i)**   an intercity or local bus, and

**4221(d)(7)(A)(ii)**   a school bus.

**4221(d)(7)(B)** INTERCITY OR LOCAL BUS.— The term "intercity or local bus" means any automobile bus which is used predominantly in furnishing (for compensation) passenger land transportation available to the general public if—

**4221(d)(7)(B)(i)**   such transportation is scheduled and along regular routes, or

**4221(d)(7)(B)(ii)**   the seating capacity of such bus is at least 20 adults (not including the driver).

**4221(d)(7)(C)** SCHOOL BUS.— The term "school bus" means any automobile bus substantially all the use of which is in transporting students and employees of schools. For purposes of the preceding sentence, the term "school" means an educational organization which normally maintains a regular faculty and curriculum and normally has a regularly enrolled body of pupils or students in attendance at the place where its educational activities are carried on.

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-16

WK_ Current Internal Revenue Code SEC 4221 CERTAIN TAX-FREE SALES.pdf

**4221(e) SPECIAL RULES.—**

**4221(e)(1) RECIPROCITY REQUIRED IN CASE OF CIVIL AIRCRAFT.—** In the case of articles sold for use as supplies for aircraft, the privileges granted under subsection (a)(3) in respect of civil aircraft employed in foreign trade or trade between the United States and any of its possessions, in respect of aircraft registered in a foreign country, shall be allowed only if the Secretary of the Treasury has been advised by the Secretary of Commerce that he has found that such foreign country allows, or will allow, substantially reciprocal privileges in respect of aircraft registered in the United States. If the Secretary of the Treasury is advised by the Secretary of Commerce that he has found that a foreign country has discontinued or will discontinue the allowance of such privileges, the privileges granted under subsection (a)(3) shall not apply thereafter in respect of civil aircraft registered in that foreign country and employed in foreign trade or trade between the United States and any of its possessions.

**4221(e)(2) TIRES.—**

**4221(e)(2)(A) TAX-FREE SALES.—** Under regulations prescribed by the Secretary, no tax shall be imposed under section 4071 on the sale by the manufacturer of a tire if—

**4221(e)(2)(A)(i)** such tire is sold for use by the purchaser for sale on or in connection with the sale of another article manufactured or produced by such purchaser; and

**4221(e)(2)(A)(ii)** such other article is to be sold by such purchaser in a sale which either will satisfy the requirements of paragraph (2), (3), (4), or (5) of subsection (a) for a tax-free sale, or would satisfy such requirements but for the fact that such other article is not subject to tax under this chapter.

**4221(e)(2)(B) PROOF.—** Where a tire has been sold free of tax under this paragraph, this paragraph shall cease to apply unless, within the 6-month period which begins on the date of the sale by him (or, if earlier, on the date of the shipment by him), the manufacturer of such tire receives proof that the other article referred to in clause (ii) of subparagraph (A) has been sold in a manner which satisfies the requirements of such clause (ii) (including in the case of a sale for export, proof of export of such other article).

**4221(e)(2)(C) SUBSECTION (a)(1) DOES NOT APPLY.—** Paragraph (1) of subsection (a) shall not apply with respect to the tax imposed under section 4071 on the sale of a tire.

**4221(e)(3) TIRES USED ON INTERCITY, LOCAL, AND SCHOOL BUSES.—** Under regulations prescribed by the Secretary, the tax imposed by section 4071 shall not apply in the case of tires sold for use by the purchaser on or in connection with a qualified bus.

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-17

# Current Internal Revenue Code, SEC. 6416. CERTAIN TAXES ON SALES AND SERVICES.

**6416(a)** CONDITION TO ALLOWANCE.—

**6416(a)(1)** GENERAL RULE.— No credit or refund of any overpayment of tax imposed by chapter 31 (relating to retail excise taxes), or chapter 32 (manufacturers taxes) shall be allowed or made unless the person who paid the tax establishes, under regulations prescribed by the Secretary, that he—

**6416(a)(1)(A)**  has not included the tax in the price of the article with respect to which it was imposed and has not collected the amount of the tax from the person who purchased such article;

**6416(a)(1)(B)**  has repaid the amount of the tax to the ultimate purchaser of the article;

**6416(a)(1)(C)**  in the case of an overpayment under subsection (b)(2) of this section—

**6416(a)(1)(C)(i)**  has repaid or agreed to repay the amount of the tax to the ultimate vendor of the article, or

**6416(a)(1)(C)(ii)**  has obtained the written consent of such ultimate vendor to the allowance of the credit or the making of the refund; or

**6416(a)(1)(D)**  has filed with the Secretary the written consent of the person referred to in subparagraph (B) to the allowance of the credit or the making of the refund.

**6416(a)(2)** EXCEPTIONS.— This subsection shall not apply to—

**6416(a)(2)(A)**  the tax imposed by section 4041 (relating to tax on special fuels) on the use of any liquid, and

**6416(a)(2)(B)**  an overpayment of tax under paragraph (1), (3)(A), (4), (5), or (6) of subsection (b) of this section.

**6416(a)(3)** SPECIAL RULE.— For purposes of this subsection, in any case in which the Secretary determines that an article is not taxable, the term "ultimate purchaser" (when used in paragraph (1)(B) of this subsection) includes a wholesaler, jobber, distributor, or retailer who, on the 15th day after the date of such determination, holds such article for sale; but only if claim for credit or refund by reason of this paragraph is filed on or before the date for filing the return with respect to the taxes imposed under chapter 32 for the first period which begins more than 60 days after the date of such determination.

**6416(a)(4)** REGISTERED ULTIMATE VENDOR OR CREDIT CARD ISSUER TO ADMINISTER CREDITS AND REFUNDS OF GASOLINE TAX.—

**6416(a)(4)(A)** IN GENERAL.— For purposes of this subsection, except as provided in subparagraph (B), if an ultimate vendor purchases any gasoline on which tax imposed by section 4081 has been paid and sells such gasoline to an ultimate purchaser described in subparagraph (C) or (D) of subsection (b)(2) (and such gasoline is for a use described in such subparagraph), such ultimate vendor shall be treated as the person (and the only person) who paid such tax, but only if such ultimate vendor is registered under section 4101.

**6416(a)(4)(B)** CREDIT CARD ISSUER.— For purposes of this subsection, if the purchase of gasoline described in subparagraph (A) (determined without regard to the registration status of the ultimate vendor) is made by means of a credit card issued to the ultimate purchaser, paragraph (1) shall not

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-18

apply and the person extending the credit to the ultimate purchaser shall be treated as the person (and the only person) who paid the tax, but only if such person—

**6416(a)(4)(B)(i)**   is registered under section 4101,

**6416(a)(4)(B)(ii)**   has established, under regulations prescribed by the Secretary, that such person —

**6416(a)(4)(B)(ii)(I)**   has not collected the amount of the tax from the person who purchased such article, or

**6416(a)(4)(B)(ii)(II)**   has obtained the written consent from the ultimate purchaser to the allowance of the credit or refund, and

**6416(a)(4)(B)(iii)**   has so established that such person—

**6416(a)(4)(B)(iii)(I)**   has repaid or agreed to repay the amount of the tax to the ultimate vendor,

**6416(a)(4)(B)(iii)(II)**   has obtained the written consent of the ultimate vendor to the allowance of the credit or refund, or

**6416(a)(4)(B)(iii)(III)**   has otherwise made arrangements which directly or indirectly provides the ultimate vendor with reimbursement of such tax.

If clause (i), (ii), or (iii) is not met by such person extending the credit to the ultimate purchaser, then such person shall collect an amount equal to the tax from the ultimate purchaser and only such ultimate purchaser may claim such credit or payment.

**6416(a)(4)(C)** TIMING OF CLAIMS.— The procedure and timing of any claim under subparagraph (A) or (B) shall be the same as for claims under section 6427(i)(4), except that the rules of section 6427(i)(3)(B) regarding electronic claims shall not apply unless the ultimate vendor or credit card issuer has certified to the Secretary for the most recent quarter of the taxable year that all ultimate purchasers of the vendor or credit card issuer are certified and entitled to a refund under subparagraph (C) or (D) of subsection (b)(2).

**6416(b)** SPECIAL CASES IN WHICH TAX PAYMENTS CONSIDERED OVERPAYMENTS.— Under regulations prescribed by the Secretary, credit or refund (without interest) shall be allowed or made in respect of the overpayments determined under the following paragraphs:

**6416(b)(1)** PRICE READJUSTMENTS.—

**6416(b)(1)(A)** IN GENERAL.— Except as provided in subparagraph (B) or (C), if the price of any article in respect of which a tax, based on such price, is imposed by chapter 31 or 32, is readjusted by reason of the return or repossession of the article or a covering or container, or by a bona fide discount, rebate, or allowance, including a readjustment for local advertising (but only to the extent provided in section 4216(e)(2) and (3)), the part of the tax proportionate to the part of the price repaid or credited to the purchaser shall be deemed to be an overpayment.

**6416(b)(1)(B)** FURTHER MANUFACTURE.— Subparagraph (A) shall not apply in the case of an article in respect of which tax was computed under section 4223(b)(2); but if the price for which such article was sold is readjusted by reason of the return or repossession of the article, the part of the tax proportionate to the part of such price repaid or credited to the purchaser shall be deemed to be an overpayment.

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-19

**6416(b)(1)(C)** ADJUSTMENT OF TIRE PRICE.— No credit or refund of any tax imposed by subsection (a) or (b) of section 4071 shall be allowed or made by reason of an adjustment of a tire pursuant to a warranty or guarantee.

**6416(b)(2)** SPECIFIED USES AND RESALES.— The tax paid under chapter 32 (or under subsection (a) or (d) of section 4041 in respect of sales or under section 4051) in respect of any article shall be deemed to be an overpayment if such article was, by any person—

**6416(b)(2)(A)**    exported;

**6416(b)(2)(B)**    used or sold for use as supplies for vessels or aircraft;

**6416(b)(2)(C)**    sold to a State or local government for the exclusive use of a State or local government;

**6416(b)(2)(D)**    sold to a nonprofit educational organization for its exclusive use;

**6416(b)(2)(E)**    sold to a qualified blood collector organization (as defined in section 7701(a)(49)) for such organization's exclusive use in the collection, storage, or transportation of blood;

**6416(b)(2)(F)**    in the case of any tire taxable under section 4071(a), sold to any person for use as described in section 4221(e)(3); or

**6416(b)(2)(G)**    in the case of gasoline, used or sold for use in the production of special fuels referred to in section 4041.

Subparagraphs (C), (D), and (E) shall not apply in the case of any tax paid under section 4064. This paragraph shall not apply in the case of any tax imposed under section 4041(a)(1) or 4081 on diesel fuel or kerosene and any tax paid under section 4121. In the case of the tax imposed by section 4131, subparagraphs (B), (C), (D), and (E) shall not apply and subparagraph (A) shall apply only if the use of the exported vaccine meets such requirements as the Secretary may by regulations prescribe. Subparagraphs (C) and (D) shall not apply in the case of any tax imposed on gasoline under section 4081 if the requirements of subsection (a)(4) are not met. In the case of taxes imposed by subchapter C or D of chapter 32, subparagraph (E) shall not apply. In the case of the tax imposed by section 4191, subparagraphs (B), (C), (D), and (E) shall not apply.

**6416(b)(3)** TAX-PAID ARTICLES USED FOR FURTHER MANUFACTURE, ETC.— If the tax imposed by chapter 32 has been paid with respect to the sale of any article (other than coal taxable under section 4121) by the manufacturer, producer, or importer thereof and such article is sold to a subsequent manufacturer or producer before being used, such tax shall be deemed to be an overpayment by such subsequent manufacturer or producer if—

**6416(b)(3)(A)**    in the case of any article other than any fuel taxable under section 4081, such article is used by the subsequent manufacturer or producer as material in the manufacture or production of, or as a component part of—

**6416(b)(3)(A)(i)**    another article taxable under chapter 32, or

**6416(b)(3)(A)(ii)**    an automobile bus chassis or an automobile bus body, manufactured or produced by him; or

**6416(b)(3)(B)**    in the case of any fuel taxable under section 4081, such fuel is used by the subsequent manufacturer or producer, for nonfuel purposes, as a material in the manufacture or production of any other article manufactured or produced by him.

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-20

**6416(b)(4)** TIRES.— If—

**6416(b)(4)(A)**   the tax imposed by section 4071 has been paid with respect to the sale of any tire by the manufacturer, producer, or importer thereof, and

**6416(b)(4)(B)**   such tire is sold by any person on or in connection with, or with the sale of, any other article, such tax shall be deemed to be an overpayment by such person if such other article is—

**6416(b)(4)(B)(i)**   an automobile bus chassis or an automobile bus body,

**6416(b)(4)(B)(ii)**   by such person exported, sold to a State or local government for the exclusive use of a State or local government, sold to a nonprofit educational organization for its exclusive use, or used or sold for use as supplies for vessels or aircraft, or

**6416(b)(4)(B)(iii)**   sold to a qualified blood collector organization for its exclusive use in connection with a vehicle the organization certifies will be primarily used in the collection, storage, or transportation of blood.

**6416(b)(5)** RETURN OF CERTAIN INSTALLMENT ACCOUNTS.— If—

**6416(b)(5)(A)**   tax was paid under section 4216(d)(1) in respect of any installment account,

**6416(b)(5)(B)**   such account is, under the agreement under which the account was sold, returned to the person who sold such account, and

**6416(b)(5)(C)**   the consideration is readjusted as provided in such agreement,

the part of the tax paid under section 4216(d)(1) allocable to the part of the consideration repaid or credited to the purchaser of such account shall be deemed to be an overpayment.

**6416(b)(6)** TRUCK CHASSIS, BODIES, AND SEMITRAILERS USED FOR FURTHER MANUFACTURE.— If—

**6416(b)(6)(A)**   the tax imposed by section 4051 has been paid with respect to the sale of any article, and

**6416(b)(6)(B)**   before any other use, such article is by any person used as a component part of another article taxable under section 4051 manufactured or produced by him,

such tax shall be deemed to be an overpayment by such person. For purposes of the preceding sentence, an article shall be treated as having been used as a component part of another article if, had it not been broken or rendered useless in the manufacture or production of such other article, it would have been so used.

This subsection shall apply in respect of an article only if the exportation or use referred to in the applicable provision of this subsection occurs before any other use, or, in the case of a sale or resale, the use referred to in the applicable provision of this subsection is to occur before any other use.

**6416(c)** REFUND TO EXPORTER OR SHIPPER.— Under regulations prescribed by the Secretary the amount of any tax imposed by chapter 31, or chapter 32 erroneously or illegally collected in respect of any article exported to a foreign country or shipped to a possession of the United States may be refunded to the exporter or shipper thereof, if the person who paid such tax waives his claim to such amount.

**6416(d)** CREDIT ON RETURNS.— Any person entitled to a refund of tax imposed by chapter 31 or 32, paid to the Secretary may, instead of filing a claim for refund, take credit therefor against taxes imposed by such

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

*A-21*

WK_ Current Internal Revenue Code SEC 6416 CERTAIN TAXES ON SALES AND SERVICES.pdf

chapter due on any subsequent return. The preceding sentence shall not apply to the tax imposed by section 4081 in the case of refunds described in section 4081(e).

**6416(e) ACCOUNTING PROCEDURES FOR LIKE ARTICLES.—** Under regulations prescribed by the Secretary, if any person uses or resells like articles, then for purposes of this section the manufacturer, producer, or importer of any such article may be identified, and the amount of tax paid under chapter 32 in respect of such article may be determined—

**6416(e)(1)** on a first-in-first-out basis,

**6416(e)(2)** on a last-in-first-out basis, or

**6416(e)(3)** in accordance with any other consistent method approved by the Secretary.

**6416(f) MEANING OF TERMS.—** For purposes of this section, any term used in this section has the same meaning as when used in chapter 31, 32, or 33, as the case may be.

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-22

# Current Internal Revenue Code, SEC. 6421. GASOLINE USED FOR CERTAIN NONHIGHWAY PURPOSES, USED BY LOCAL TRANSIT SYSTEMS, OR SOLD FOR CERTAIN EXEMPT PURPOSES.

**6421(a) NONHIGHWAY USES.—** Except as provided in subsection (i), if gasoline is used in an off-highway business use, the Secretary shall pay (without interest) to the ultimate purchaser of such gasoline an amount equal to the amount determined by multiplying the number of gallons so used by the rate at which tax was imposed on such gasoline under section 4081. Except as provided in paragraph (2) of subsection (f) of this section, in the case of gasoline used as a fuel in an aircraft, the Secretary shall pay (without interest) to the ultimate purchaser of such gasoline an amount equal to the amount determined by multiplying the number of gallons of gasoline so used by the rate at which tax was imposed on such gasoline under section 4081.

**6421(b) INTERCITY, LOCAL, OR SCHOOL BUSES.—**

**6421(b)(1) ALLOWANCE.—** Except as provided in paragraph (2) and subsection (i), if gasoline is used in an automobile bus while engaged in—

**6421(b)(1)(A)** furnishing (for compensation) passenger land transportation available to the general public, or

**6421(b)(1)(B)** the transportation of students and employees of schools (as defined in the last sentence of section 4221(d)(7)(C)),

the Secretary shall pay (without interest) to the ultimate purchaser of such gasoline an amount equal to the product of the number of gallons of gasoline so used multiplied by the rate at which tax was imposed on such gasoline by section 4081.

**6421(b)(2) LIMITATION IN CASE OF NONSCHEDULED INTERCITY OR LOCAL BUSES.—** Paragraph (1)(A) shall not apply in respect of gasoline used in any automobile bus while engaged in furnishing transportation which is not scheduled and not along regular routes unless the seating capacity of such bus is at least 20 adults (not including the driver).

**6421(c) EXEMPT PURPOSES.—** If gasoline is sold to any person for any purpose described in paragraph (2), (3), (4), (5), or (6) of section 4221(a), the Secretary shall pay (without interest) to such person an amount equal to the product of the number of gallons of gasoline so sold multiplied by the rate at which tax was imposed on such gasoline by section 4081. The preceding sentence shall apply notwithstanding paragraphs (2) and (3) of subsection (f). Subsection (a) shall not apply to gasoline to which this subsection applies.

**6421(d) TIME FOR FILING CLAIMS; PERIOD COVERED.—**

**6421(d)(1) IN GENERAL.—** Except as provided in paragraph (2), not more than one claim may be filed under subsection (a), not more than one claim may be filed under subsection (b), and not more than one claim may be filed under subsection (c) by any person with respect to gasoline used during his taxable year; and no claim shall be allowed under this paragraph with respect to gasoline used during any taxable year unless filed by such person not later than the time prescribed by law for filing a claim for credit or refund of overpayment of income tax for such taxable year. For purposes of this subsection, a person's taxable year shall be his taxable year for purposes of subtitle A.

**6421(d)(2) EXCEPTION.—** For payments per quarter based on aggregate amounts payable under this section and section 6427, see section 6427(i)(2).

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-23

**6421(d)(3) APPLICATION TO SALES UNDER SUBSECTION (c).—** For purposes of this subsection, gasoline shall be treated as used for a purpose referred to in subsection (c) when it is sold for such a purpose.

**6421(e) DEFINITIONS.—** For purposes of this section—

**6421(e)(1) GASOLINE.—** The term "gasoline" has the meaning given to such term by section 4083(a).

**6421(e)(2) OFF-HIGHWAY BUSINESS USE.—**

**6421(e)(2)(A) IN GENERAL.—** The term "off-highway business use" means any use by a person in a trade or business of such person or in an activity of such person described in section 212 (relating to production of income) otherwise than as a fuel in a highway vehicle—

**6421(e)(2)(A)(i)** which (at the time of such use) is registered, or is required to be registered, for highway use under the laws of any State or foreign country, or

**6421(e)(2)(A)(ii)** which, in the case of a highway vehicle owned by the United States, is used on the highway.

**6421(e)(2)(B) USES IN BOATS.—**

**6421(e)(2)(B)(i) IN GENERAL.—** Except as otherwise provided in this subparagraph, the term "off-highway business use" does not include any use in a motorboat.

**6421(e)(2)(B)(ii) FISHERIES AND WHALING.—** The term "off-highway business use" shall include any use in a vessel employed in the fisheries or in the whaling business.

**6421(e)(2)(C) USES IN MOBILE MACHINERY.—**

**6421(e)(2)(C)(i) IN GENERAL.—** The term "off-highway business use" shall include any use in a vehicle which meets the requirements described in clause (ii).

**6421(e)(2)(C)(ii) REQUIREMENTS FOR MOBILE MACHINERY.—** The requirements described in this clause are—

**6421(e)(2)(C)(ii)(I)** the design-based test, and

**6421(e)(2)(C)(ii)(II)** the use-based test.

**6421(e)(2)(C)(iii) DESIGN-BASED TEST.—** For purposes of clause (ii)(I), the design-based test is met if the vehicle consists of a chassis—

**6421(e)(2)(C)(iii)(I)** to which there has been permanently mounted (by welding, bolting, riveting, or other means) machinery or equipment to perform a construction, manufacturing, processing, farming, mining, drilling, timbering, or similar operation if the operation of the machinery or equipment is unrelated to transportation on or off the public highways,

**6421(e)(2)(C)(iii)(II)** which has been specially designed to serve only as a mobile carriage and mount (and a power source, where applicable) for the particular machinery or equipment involved, whether or not such machinery or equipment is in operation, and

**6421(e)(2)(C)(iii)(III)** which, by reason of such special design, could not, without substantial structural modification, be used as a component of a vehicle designed to perform a function of transporting any load other than that particular machinery or equipment or similar machinery or equipment requiring such a specially designed chassis.

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-24

**6421(e)(2)(C)(iv)** USE-BASED TEST.— For purposes of clause (ii)(II), the use-based test is met if the use of the vehicle on public highways was less than 7,500 miles during the taxpayer's taxable year. This clause shall be applied without regard to use of the vehicle by any organization which is described in section 501(c) and exempt from tax under section 501(a).

**6421(f)** EXEMPT SALES; OTHER PAYMENTS OR REFUNDS AVAILABLE.—

**6421(f)(1)** GASOLINE USED ON FARMS.— This section shall not apply in respect of gasoline which was (within the meaning of paragraphs (1), (2), and (3) of section 6420(c)) used on a farm for farming purposes.

**6421(f)(2)** GASOLINE USED IN AVIATION.— This section shall not apply in respect of gasoline which is used as a fuel in an aircraft—

**6421(f)(2)(A)**  in aviation which is not commercial aviation (as defined in section 4083(b)), or

**6421(f)(2)(B)**  in commercial aviation (as so defined) with respect to the tax imposed by section 4081 at the Leaking Underground Storage Tank Trust Fund financing rate and, in the case of fuel purchased after September 30, 1995, at so much of the rate specified in section 4081(a)(2)(A) as does not exceed 4.3 cents per gallon.

**6421(f)(3)** GASOLINE USED IN TRAINS.— In the case of gasoline used as a fuel in a train, this section shall not apply with respect to—

**6421(f)(3)(A)**  the Leaking Underground Storage Tank Trust Fund financing rate under section 4081, and

**6421(f)(3)(B)**  so much of the rate specified in section 4081(a)(2)(A) as does not exceed the rate applicable under section 4041(a)(1)(C)(ii).

**6421(g)** APPLICABLE LAWS.—

**6421(g)(1)** IN GENERAL.— All provisions of law, including penalties, applicable in respect of the tax imposed by section 4081 shall, insofar as applicable and not inconsistent with this section, apply in respect of the payments provided for in this section to the same extent as if such payments constituted refunds of overpayments of the tax so imposed.

**6421(g)(2)** EXAMINATION OF BOOKS AND WITNESSES.— For the purpose of ascertaining the correctness of any claim made under this section, or the correctness of any payment made in respect of any such claim, the Secretary shall have the authority granted by paragraphs (1), (2), and (3) of section 7602(a) (relating to examination of books and witnesses) as if the claimant were the person liable for tax.

**6421(h)** REGULATIONS.— The Secretary may by regulations prescribe the conditions, not inconsistent with the provisions of this section, under which payments may be made under this section.

**6421(i)** INCOME TAX CREDIT IN LIEU OF PAYMENT.—

**6421(i)(1)** PERSONS NOT SUBJECT TO INCOME TAX.— Payment shall be made under subsections (a) and (b) only to—

**6421(i)(1)(A)**  the United States or an agency or instrumentality thereof, a State, a political subdivision of a State, or an agency or instrumentality of one or more States or political subdivisions, or

**6421(i)(1)(B)**  an organization exempt from tax under section 501(a) (other than an organization required to make a return of the tax imposed under subtitle A for its taxable year).

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-25

WK_ Current Internal Revenue Code SEC 6421 GASOLINE USED FOR CERTAIN NONHIGHWAY PURPOSES USED BY LOCAL TRANSIT SYSTEMS OR SOLD FOR CERTAIN EXEMPT PUR.pdf

**6421(i)(2) EXCEPTION.—** Paragraph (1) shall not apply to a payment of a claim filed under subsection (d) (2).

**6421(i)(3) ALLOWANCE OF CREDIT AGAINST INCOME TAX.—** For allowance of credit against the tax imposed by subtitle A, see section 34.

**6421(j) CROSS REFERENCES.—**

**6421(j)(1)** For civil penalty for excessive claims under this section, see section 6675.

**6421(j)(2)** For fraud penalties, etc., see chapter 75 ( section 7201 and following, relating to crimes, other offenses, and forfeitures).

**6421(j)(3)** For treatment of an Indian tribal government as a State (and a subdivision of an Indian tribal government as a political subdivision of a State), see section 7871.

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-26

# Current Internal Revenue Code, SEC. 6427. FUELS NOT USED FOR TAXABLE PURPOSES.

**6427(a) NONTAXABLE USES.—** Except as provided in subsection (k), if tax has been imposed under paragraph (2) or (3) of section 4041(a) or section 4041(c) on the sale of any fuel and the purchaser uses such fuel other than for the use for which sold, or resells such fuel, the Secretary shall pay (without interest) to him an amount equal to—

**6427(a)(1)** the amount of tax imposed on the sale of the fuel to him, reduced by

**6427(a)(2)** if he uses the fuel, the amount of tax which would have been imposed under section 4041 on such use if no tax under section 4041 had been imposed on the sale of the fuel.

**6427(b)** INTERCITY, LOCAL OR SCHOOL BUSES.

**6427(b)(1) ALLOWANCE.—** Except as otherwise provided in this subsection and subsection (k), if any fuel other than gasoline (as defined in section 4083(a)) on the sale of which tax was imposed by section 4041(a) or 4081 is used in an automobile bus while engaged in—

**6427(b)(1)(A)** furnishing (for compensation) passenger land transportation available to the general public, or

**6427(b)(1)(B)** the transportation of students and employees of schools (as defined in the last sentence of section 4221(d)(7)(C)),

the Secretary shall pay (without interest) to the ultimate purchaser of such fuel an amount equal to the product of the number of gallons of such fuel so used multiplied by the rate at which tax was imposed on such fuel by section 4041(a) or 4081, as the case may be.

**6427(b)(2) REDUCTION IN REFUND IN CERTAIN CASES.—**

**6427(b)(2)(A) IN GENERAL.—** Except as provided in subparagraphs (B) and (C), the rate of tax taken into account under paragraph (1) shall be 7.4 cents per gallon less than the aggregate rate at which tax was imposed on such fuel by section 4041(a) or 4081, as the case may be.

**6427(b)(2)(B) EXCEPTION FOR SCHOOL BUS TRANSPORTATION.—** Subparagraph (A) shall not apply to fuel used in an automobile bus while engaged in the transportation described in paragraph (1)(B).

**6427(b)(2)(C) EXCEPTION FOR CERTAIN INTRACITY TRANSPORTATION.—** Subparagraph (A) shall not apply to fuel used in any automobile bus while engaged in furnishing (for compensation) intracity passenger land transportation—

**6427(b)(2)(C)(i)** which is available to the general public, and

**6427(b)(2)(C)(ii)** which is scheduled and along regular routes, but only if such bus is a qualified local bus.

**6427(b)(2)(D) QUALIFIED LOCAL BUS.—** For purposes of this paragraph, the term "qualified local bus" means any local bus—

**6427(b)(2)(D)(i)** which has a seating capacity of at least 20 adults (not including the driver), and

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-27

**6427(b)(2)(D)(ii)**   which is under contract (or is receiving more than a nominal subsidy) from any State or local government (as defined in section 4221(d)) to furnish such transportation.

**6427(b)(3)** LIMITATION IN CASE OF NONSCHEDULED INTERCITY OR LOCAL BUSES.— Paragraph (1)(A) shall not apply in respect of fuel used in any automobile bus while engaged in furnishing transportation which is not scheduled and not along regular routes unless the seating capacity of such bus is at least 20 adults (not including the driver).

**6427(b)(4)** REFUNDS FOR USE OF DIESEL FUEL IN CERTAIN INTERCITY BUSES.— With respect to any fuel to which paragraph (2)(A) applies, if the ultimate purchaser of such fuel waives (at such time and in such form and manner as the Secretary shall prescribe) the right to payment under paragraph (1) and assigns such right to the ultimate vendor, then the Secretary shall pay the amount which would be paid under paragraph (1) to such ultimate vendor, but only if such ultimate vendor—

**6427(b)(4)(A)**   is registered under section 4101, and

**6427(b)(4)(B)**   meets the requirements of subparagraph (A), (B), or (D) of section 6416(a)(1).

**6427(c)** USE FOR FARMING PURPOSES.— Except as provided in subsection (k), if any fuel on the sale of which tax was imposed under section paragraph (2) or (3) of section 4041(a) or section 4041(c) is used on a farm for farming purposes (within the meaning of section 6420(c)), the Secretary shall pay (without interest) to the purchaser an amount equal to the amount of the tax imposed on the sale of the fuel. For purposes of this subsection, if fuel is used on a farm by any person other than the owner, tenant, or operator of such farm, the rules of paragraph (4) of section 6420(c) shall be applied (except that "liquid taxable under section 4041" shall be substituted for "gasoline" each place it appears in such paragraph (4)).

**6427(d)** USE BY CERTAIN AIRCRAFT MUSEUMS OR IN CERTAIN OTHER AIRCRAFT USES.— Except as provided in subsection (k), if—

**6427(d)(1)**   any gasoline on which tax is imposed by section 4081, or

**6427(d)(2)**   any fuel on the sale of which tax was imposed under section 4041,

is used by an aircraft museum (as defined in section 4041(h)(2)) in an aircraft or vehicle owned by such museum and used exclusively for purposes set forth in section 4041(h)(2)(C), or is used in a helicopter or a fixed-wing aircraft for a purpose described in section 4041(1), the Secretary shall pay (without interest) to the ultimate purchaser of such gasoline or fuel an amount equal to the aggregate amount of the tax imposed on such gasoline or fuel.

**6427(e)** ALCOHOL, BIODIESEL, OR ALTERNATIVE FUEL.— Except as provided in subsection (k)—

**6427(e)(1)** USED TO PRODUCE A MIXTURE.— If any person produces a mixture described in section 6426 in such person's trade or business, the Secretary shall pay (without interest) to such person an amount equal to the alcohol fuel mixture credit or the biodiesel mixture credit or the alternative fuel mixture credit with respect to such mixture.

**6427(e)(2)** ALTERNATIVE FUEL.— If any person sells or uses an alternative fuel (as defined in section 6426(d)(2)) for a purpose described in section 6426(d)(1) in such person's trade or business, the Secretary shall pay (without interest) to such person an amount equal to the alternative fuel credit with respect to such fuel.

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-28

**6427(e)(3) COORDINATION WITH OTHER REPAYMENT PROVISIONS.—** No amount shall be payable under paragraph (1) or (2) with respect to any mixture or alternative fuel with respect to which an amount is allowed as a credit under section 6426.

**6427(e)(4) REGISTRATION REQUIREMENT FOR ALTERNATIVE FUELS.—** The Secretary shall not make any payment under this subsection to any person with respect to any alternative fuel credit or alternative fuel mixture credit unless the person is registered under section 4101.

**6427(e)(5) LIMITATION TO FUELS WITH CONNECTION TO THE UNITED STATES.—** No amount shall be payable under paragraph (1) or (2) with respect to any mixture or alternative fuel if credit is not allowed with respect to such mixture or alternative fuel by reason of section 6426(i).

**6427(e)(6) TERMINATION.—** This subsection shall not apply with respect to—

> **6427(e)(6)(A)** any alcohol fuel mixture (as defined in section 6426(b)(3)) sold or used after December 31, 2011,

> **6427(e)(6)(B)** any biodiesel mixture (as defined in section 6426(c)(3)) sold or used after December 31, 2014,

> **6427(e)(6)(C)** any alternative fuel (as defined in section 6426(d)(2)) sold or used after December 31, 2014, and

> **6427(e)(6)(D)** any alternative fuel mixture (as defined in section 6426(e)(2)) sold or used after December 31, 2011.

**6427(h) BLEND STOCKS NOT USED FOR PRODUCING TAXABLE FUEL.—**

**6427(h)(1) GASOLINE BLEND STOCKS OR ADDITIVES NOT USED FOR PRODUCING GASOLINE.—** Except as provided in subsection (k), if any gasoline blend stock or additive (within the meaning of section 4083(a)(2)) is not used by any person to produce gasoline and such person establishes that the ultimate use of such gasoline blend stock or additive is not to produce gasoline, the Secretary shall pay (without interest) to such person an amount equal to the aggregate amount of the tax imposed on such person with respect to such gasoline blend stock or additive.

**6427(h)(2) DIESEL FUEL BLEND STOCKS OR ADDITIVES NOT USED FOR PRODUCING DIESEL.—** Except as provided in subsection (k), if any diesel fuel blend stock is not used by any person to produce diesel fuel and such person establishes that the ultimate use of such diesel fuel blend stock is not to produce diesel fuel, the Secretary shall pay (without interest) to such person an amount equal to the aggregate amount of the tax imposed on such person with respect to such diesel fuel blend stock.

**6427(i) TIME FOR FILING CLAIMS; PERIOD COVERED.—**

**6427(i)(1) GENERAL RULE.—** Except as otherwise provided in this subsection, not more than one claim may be filed under subsection (a), (b), (d), (h), (l), (m), or (o) by any person with respect to fuel used during his taxable year; and no claim shall be allowed under this paragraph with respect to fuel used during any taxable year unless filed by the purchaser not later than the time prescribed by law for filing a claim for credit or refund of overpayment of income tax for such taxable year. For purposes of this paragraph, a person's taxable year shall be his taxable year for purposes of subtitle A.

**6427(i)(2) EXCEPTIONS.—**

> **6427(i)(2)(A) IN GENERAL.—** If, at the close of any quarter of the taxable year of any person, at least $750 is payable in the aggregate under subsections (a), (b), (d), (h), (l), (m), and (o) of this section and section 6421 to such person with respect to fuel used during—

---

©2015 Wolters Kluwer. All rights reserved.
**Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm**

A-29

**6427(i)(2)(A)(i)**   such quarter, or

**6427(i)(2)(A)(ii)**   any prior quarter (for which no other claim has been filed) during such taxable year,

a claim may be filed under this section with respect to such fuel.

**6427(i)(2)(B)** TIME FOR FILING CLAIM.— No claim filed under this paragraph shall be allowed unless filed during the first quarter following the last quarter included in the claim.

**6427(i)(2)(C)** NONAPPLICATION OF PARAGRAPH.— This paragraph shall not apply to any fuel used solely in any off-highway business use described in section 6421(e)(2)(C).

**6427(i)(3)** SPECIAL RULE FOR MIXTURE CREDITS AND THE ALTERNATIVE FUEL CREDIT.—

**6427(i)(3)(A)** IN GENERAL.— A claim may be filed under subsection (e)(1) by any person with respect to a mixture described in section 6426 or under subsection (e)(2) by any person with respect to an alternative fuel (as defined in section 6426(d)(2)) for any period—

**6427(i)(3)(A)(i)**   for which $200 or more is payable under such subsection (e)(1) or (e)(2), and

**6427(i)(3)(A)(ii)**   which is not less than 1 week.

In the case of an electronic claim, this subparagraph shall be applied without regard to clause (i).

**6427(i)(3)(B)** PAYMENT OF CLAIM.— Notwithstanding subsection (e)(1) or (e)(2), if the Secretary has not paid pursuant to a claim filed under this section within 45 days of the date of the filing of such claim (20 days in the case of an electronic claim), the claim shall be paid with interest from such date determined by using the overpayment rate and method under section 6621.

**6427(i)(3)(C)** TIME FOR FILING CLAIM.— No claim filed under this paragraph shall be allowed unless filed on or before the last day of the first quarter following the earliest quarter included in the claim.

**6427(i)(4)** SPECIAL RULE FOR VENDOR REFUNDS.—

**6427(i)(4)(A)** IN GENERAL.— A claim may be filed under subsections (b)(4) and paragraph (4)(C) or (5) of subsection (l) by any person with respect to fuel sold by such person for any period—

**6427(i)(4)(A)(i)**   for which $200 or more ($100 or more in the case of kerosene) is payable under paragraph (4)(C) or (5) of subsection (l), and

**6427(i)(4)(A)(ii)**   which is not less than 1 week.

Notwithstanding subsection (l)(1), paragraph (3)(B) shall apply to claims filed under subsections (b)(4), (l)(4)(C)(ii), and (l)(5).

**6427(i)(4)(B)** TIME FOR FILING CLAIM.— No claim filed under this paragraph shall be allowed unless filed on or before the last day of the first quarter following the earliest quarter included in the claim.

**6427(j)** APPLICABLE LAWS.—

**6427(j)(1)** IN GENERAL.— All provisions of law, including penalties, applicable in respect of the taxes imposed by sections 4041 and 4081 shall, insofar as applicable and not inconsistent with this section, apply in respect of the payments provided for in this section to the same extent as if such payments constituted refunds of overpayments of the tax so imposed.

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-30

**6427(j)(2)** EXAMINATION OF BOOKS AND WITNESSES.— For the purpose of ascertaining the correctness of any claim made under this section, or the correctness of any payment made in respect of any such claim, the Secretary shall have the authority granted by paragraphs (1), (2), and (3) of section 7602(a) (relating to examination of books and witnesses) as if the claimant were the person liable for tax.

**6427(k)** INCOME TAX CREDIT IN LIEU OF PAYMENT.—

**6427(k)(1)** PERSONS NOT SUBJECT TO INCOME TAX.— Payment shall be made under this section only to—

**6427(k)(1)(A)**  the United States or an agency or instrumentality thereof, a State, a political subdivision of a State, or any agency or instrumentality of one or more States or political subdivisions, or

**6427(k)(1)(B)**  an organization exempt from tax under section 501(a) (other than an organization required to make a return of the tax imposed under subtitle A for its taxable year).

**6427(k)(2)** EXCEPTION.— Paragraph (1) shall not apply to a payment of a claim filed under paragraph (2), (3), or (4) of subsection (i).

**6427(k)(3)** ALLOWANCE OF CREDIT AGAINST INCOME TAX.— For allowances of credit against the income tax imposed by subtitle A for fuel used or resold by the purchaser, see section 34.

**6427(l)** NONTAXABLE USES OF DIESEL FUEL AND KEROSENE.—

**6427(l)(1)** IN GENERAL.— Except as otherwise provided in this subsection and in subsection (k), if any diesel fuel or kerosene on which tax has been imposed by section 4041 or 4081 is used by any person in a nontaxable use, the Secretary shall pay (without interest) to the ultimate purchaser of such fuel an amount equal to the aggregate amount of tax imposed on such fuel under section 4041 or 4081, as the case may be, reduced by any payment made to the ultimate vendor under paragraph (4)(C)(i).

**6427(l)(2)** NONTAXABLE USE.— For purposes of this subsection, the term "nontaxable use" means any use which is exempt from the tax imposed by section 4041(a)(1) other than by reason of a prior imposition of tax.

**6427(l)(3)** REFUND OF CERTAIN TAXES ON FUEL USED IN DIESEL-POWERED TRAINS.— For purposes of this subsection, the term "nontaxable use" includes fuel used in a diesel-powered train. The preceding sentence shall not apply with respect to—

**6427(l)(3)(A)**  the Leaking Underground Storage Tank Trust Fund financing rate under sections 4041 and 4081, and

**6427(l)(3)(B)**  so much of the rate specified in section 4081(a)(2)(A) as does not exceed the rate applicable under section 4041(a)(1)(C)(ii).

The preceding sentence shall not apply in the case of fuel sold for exclusive use by a State or any political subdivision thereof.

**6427(l)(4)** REFUNDS FOR KEROSENE USED IN AVIATION.—

**6427(l)(4)(A)** KEROSENE USED IN COMMERCIAL AVIATION.— In the case of kerosene used in commercial aviation (as defined in section 4083(b)) (other than supplies for vessels or aircraft within the meaning of section 4221(d)(3)), paragraph (1) shall not apply to so much of the tax imposed by section 4041 or 4081, as the case may be, as is attributable to—

**6427(l)(4)(A)(i)**  the Leaking Underground Storage Tank Trust Fund financing rate imposed by such section, and

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-31

WK_ Current Internal Revenue Code SEC 6427 FUELS NOT USED FOR TAXABLE PURPOSES.pdf

**6427(l)(4)(A)(ii)**  so much of the rate of tax specified in section 4041(c) or 4081(a)(2)(A)(iii), as the case may be, as does not exceed 4.3 cents per gallon.

**6427(l)(4)(B) KEROSENE USED IN NONCOMMERCIAL AVIATION.—** In the case of kerosene used in aviation that is not commercial aviation (as so defined) (other than any use which is exempt from the tax imposed by section 4041(c) other than by reason of a prior imposition of tax), paragraph (1) shall not apply to—

**6427(l)(4)(B)(i)**  any tax imposed by subsection (c) or (d)(2) of section 4041, and

**6427(l)(4)(B)(ii)**  so much of the tax imposed by section 4081 as is attributable to—

**6427(l)(4)(B)(ii)(I)**  the Leaking Underground Storage Tank Trust Fund financing rate imposed by such section, and

**6427(l)(4)(B)(ii)(II)**  so much of the rate of tax specified in section 4081(a)(2)(A)(iii) as does not exceed the rate specified in section 4081(a)(2)(C)(ii).

**6427(l)(4)(C) PAYMENTS TO ULTIMATE, REGISTERED VENDOR.—**

**6427(l)(4)(C)(i) IN GENERAL.—** With respect to any kerosene used in aviation (other than kerosene described in clause (ii) or kerosene to which paragraph (5) applies), if the ultimate purchaser of such kerosene waives (at such time and in such form and manner as the Secretary shall prescribe) the right to payment under paragraph (1) and assigns such right to the ultimate vendor, then the Secretary shall pay the amount which would be paid under paragraph (1) to such ultimate vendor, but only if such ultimate vendor—

**6427(l)(4)(C)(i)(I)**  is registered under section 4101, and

**6427(l)(4)(C)(i)(II)**  meets the requirements of subparagraph (A), (B), or (D) of section 6416(a)(1).

**6427(l)(4)(C)(ii) PAYMENTS FOR KEROSENE USED IN NONCOMMERCIAL AVIATION.—** The amount which would be paid under paragraph (1) with respect to any kerosene to which subparagraph (B) applies shall be paid only to the ultimate vendor of such kerosene. A payment shall be made to such vendor if such vendor—

**6427(l)(4)(C)(ii)(I)**  is registered under section 4101, and

**6427(l)(4)(C)(ii)(II)**  meets the requirements of subparagraph (A), (B), or (D) of section 6416(a)(1).

**6427(l)(5) REGISTERED VENDORS TO ADMINISTER CLAIMS FOR REFUND OF DIESEL FUEL OR KEROSENE SOLD TO STATE AND LOCAL GOVERNMENTS.—**

**6427(l)(5)(A) IN GENERAL.—** Paragraph (1) shall not apply to diesel fuel or kerosene used by a State or local government.

**6427(l)(5)(B) SALES OF KEROSENE NOT FOR USE IN MOTOR FUEL.—** Paragraph (1) shall not apply to kerosene (other than kerosene used in aviation) sold by a vendor—

**6427(l)(5)(B)(i)**  for any use if such sale is from a pump which (as determined under regulations prescribed by the Secretary) is not suitable for use in fueling any diesel-powered highway vehicle or train, or

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-32

**6427(l)(5)(B)(ii)**  to the extent provided by the Secretary, for blending with heating oil to be used during periods of extreme or unseasonable cold.

**6427(l)(5)(C) PAYMENT TO ULTIMATE, REGISTERED VENDOR.—** Except as provided in subparagraph (D), the amount which would (but for subparagraph (A) or (B)) have been paid under paragraph (1) with respect to any fuel shall be paid to the ultimate vendor of such fuel, if such vendor—

**6427(l)(5)(C)(i)**  is registered under section 4101, and

**6427(l)(5)(C)(ii)**  meets the requirements of subparagraph (A), (B), or (D) of section 6416(a)(1).

**6427(l)(5)(D) CREDIT CARD ISSUER.—** For purposes of this paragraph, if the purchase of any fuel described in subparagraph (A) (determined without regard to the registration status of the ultimate vendor) is made by means of a credit card issued to the ultimate purchaser, the Secretary shall pay to the person extending the credit to the ultimate purchaser the amount which would have been paid under paragraph (1) (but for subparagraph (A)), but only if such person meets the requirements of clauses (i), (ii), and (iii) of section 6416(a)(4)(B). If such clause (i), (ii), or (iii) is not met by such person extending the credit to the ultimate purchaser, then such person shall collect an amount equal to the tax from the ultimate purchaser and only such ultimate purchaser may claim such amount.

**6427(m) DIESEL FUEL USED TO PRODUCE EMULSION.—**

**6427(m)(1) IN GENERAL.—** Except as provided in subsection (k), if any diesel fuel on which tax was imposed by section 4081 at the regular tax rate is used by any person in producing an emulsion described in section 4081(a)(2)(D) which is sold or used in such person's trade or business, the Secretary shall pay (without interest) to such person an amount equal to the excess of the regular tax rate over the incentive tax rate with respect to such fuel.

**6427(m)(2) DEFINITIONS.—** For purposes of paragraph (1)—

**6427(m)(2)(A) REGULAR TAX RATE.—** The term "regular tax rate" means the aggregate rate of tax imposed by section 4081 determined without regard to section 4081(a)(2)(D).

**6427(m)(2)(B) INCENTIVE TAX RATE.—** The term "incentive tax rate" means the aggregate rate of tax imposed by section 4081 determined with regard to section 4081(a)(2)(D).

**6427(n) REGULATIONS.—** The Secretary may by regulations prescribe the conditions, not inconsistent with the provisions of this section, under which payments may be made under this section.

**6427(o) PAYMENTS FOR TAXES IMPOSED BY SECTION 4041(d).—** For purposes of subsections (a), (b), and (c), the taxes imposed by section 4041(d) shall be treated as imposed by section 4041(a).

**6427(p) CROSS REFERENCES.—**

**6427(p)(1)**  For civil penalty for excessive claims under this section, see section 6675.

**6427(p)(2)**  For fraud penalties, etc., see chapter 75 ( section 7201 and following, relating to crimes, other offenses, and forfeitures).

**6427(p)(3)**  For treatment of an Indian tribal government as a State (and a subdivision of an Indian tribal government as a political subdivision of a State), see section 7871.

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-33

# Current Internal Revenue Code, SEC. 6675. EXCESSIVE CLAIMS WITH RESPECT TO THE USE OF CERTAIN FUELS.

**6675(a) CIVIL PENALTY.—** In addition to any criminal penalty provided by law, if a claim is made under section 6416(a)(4) (relating to certain sales of gasoline), section 6420 (relating to gasoline used on farms), 6421 (relating to gasoline used for certain nonhighway purposes or by local transit systems), or 6427 (relating to fuels not used for taxable purposes) for an excessive amount, unless it is shown that the claim for such excessive amount is due to reasonable cause, the person making such claim shall be liable to a penalty in an amount equal to whichever of the following is the greater:

    **6675(a)(1)**  Two times the excessive amount; or

    **6675(a)(2)**  $10.

**6675(b) EXCESSIVE AMOUNT DEFINED.—** For purposes of this section, the term "excessive amount" means in the case of any person the amount by which—

    **6675(b)(1)**  the amount claimed under section 6416(a)(4), 6420, 6421, or 6427, as the case may be, for any period, exceeds

    **6675(b)(2)**  the amount allowable under such section for such period.

**6675(c) ASSESSMENT AND COLLECTION OF PENALTY.—**
    For assessment and collection of penalty provided by subsection (a), see section 6206.

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-34

WK_ Federal Tax Regulations 484041-15 Sales to States or political subdivisions thereof.pdf

# Federal Tax Regulations, Regulation, §48.4041-15., Internal Revenue Service, Sales to States or political subdivisions thereof

**(a)** *Application of exemption.*— The taxes imposed by section 4041 do not apply in the case of a sale of any liquid by any person for the exclusive use of any State or any political subdivision thereof, the District of Columbia, or in the case of the use of any liquid by any State or any political subdivision thereof, or the District of Columbia, as a fuel in a motor vehicle, motorboat, or aircraft.

**(b)** *Evidence required to establish exemption.*— Any vendor claiming exemption under this section shall be prepared to produce evidence that will establish the right to exemption from the tax imposed by section 4041. Generally, orders or contracts of a State or a political subdivision thereof, or the District of Columbia, when signed by an authorized officer thereof will be accepted in support of the exemption. However, in the absence of such orders or contracts, a certificate signed by such an authorized officer that the liquid sold was purchased for the exclusive use of a State or political subdivision thereof, or the District of Columbia, will be acceptable. The certificate shall be in substantially the following form:

**EXEMPTION CERTIFICATE**

(For use by States and local governments. (section 4041(g)(2) of the Internal Revenue Code).)

(Date) _____, 19____

I hereby certify that I am _____ of _____ (State or local government); that I am authorized to execute this certificate; and that

(Check applicable type of certificate)

__ the liquid or liquids specified in the accompanying order, or on the reverse side hereof, (or)

__ all orders placed by the purchaser for the period commencing _____ (Date) and ending _____ (Date) (period not to exceed 12 calendar quarters) are, or will be, purchased from _____ (Name of vendor) for the exclusive use of _____

(Government unit) of _____ (State or local government).

I understand that the exemption from tax in the case of sales of liquids under this exemption certificate is limited to the sale of articles purchased for the exclusive use of a State, etc. I understand that the fraudulent use of this certificate for the purpose of securing this exemption will subject me and all parties making such fraudulent use of this certificate to a fine of not more than $10,000, or to imprisonment for not more than five years, or both, together with costs of prosecution. _____

(Signature)

_____

(Address)

[Reg. §48.4041-15.]

□ [ *T.D. 7536, 3-27-78.  Redesignated by T.D. 8066, 1-2-86.*]

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-35

# Federal Tax Regulations, Regulation, §48.4041-17., Internal Revenue Service, Tax-free retail sales to certain nonprofit educational organizations

**(a) *In general.*—** The taxes imposed by section 4041 do not apply in the case of a sale of any liquid by any person to a nonprofit educational organization (as defined in paragraph (b) of this section) for its exclusive use, or in the case of the use of any liquid by such an organization. In the case of a school operated as an activity of an organization described in section 501(c)(3), as referred to in paragraph (b) of this section, the liquid must be sold for the exclusive use of the school, or the liquid must be used exclusively by the school.

**(b) *Definition of nonprofit educational organization.*—** For purposes of section 4041(g)(4) and this section, the term "nonprofit educational organization" means an organization described in section 170(b)(1)(A)(ii), that is exempt from income tax under section 501(a), whose primary function is the presentation of formal instruction and which normally maintains a regular faculty and curriculum and normally has a regularly enrolled body of pupils or students in attendance at the place where its educational activities are regularly carried on. The term also includes a school operated as an activity of an organization described in section 501(c)(3) which is exempt from income tax under section 501(a), provided such school normally maintains a regular faculty and curriculum and normally has a regularly enrolled body of pupils or students in attendance at the place where its educational activities are regularly carried on.

**(c) *Evidence required to establish tax-free sales to a nonprofit educational organization; general rule.*—** To establish the right to exemption, the retailer must obtain from the purchaser and retain in its possession a properly executed certificate as set forth in paragraph (d) of this section.

**(d) *Forms of exemption certificates.*—** The following forms of exemption certificates will be acceptable for the purpose of this section and must be adhered to in substance.

**(1)** Form of certificate for exemption from retailers excise taxes for use by a nonprofit educational organization, other than a school operated as an activity of a church or other exempt organization that in itself is not a nonprofit educational organization:

EXEMPTION CERTIFICATE
(For use by a nonprofit educational organization (other than a school operated as an activity of a church or other exempt organization that in itself is not a nonprofit educational organization) purchasing articles subject to retailers excise tax for its exclusive use)

(Date) ............................................. , 19 _____
I hereby certify that I am .... (Title) of
.... (Exempt organization); that I am authorized to execute this certificate; and that the articles specified in the accompanying order or on the reverse side hereof are purchased by such organization exclusively for use in its educational activities.
I understand that this exemption certificate is for use only by a nonprofit educational organization in the tax-free purchase for its exclusive use of articles subject to the retailers excise tax; and it is agreed that if any article purchased tax free under this exemption certificate is used otherwise, such fact will be reported to the retailer from whom the tax-free purchase was made.
The organization claiming exemption under this certificate has received a determination letter (or a ruling) from the Internal Revenue Service holding the organization to be exempt from income tax as an organization described in section 170(b)(1)(A)(ii) that is exempt from income tax under section 501(a) of the Internal Revenue Code (or has received a determination letter (or ruling) under the corresponding provisions of prior revenue laws). The date of such determination letter (or ruling) is   and such determination letter (or ruling) has not been withdrawn or revoked.

---

**©2015 Wolters Kluwer. All rights reserved.**
**Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm**

A-36

I understand that the fraudulent use of this certificate for the purpose of securing this exemption will subject me and all parties making such fraudulent use of this certificate to a fine of not more than $10,000, or to imprisonment for not more than five years, or both, together with costs of prosecution.

.....................................................................
(Signature of authorized individual)

.....................................................................
(Address)

**(2)**  Form of certificate for exemption from retailers excise taxes for use by a school operated as an activity of a church or other organization described in section 501(c)(3) that in itself is not an educational organization described in section 170(b)(1)(A)(ii) of the Code:

EXEMPTION CERTIFICATE

(For use by or for a school operated as an activity of a church or other organization described in section 501(c)(3) of the Internal Revenue Code of 1954, that is not, in itself, an educational organization described in section 170(b)(1)(A)(ii), purchasing articles subject to retailers excise tax for the exclusive use of the school)

(Date) ...................................... , 19 _____

I hereby certify that I am .... (Title) of .... (School, church, parish, etc.); that I am authorized to execute this certificate; and that the articles specified in the accompanying order or on the reverse side hereof are purchased by such institution exclusively for use in its educational activities.

I understand that this exemption certificate is for use only by a school operated as an activity of a church or other organization described in section 501(c)(3) of the Internal Revenue Code of 1954, in the tax-free purchase for its exclusive use of articles subject to the retailers excise tax; or by a church, or other organization in the tax-free purchase of any such article for the exclusive use of its school which qualifies for the exemption; and it is agreed that if any article purchased tax free under this exemption certificate is used otherwise, such fact will be reported to the retailer from whom the tax-free purchase was made.

The school operated as an activity of the church or other organization described in section 501(c)(3) of the Internal Revenue Code of 1954, normally maintains a regular faculty and curriculum and normally has a regularly enrolled body of pupils or students in attendance at the place where its educational activities are regularly carried on.

I understand that the fraudulent use of this certificate for the purpose of securing this exemption will subject me and all parties making such fraudulent use of this certificate to a fine of not more than $10,000, or to imprisonment for not more than five years, or both, together with costs of prosecution.

(Signature of authorized individual)

(Address)

**(e) Frequency of certificates.—** Where only occasional sales are made by a retailer to a nonprofit educational organization, as defined in paragraph (b) of this section, a separate exemption certificate should be furnished for each order. However, where sales by the retailer to the educational organization are regularly or frequently made, a certificate covering all orders for a specified period not to exceed 12 calendar quarters will be acceptable. Such certificate and proper records of invoices, orders, etc., relative to tax-free sales must be readily accessible for inspection by internal revenue officers and retained as provided in section 6001 of the Code and the regulations thereunder.

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-37

WK_ Federal Tax Regulations 484041-17 Tax-free retail sales to certain nonprofit educational organizations.pdf

**(f) Prima facie evidence of exempt use.—** The exemption certificate procured by the retailer from the purchasing nonprofit educational organization will be acceptable as prima facie evidence that the article is purchased for the exclusive use of such organization.

**(g) Exemption certificate not obtained prior to filing of retailer's excise tax return.—** If the sale is otherwise exempt but the exemption certificate is not obtained prior to the time the retailer files a return covering taxes due for the period in which the sale was made, the retailer must include the tax on such sale in its return for that period. However, if the certificate is later obtained, a credit may be taken on a subsequent return or a claim for refund of the tax paid on such sale may be filed, within the period of limitation prescribed by section 6511(b) of the Code and § 301.6511(b)-1 of this chapter. [Reg. §48.4041-17.]

□ [ *T.D. 7536, 3-27-78.  Redesignated by T.D. 8066, 1-2-86.*]

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-38

# Federal Tax Regulations, Regulation, §48.6416(a)-2., Internal Revenue Service, Credit or refund of tax on special fuels

**(a) Overpayments not described in section 6416(b)(2)**

**(1) Claims included.—** This paragraph applies only to claims for credit or refund of an overpayment of tax imposed by section 4041(a)(1)(A) (relating to tax on the sale of diesel fuel), section 4041(a)(2)(A) (relating to tax on the sale of special motor fuels), section 4041(c)(1)(A) (relating to tax on the sale of fuel for use in noncommercial aviation), or section 4041(c)(2)(A) (relating to the tax on sale of gasoline for use in noncommmercial aviation). It does not apply, however, to a claim for credit or refund of any overpayment described in paragraph (b) of this section which arises by reason of the application of section 6416(b)(2).

**(2) Supporting evidence required.—** No credit or refund of any overpayment to which this paragraph (a) applies shall be allowed unless the person who paid the tax submits with the claim a written consent of the ultimate purchaser to the allowance of the credit or refund, or submits with the claim a statement, supported by sufficient available evidence, asserting that—

    **(i)** The person has neither included the tax in the price of the fuel with respect to which it was imposed nor collected the amount of the tax from a vendee, and identifying the nature of the evidence available to establish these facts, or

    **(ii)** The person has repaid the amount of the tax to the ultimate purchaser of the fuel.

**(3) Ultimate purchaser.—** The term "ultimate purchaser", as used in paragraph (a)(2) of this section, means the vendee to whom the fuel was sold tax-paid by the person claiming credit or refund.

**(b) Overpayments determined under section 6416(b)(2)**

**(1) Claims included.—** This paragraph applies only to claims for credit or refund of amounts paid as tax under section 4041(a)(1)(A) (relating to tax on the sale of diesel fuel) or section 4041(a)(2)(A) (relating to tax on the sale of special motor fuels) that are determined to be overpayments by reason of section 6416(b)(2) (relating to tax payments in respect of certain uses, sales, or resales of a taxable article).

**(2) Supporting evidence required.—** No credit or refund of an overpayment to which this paragraph (b) applies shall be allowed unless the person who paid the tax submits with the claim a statement, supported by sufficient available evidence, asserting that—

    **(i)** The person has neither included the tax in the price of the fuel with respect to which it was imposed nor collected the amount of the tax from a vendee, and identifying the nature of the evidence available to establish these facts, or

    **(ii)** The person has repaid, or agreed to repay, the amount of the tax to the ultimate vendor of the fuel, or

    **(iii)** The person has secured, and will submit upon request of the Service, the written consent of the ultimate vendor to the allowance of the credit or refund.

**(3) Ultimate vendor.—** The term "ultimate vendor", as used in paragraph (b)(2) of this section, means the seller making the sale which gives rise to the overpayment or which last precedes the exportation or use which gives rise to the overpayment.

**(c) Nonapplication to tax on use of special fuels.—** This section shall not have any effect on overpayments of tax under section 4041(a)(1)(B) (relating to tax on the use of diesel fuel), section 4041(a)(2)(B) (relating to tax on the use of special motor fuels), section 4041(c)(1)(B) (relating to tax on the use of fuel

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-39

WK_ Federal Tax Regulations 486416a-2 Credit or refund of tax on special fuels.pdf

other than gasoline in noncommercial aviation), section 4041(c)(2)(B) (relating to tax on the use of gasoline in noncommercial aviation), or section 4042 (relating to tax on fuel used in commercial transportation on inland waterways). [Reg. §48.6416(a)-2.]

□ [ *T.D.* 8043, 8-8-85.]

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-40

# Federal Tax Regulations, Regulation, §48.6427-9., Internal Revenue Service, Diesel fuel and kerosene; claims by registered ultimate vendors (farming and State use)

**(a) Overview.—** This section provides rules under which certain registered ultimate vendors of taxed diesel fuel and kerosene may claim the income tax credits or payments allowed by section 6427(l)(5)(A). These claims relate to diesel fuel and kerosene sold for use on a farm for farming purposes and by a State. Claims relating to diesel fuel and kerosene used for other nontaxable purposes are made by ultimate purchasers under § 48.6427-8; claims relating to kerosene sold from a blocked pump are made by registered ultimate vendors (blocked pump) under § 48.6427-10; and claims relating to kerosene sold during certain periods of extreme cold for blending with diesel fuel to be used for heating purposes are made by registered ultimate vendors (blending) under § 48.6427-11.

**(b) Definitions**

**(1)** An *ultimate vendor*, as used in this section, is a person that sells undyed diesel fuel or undyed kerosene to—

**(i)** The owner, tenant, or operator of a farm for use by such person on a farm for farming purposes (as defined in § 48.6420-4);

**(ii)** A person other than the owner, tenant, or operator of a farm for use by such person for any of the purposes described in § 48.6420-4(d) (relating to cultivating, raising, or harvesting); or

**(iii)** Any State for its exclusive use.

**(2)** A *registered ultimate vendor* is an ultimate vendor that is registered under section 4101 as an ultimate vendor.

**(c) Conditions to allowance of credit or payment.—** A claim for an income tax credit or payment with respect to diesel fuel or kerosene is allowed by section 6427(l)(5)(A) only if—

**(1)** Tax was imposed by section 4081 on the diesel fuel or kerosene to which the claim relates;

**(2)** The claimant sold the diesel fuel or kerosene to—

**(i)** The owner, tenant, or operator of a farm for use by such person on a farm for farming purposes (as defined in § 48.6420-4);

**(ii)** A person other than the owner, tenant, or operator of a farm for use by such person for any of the purposes described in § 48.6420-4(d) (relating to cultivating, raising, or harvesting); or

**(iii)** Any State for its exclusive use;

**(3)** The claimant is a registered ultimate vendor; and

**(4)** The claimant has filed a timely claim for a credit or payment that contains the information required under paragraph (e) of this section.

**(d) Form of claim.—** Each claim for an income tax credit under this section must be made on Form 4136 (or on such other form as the Commissioner may designate) in accordance with the instructions for that form. Each claim for a payment under this section must be made on Form 8849 (or on such other form as the Commissioner may designate) in accordance with the instructions for that form.

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-41

WK_ Federal Tax Regulations 486427-9 Diesel fuel and kerosene claims by registered ultimate vendors farming and State use.pdf

**(e)** *Content of claim*

    **(1)** *In general.*— Each claim for credit or payment under this section must contain the following information with respect to all the diesel fuel or kerosene covered by the claim:

      **(i)**  The total number of gallons.

      **(ii)**  A statement by the claimant that—

         **(A)**  The diesel fuel or kerosene did not contain visible evidence of dye; or

         **(B)**  In the case of diesel fuel or kerosene that contains visible evidence of dye, explains the circumstances under which tax was imposed on that fuel.

      **(iii)**  The claimant's registration number.

      **(iv)**  The name and taxpayer identification number of each person that bought diesel fuel or kerosene from the claimant in a transaction described in paragraph (c)(2) of this section and the number of gallons that the claimant sold to that person.

      **(v)**  A statement that the claimant—

         **(A)**  Has not included the amount of the tax in its sales price of the diesel fuel or kerosene and has not collected the amount of tax from its buyer;

         **(B)**  Has repaid the amount of the tax to the ultimate purchaser of the fuel; or

         **(C)**  Has obtained the written consent of its buyer to the allowance of the claim.

      **(vi)**  A statement that the claimant has in its possession an unexpired certificate described in paragraph (e)(2) of this section and the claimant has no reason to believe any information in the certificate is false.

    **(2)** *Certificate*

      **(i)** *In general.*— The certificate to be provided to the ultimate vendor consists of a statement that is signed under penalties of perjury by a person with authority to bind the buyer, is in substantially the same form as the model certificate provided in paragraph (e)(2)(ii) of this section, and contains all information necessary to complete such model certificate. A new certificate must be given if any information in the current certificate changes. The certificate may be included as part of any business records normally used to document a sale. The certificate expires on the earlier of the following dates:

         **(A)**  The date one year after the effective date of the certificate.

         **(B)**  The date a new certificate is provided to the seller.

      **(ii)** *Model certificate.* CERTIFICATE OF FARMING USE OR STATE USE

(To support vendor's claim for a credit or payment under section 6427 of the Internal Revenue Code.)

Name, address, and employer identification number of vendor

The undersigned buyer ( "Buyer") hereby certifies the following under penalties of perjury:

Buyer will use the diesel fuel or kerosene to which this certificate relates—(check one)

©2015 Wolters Kluwer. All rights reserved.
**Subject to Terms & Conditions:** http://researchhelp.cch.com/License_Agreement.htm

A-42

WK_Federal Tax Regulations 486427-9 Diesel fuel and kerosene claims by registered ultimate vendors farming and State use.pdf

___ On a farm for farming purposes (as defined in § 48.6420-4(c) of the Manufacturers and Retailers Excise Tax Regulations) and Buyer is the owner, tenant, or operator of the farm on which the fuel will be used;

___ On a farm (as defined in § 48.6420-4(c)) for any of the purposes described in paragraph (d) of that section (relating to cultivating, raising, or harvesting) and Buyer is a person that is not the owner, tenant, or operator of the farm on which the fuel will be used; or

___ For the exclusive use of a State or local government, or the District of Columbia.

This certificate applies to the following (complete as applicable):

If this is a single purchase certificate, check here ___ and enter:

1. Invoice or delivery ticket number _____

2. ___ (number of gallons)

If this is a certificate covering all purchases under a specified account or order number, check here ___ and enter:

1. Effective date _____

2. Expiration date _____
(period not to exceed 1 year after the effective date)

3. Buyer account or order number _____

Buyer will provide a new certificate to the vendor if any information in this certificate changes.

If Buyer uses the diesel fuel or kerosene to which this certificate relates for a purpose other than stated in the certificate Buyer will be liable for tax.

Buyer understands that the fraudulent use of this certificate may subject Buyer and all parties making such fraudulent use of this certificate to a fine or imprisonment, or both, together with the costs of prosecution.

_____
Printed or typed name of person signing

_____
Title of person signing

_____
Name of Buyer

_____
Employer identification number

_____
Address of Buyer

Signature and date signed

**(f)** *Time and place for filing claim.*— For rules relating to the time for filing a claim under section 6427, see section 6427(i). A claim under this section is not filed unless it contains all the information required by paragraph (e) of this section and is filed at the place required by the form.

**(g)** *Effective date.*— This section is applicable with respect to diesel fuel after December 31, 1993, and with respect to kerosene after June 30, 1998. [Reg. §48.6427-9.]

▫ [ *T.D.* 8659, 3-13-96. *Amended by T.D.* 8879, 3-30-2000.]

©2015 Wolters Kluwer. All rights reserved.
Subject to Terms & Conditions: http://researchhelp.cch.com/License_Agreement.htm

A-43