No 13-353 T
(Judge Lynn J. Bush)

THE UNITED STATES COURT OF FEDERAL CLAIMS

J.J. POWELL, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**CROSS-MOTION OF THE UNITED STATES FOR
SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT AND BRIEF
IN SUPPORT THEREOF**

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

DAVID I. PINCUS
G. ROBSON STEWART
JENNIFER D. SPRIGGS
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 307-0840
(202) 514-9440 (facsimile)
jennifer.d.spriggs@usdoj.gov

12793998 1

Page(s)

## TABLE OF CONTENTS

Cross-Motion of the United States for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment ..................................................................................1

Brief for the United States in Support of its Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment ......................................3

Questions Presented ...........................................................................................4

Statutes and Regulations Involved ........................................................................4

Summary of Argument .......................................................................................4

Statement............................................................................................................6

Argument:

    I.    Plaintiff is not entitled to a refund of the tax paid on gasoline and diesel fuel it sold to state or local governments and non-profit educational organizations during the period in issue ...............................11

        A.  Plaintiff failed to meet the requirements necessary to claim a refund of tax paid on gasoline purchased by State and local governments and non-profit education organizations as an ultimate vendor .............................................................................12

        B.  Plaintiff failed to meet the requirements necessary to claim a refund of tax paid on diesel fuel purchased by State and local governments as an ultimate vendor...................................14

        C.  Plaintiff failed to meet the requirements necessary to claim a refund of tax paid on gasoline and diesel fuel purchased by State and local governments and non-profit educational organizations with credit cards issued by plaintiff ...................................16

12793998.1

Page(s)

II.     Plaintiff is liable for the penalty under I.R.C. § 6675 ..............................18

III.    Plaintiff cannot recover refunds for tax periods not included in its
        complaint..................................................................................................21


Conclusion ......................................................................................................................22


**Appendix:**

Declaration of Jennifer Dover Spriggs .....................................................A1

Exhibit 1- Original Certificate of Official Record for tax period ending
         September 30, 2009 ......................................................... A5

Exhibit 2- Original Certificate of Official Record for tax period ending
         December 31, 2009 .......................................................... A9

Exhibit 3- Original Certificate of Official Record for tax period ending March
         31, 2010 ....................................................................... A15

Exhibit 4- Original Certificate of Official Record for tax period ending June
         30, 2010 ....................................................................... A20

Exhibit 5- Original Certificate of Official Record for tax period ending
         September 30, 2010 ....................................................... A25

Exhibit 6- Original Certificate of Official Record for tax period ending
         December 31, 2010 ........................................................ A30

Exhibit 7- Form 8849- Claim for Refund of Excise Taxes "Undyed Diesel
         Fuel" for the 3rd Quarter 2009 (Excerpt)........................... A35

Exhibit 8- Form 8849-Claim for Refund of Excise Taxes "Gasoline" for the
         4th Quarter 2009 (Excerpt) ............................................. A41

Exhibit 9- Form 8849-Claim for Refund of Excise Taxes "Gasoline" for the
         4th Quarter 2009 (Excerpt)  ............................................ A46

12793998.1

Page(s)

**Appendix (continued):**

Exhibit 10- Form 8849-Claim for Refund of Excise Taxes "Undyed Diesel Fuel" for the 4th Quarter 2009 (Excerpt) ....................... A52

Exhibit 11- Form 8849-Claim for Refund of Excise Taxes "Undyed Diesel Fuel" for the 1st Quarter 2010 (Excerpt).......................... A60

Exhibit 12- Form 8849-Claim for Refund of Excise Taxes "Gasoline" for the 1st Quarter 2010 (Excerpt) .............................................. A66

Exhibit 13- Form 8849-Claim for Refund of Excise Taxes "Gasoline" for the 2nd Quarter 2010 (Excerpt).......................................A72

Exhibit 14- Form 8849-Claim for Refund of Excise Taxes "Undyed Diesel Fuel" for the 2nd Quarter 2010 (Excerpt) ......................................A77

Exhibit 15- Form 8849-Claim for Refund of Excise Taxes "Gasoline" for the 3rd Quarter 2010 (Excerpt) ........................................A82

Exhibit 16- Form 8849-Claim for Refund of Excise Taxes "Undyed Diesel Fuel" for the 3rd Quarter 2010 (Excerpt) ........................................A87

Exhibit 17- Form 8849- Claim for Refund of Excise Taxes "Gasoline" for the 4th Quarter 2010 (Excerpt) ............................................A92

Exhibit 18- Form 8849- Claim for Refund of Excise Taxes "Undyed Diesel Fuel" for the 4th Quarter 2010 (Excerpt) ......................................A97

Exhibit 19- Credit card application for the Pacific Pride Fuel Card .................A102

Exhibit 20- Letter of registration dated December 7, 1994 ..............................A103

Exhibit 21- Invoice dated July 31, 2009 ..........................................................A106

Exhibit 22- Certificates provided to plaintiff by its tax exempt customers .......A108

Exhibit 23- Plaintiff's Responses to Defendant's Interrogatories-Set No. 1 .....A203

Exhibit 24- Plaintiff's Responses to Defendant's Interrogatories-Set No. 2 .....A206

Exhibit 25- Letter to Cloyd F. Van Hook dated August 1, 2014 ......................A210

Exhibit 26- Letter to Jennifer Dover Spriggs dated August 29, 2014 ...............A220

iii

**Page(s)**

Exhibit 27- Transcript of the deposition of Robert Powell ...............................A222

Exhibit 28- Transcript of the deposition of Robert Hummel ............................A312

Exhibit 29- IRS Form 637-Application for Registration (For Certain Excise
Tax Activities) (blank form) .........................................................A336

Exhibit 30- IRS Schedule 8 (Form 8849)-Registered Credit Card Issuers
(blank form) ................................................................................A342

Exhibit 31- True and correct copy of a spreadsheet prepared by the defendant-
The Government's Analysis of Certificates Provided to Plaintiff... A344

**Statutory Appendix:**

26 U.S.C.:

§ 4101  ................................................................................................B-1

§ 6675  ................................................................................................B-3

§ 6416  ................................................................................................B-4

§ 6427  ................................................................................................ B-9

Treas. Reg. (26 C.F.R.):

§ 48.4041-0 ........................................................................................B-15

§ 48.4041-15 ......................................................................................B-16

§ 48.4041-17 ......................................................................................B-18

§ 48.6416(b)(2)-3 ...............................................................................B-22

§ 48.6427-9 ........................................................................................B-29

12793998.1

Page(s)

## TABLE OF AUTHORITIES

**Cases:**

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)........................................................................11

*Anderson v. Liberty Lobby Inc.*, 477 U.S. 242 (1986) .................................................................11

*Credit Life Insurance Co. v. United States*, 948 F.2d 723 (Fed. Cir. 1991)....................................20

*Cummins Engine Co. v. United States*, 923 F.2d 826 (Fed. Cir. 1991)..............................................21

*Dallin ex rel. Estate of Young v. United States*, 62 Fed. Cl. 589 (2004), *appeal dismissed, sub nom.*
   Dallin v. United States, 124 Fed. Appx. 600 (Fed .Cir. 2005)....................................................11

*Dougherty v. United States*, 18 Cl. Ct. 335(1989), *aff'd*, 914 F.2d 271 (Fed. Cir. 1990)................12

*Psaty v. United States*, 442 F.2d 1154 (3rd. Cir. 1971) ................................................................12

*Teets v. United States*, 29 Fed. Cl. 697 (1993),..............................................................................11

*Thomas International Ltd. v. United States*, 773 F.2d 300(Fed. Cir. 1985),
   *cert denied*, 475 U.S. 1945 (1986) ............................................................................................21

*Van Vorst v. United States*, 85 Fed. Cl. 227 (2008).........................................................................21

*Volvo Trucks of North America, Inc. v. United States*, 367 F.3d 204 (4th Cir. 2004)........................20

*Whiteside v. United States*, 26 Cl. Ct. 564 (1992)......................................................................11, 12

**Statutes:**

26 U.S.C.:

§ 4041 ...................................................................................................................................18

§ 4081 ...................................................................................................................................12

§ 4101................................................................................................4, 5, 8, 12-14, 16, 17, B-1

§ 6675...............................................................................................................4, 10, 18, 21, B-3

§ 6416................................................................................................4, 5, 10, 12, 14, 16, 17, 18, B-4

§ 6427....................................................................................................5, 10 ,14, 16, 17, 18, B-9

**Page(s)**

**Miscellaneous:**

Notice 2005-80, Section 4, 2005-2 C.B. 953 ................................................................................................. 17

Rule of the Court of Federal Claims:

    Rule 9 ........................................................................................................................................................ 21

    Rule 56 .................................................................................................................................................. 1, 11

Treas. Reg. (26 (C.F.R.):

    § 48.4041-0 .................................................................................................................. 18, B-15

    § 48.4041-15 ........................................................................................................ 9, 18, 19 , B-16

    § 48.4041-17 ........................................................................................................ 9, 18, 19, B-18

    § 48.6416 ................................................................................................................ 5, 13, B-22

    § 48.6427-9 ........................................................................................................ 5, 14, 15, 19, B-29

12793998.1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 13-353 T

(Judge Lynn J. Bush)

J. J. POWELL, INC.,

Plaintiff

v.

THE UNITED STATES,

Defendant

## CROSS-MOTION OF THE UNITED STATES FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Rules of the United States Court of Federal Claims (RCFC), the United States opposes plaintiff's motion for summary judgment, and further moves for entry of summary judgment in defendant's favor. Defendant cross-moves for summary judgment on the ground that there is no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law.

In support of this cross-motion and opposition, defendant relies upon the pleadings, the declaration of defendant's trial attorney with attached exhibits, and the accompanying brief.

Respectfully submitted,


s/Jennifer Dover Spriggs
JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 307-0840
Jennifer.D.Spriggs@USDOJ.Gov

CAROLINE D. CIRAOLO
    Acting Assistant Attorney General
DAVID I. PINCUS
    Chief, Court of Federal Claims Section
G. ROBSON STEWART
    Assistant Chief

s/G. Robson Stewart
Of Counsel
Attorneys for Defendant

June 10, 2015

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 13-353 T

(Judge Lynn J. Bush)

J. J. POWELL, INC.,

Plaintiff

v.

THE UNITED STATES,

Defendant

### BRIEF FOR THE UNITED STATES IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This action was brought by plaintiff for refund of federal excise tax, penalty, and interest in the amount of $40,756.89 for the quarter ended September 30, 2009. Defendant counterclaimed for the unpaid balance of the assessments for J.J. Powell, Inc. ("J.J. Powell") which totaled $194,597.32 for the quarters ending December 31, 2009, through December 31, 2010.[1]

---

[1] The amount of judgment upon defendant's counterclaim would be increased by the amount of accrued and assessed interest. In addition, it may be reduced if any amounts have been received by the Government from other sources with respect to these assessments. If the Court decides in its favor, defendant requests that the parties be allowed a period of thirty days in which to file a stipulation for entry of judgment reflecting their agreement with respect to the exact amount of the judgment to be entered on defendant's counterclaim.

## QUESTIONS PRESENTED

1. Whether plaintiff is entitled to a refund of excise tax paid with respect to gasoline and diesel fuel it sold to State and local governments and nonprofit educational organizations during the period in issue?

2. Whether plaintiff is liable for penalties under I.R.C. § 6675 for the period in issue?

3. Whether plaintiff is entitled to refunds for tax periods that were not included in the complaint?

4. Whether the Government is entitled to judgment on its counterclaim?

## STATUTES AND REGULATIONS INVOLVED

Sections 4101, 6416, 6427, 6675, and the Regulations thereunder.

## SUMMARY OF ARGUMENT

The material facts in this case are not in dispute. Plaintiff is a petroleum distributor and sells gasoline and diesel fuel to taxable and tax exempt customers. Plaintiff is registered under I.R.C. § 4101 as an ultimate vendor. As a registered ultimate vendor, plaintiff submitted quarterly claims for refund to the Internal Revenue Service ("IRS") on Forms 8849 seeking refunds of excise tax on gasoline and diesel fuel that it sold to State and local governments and nonprofit educational organizations. On audit, the IRS disallowed the refund claims sought in plaintiff's Forms 8849 for the period in issue. As a result of the audit, the IRS determined that plaintiff's refund claims exceeded the amount of refund that it was entitled to by law, making it liable for penalties under I.R.C. § 6675.

A registered ultimate vendor may make a claim for refund of excise tax with respect to sales of gasoline and diesel fuel sold to tax exempt entities, if, among other conditions, the fuel is purchased by the tax exempt entities without the use of a credit card. *See* § 6416(a)(4)(A) and

4

(B); § 6427(l)(5)(C) and (D).  Plaintiff contends that, as a registered ultimate vendor, it meets the requirements of § 6416(a)(1)(A) and § 6427(l)(5)(C) and is entitled to a refund of the excise tax paid on gasoline and diesel fuel it sells to tax exempt entities.  However, the undisputed facts in this action show that plaintiff failed to obtain certificates from the tax exempt entities that comply with the requirements of Treas. Reg. § 48.6416(b)(2)-3(b)(1)(i) and (ii) (for gasoline sales) and Treas. Reg. § 48.6427-9(e)(2) (for sale of diesel fuel).  Therefore, plaintiff failed to comply with the requirements necessary to claim a refund of excise tax for gasoline and diesel fuel sold to tax exempt entities.

Plaintiff issued credit cards to its tax exempt customers for use in purchasing gasoline and diesel fuel.  Under § 6416(a)(4)(B) and § 6427(l)(5)(D), if the ultimate vendor sells gasoline or diesel fuel to State and local governments or nonprofit educational organizations and the fuel is purchased with a credit card issued to the tax exempt entity, then the person extending the credit to the tax exempt customer, the credit card issuer, is entitled to claim the refund of the excise tax on those sales if, among other requirements, the credit card issuer is registered (as a credit card issuer) under § 4101(a)(4).  If the credit card issuer cannot meet the requirements of § 6416(a)(4)(B) or § 6427(l)(5)(D), then the person extending the credit is required to collect an amount equal to the tax from the ultimate purchaser [the tax exempt entity] and only the tax exempt entity may claim the refund.

There is no evidence in this case that plaintiff is registered as a credit card issuer under § 4101(a)(4) or filed Forms 8849 claims for refund as a credit card issuer. Therefore, plaintiff is not entitled to claim a refund for excise tax paid for the sale of gasoline and diesel fuel purchased by tax exempt entities with credit cards issued by J.J. Powell.

Plaintiff contends (Plt. Br. 1-2, 14-15) that it is entitled to refunds for tax periods that were not included in its complaint. The only refund claim attached to plaintiff's complaint is a claim for the quarter ending September 30, 2009. Plaintiff's attempt to recover refunds for tax periods that are not pending before the Court should be denied.

## STATEMENT

Plaintiff sells gasoline and diesel fuel to taxable, as well as, tax exempt entities. (Def. Ex. 23.) Plaintiff is charged a tax-included price by its suppliers when it purchases the gasoline and diesel fuel used in its operations. (*Ibid.*) The price that J.J. Powell charges its nonexempt customers for both gasoline and diesel fuel is based on the market price and includes excise tax. (*Ibid.*) Most of plaintiff's exempt customers are small municipalities, townships, boroughs, and nonprofit educational organizations. (*Ibid.*) Robert Powell, a vice-president at J. J. Powell, testified at his deposition that the price that plaintiff charged its tax exempt customers for gasoline and diesel fuel did not include excise tax. (Def. Ex. 27 at A237-238.)

Plaintiff delivers gasoline and diesel fuel to customers by truck delivery and retail fueling islands. Most of plaintiff's sales to tax exempt entities occur at fueling islands where the customer uses a credit card issued by J.J. Powell. (Def. Ex. 23.) Plaintiff owns some of the retail fueling islands that its nontaxable customers use; however, sales to nontaxable customers also occur at fueling stations not owned by plaintiff. (Def. Ex. 24.) J.J. Powell issues credit cards to its customers, including, the tax exempt entities at issue in this action. (*Ibid.*) The credit card that J.J. Powell issues to its customers is a Pacific Pride credit card that lists J.J. Powell as the issuing entity. (Def. Exs. 24, 27 at A240-241.) J.J. Powell's invoices state that it is an independent franchisee of Pacific Pride. (Def. Ex. 21.) The Pacific Pride credit card offers plaintiff's customers access to a national cardlock fueling network. (Def. Ex. 27 at A240-241.)

A cardlock facility is an unmanned commercial fueling site where commercial customers use fuel pumps by inserting a credit card and a pin. (Def. Ex. 24.) To obtain a Pacific Pride credit card, plaintiff's customers submit a credit application to J.J. Powell and plaintiff makes the credit decisions on the applications. (Def. Exs. 19, 24, 27 at A242.) J.J. Powell carries the credit on the Pacific Pride credit cards that it issues. (Def. Ex. 27 at A242.)

Mr. Powell testified that plaintiff's taxable customers that purchase fuel using the Pacific Pride credit card are taxed on the fuel they purchase, *i.e.*, the tax is included in the fuel price. (*Id.* at A236.) Mr. Powell also testified that when plaintiff's tax exempt customers use the Pacific Pride credit card to purchase fuel, the excise tax is not included in the price they are charged for fuel. (*Id.* at A238.) Plaintiff uses a computer program to prepare a daily price computation for credit card sales that flags the taxable and nontaxable transactions. (*Id.* at A256.)

Mr. Powell testified that plaintiff was aware of the requirements for maintaining exemption certificates in connection with filing refund claims [for excise tax paid on taxable fuel sold to State and local governments and nonprofit educational organizations] however, plaintiff did not seek professional advice from an accountant on those requirements or the proper procedures for filing such refund claims. (*Id.* at A266.) Mr. Powell testified that there were no discussions at J.J. Powell during the period in issue regarding whether the exemption certificates it maintained in connection with its excise tax refund claims were in compliance with the statutory and regulatory requirements. (*Id.* at A266, A269-270.) Mr. Powell testified that plaintiff relied on information from a trade association and its management's experience in the industry in maintaining the exemption certificates that it relied upon in support of its refund claims. (*Id.* at A269-270.)

During the period in issue, plaintiff was registered under I.R.C. § 4101 as an Ultimate Vendor ("UV"). (Def. Ex. 20.) Plaintiff relies upon a letter of registration from the Internal Revenue Service dated December 7, 1994, which advises that "Your company [J.J. Powell] is registered as an Ultimate Vendor of Diesel Fuel." (*Ibid.*) The December 7, 1994 letter of registration also states that "A certificate from a . . . state or local government must be obtained and must be renewed every 12 months. " (*Ibid.*) The December 7, 1994, letter of registration does not state that plaintiff was registered as an Ultimate Vendor of gasoline. (*Ibid.*)

Plaintiff filed IRS Forms 8849-Claim for Refund of Excise Taxes, to claim a refund of the excise tax on gasoline and diesel fuel that it sold for nontaxable use during the period in issue. (Def. Exs. 7-18.) Plaintiff attached IRS Schedule 2-Sales by Registered Ultimate Vendors ("Schedule 2") to each of the Forms 8849 it filed for the period in issue. (*Ibid.*) The instructions provided by the IRS for preparing Schedule 2 cautions that claims cannot be made on this form for diesel fuel or gasoline purchased by a state or local government or nonprofit educational organization with a credit card. (*Ibid.*) The majority of plaintiff's sales of fuel to its tax exempt customers during the period in issue were completed using the Pacific Pride credit card which plaintiff issued. (Def. Ex. 23.)

In the Form 8849 claims for refund filed by plaintiff for sales of diesel fuel for use by a state or local governments during the period in issue, plaintiff certified that it has "obtained the required certificate from the buyer." (Def. Exs. 7-18.) Similarly, in the Form 8849 claims for refund filed by plaintiff for the sale of gasoline for use by tax exempt entities, plaintiff certified that it had "obtained an unexpired certificate" from each buyer. (*Ibid.*)

8

The Form 8849 claims for refund filed by plaintiff for the period in issue were all filed by plaintiff as a registered ultimate vendor. (*Ibid.*) Plaintiff did not identify itself as a "registered credit card issuer" or attach the IRS Schedule 8-Registered Credit Card Issuers, ("Schedule 8") on any of the Forms 8849 it filed during the period in issue. (*Ibid.*) The Schedule 8 is used by registered credit card issuers to make a claim for refund on certain sales of diesel fuel or gasoline to state and local governments and sales of gasoline to nonprofit educational organizations. (Def. Ex. 30.) IRS Form 637, Application for Registration (for Certain Excise Tax Activities) is the form used to apply for excise tax registration for activities and it lists "Credit Card Issuer" as a separate registration category ("CC") from the Ultimate Vendor ("UV") registration category. (Def. Ex. 29.)

Plaintiff maintained exemption certificates in connection with its refund claims for tax paid on fuel sold to its tax exempt customers. (Def. Ex. 22.) In reliance upon Treas. Reg. § 48.4041-15 and Treas. Reg. § 48.4041-17, the form of certificate that plaintiff obtained from its tax exempt customers during the period in issue covered, in most cases, a period of three years or more. [2] (Compl. (Ex. 4), Def. Exs. 22, 31.) In addition, none of the exemption certificates that plaintiff maintained in connection with its refund claims, identified the specific type of fuel that was being purchased and used by the tax exempt entities. (Def. Exs. 22, 31.) Most of the exemption certificates plaintiff relies upon were executed by the tax exempt entities months or even years after the beginning dates identified for the fuel purchases. (*Ibid.*) Some of the exemption certificates were executed by the tax exempt entities months after the ending dates

---

[2] Plaintiff submitted three certificates that were limited to a period covering one year, but they were all executed months after the beginning date, did not identify the fuel type, vendor, or expiration date. (Def. Exs. 22, 31.)

identified for the fuel purchases had ended. (*Ibid.*) Several of the exemption certificates were executed by the tax exempt entity but were never dated. (*Ibid.*) None of the exemption certificates identifies plaintiff as the vendor. (*Ibid.*) The exemption certificates that plaintiff relies upon do not contain an effective date or an expiration date as required by Regulation. (*Ibid.*)

Robert Hummel, an employee of J.J. Powell, testified at his deposition that he prepared the Forms 8849 for plaintiff and kept all records related to tax exempt sales. (Def. Ex. 28 at A321.) Mr. Hummel testified that he understood that in submitting the Form 8849 to the IRS, plaintiff was required to have valid exemption certificates for the tax exempt entities that it sold fuel to. (*Id.* at A332.) Mr. Hummel testified that he did not review the exemption certificates provided by the tax exempt entities in connection with the preparation of plaintiff's Form 8849 refund claims. (*Id.* at A331-332.) Mr. Hummel advised that no one ever verified or even discussed with him whether the plaintiff had valid certificates before its refund claims were filed. (*Id.* at A333-334.)

The IRS audited the Form 8849 refund claims submitted by plaintiff for the period in issue and determined that the refund claims did not comply with the applicable statutes and Regulations (I.R.C. §§ 6416 and 6427 and the Regulations thereunder) and should be denied. (Compl.) As a result of the audit, the IRS also assessed plaintiff penalties under I.R.C. § 6675 for filing refund claims in excess of the amount it could recover. (*Ibid.*)

On November 15, 2012, the IRS received a payment from plaintiff in the amount of $40,756.89 for the quarter ended September 30, 2009. (Def. Ex. 1.) On or about November 13, 2012, plaintiff submitted a Form 843 Claim for Refund for the period ending September 30, 2009. (Compl.) By letter dated April 25, 2013, the IRS acknowledged receipt of the plaintiff's

refund claim for third quarter of 2009, notified plaintiff that it would abate the failure to pay

penalty, but did not otherwise act on the refund claim. (*Ibid.*) Plaintiff did not attach any refund

claims to the complaint other than the claim for the period ending September 30, 2009. (*Ibid.*)

Plaintiff filed its complaint in this action on May 23, 2013.

**ARGUMENT**

**I.**

**PLAINTIFF IS NOT ENTITLED TO A REFUND OF
THE TAX PAID ON GASOLINE AND DIESEL FUEL
IT SOLD TO STATE OR LOCAL GOVERNMENTS
AND NONPROFIT EDUCATIONAL ORGANIZATIONS
DURING THE PERIOD IN ISSUE**

Summary judgment is appropriate when, viewing the evidence in the light most favorable

to the non-moving party, there is no genuine issue as to any material fact and the moving party is

entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48

(1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); RCFC 56. A factual dispute is

"material" only if its resolution is relevant to the outcome of the suit, and it is "genuine" only if a

reasonable [trier of fact] could find for the nonmoving party. *Anderson*, 477 U.S. at 247-248.

As a party seeking summary judgment, the Government has the initial burden of

production on its counterclaim against plaintiff. The Government establishes a prima facie case

as to plaintiff's liability on the Government's counterclaim by offering into evidence a certified

copy of the assessments against J.J. Powell. *See Dallin ex rel. Estate of Young v. United

States*, 62 Fed. Cl. 589, 600 (2004), *appeal dismissed*, s*ub nom. Dallin v. United States*, 124

Fed. Appx. 660 (Fed. Cir. 2005); *Teets v. United States*, 29 Fed. Cl. 697, 702 (1993), *aff'd*,

39 F.3d 1196 (Fed. Cir. 1994); *Whiteside v. United States*, 26 Cl. Ct. 564, 567 (1992).

The material facts regarding plaintiff's sale of gasoline and diesel fuel to tax exempt entities and the records that plaintiff maintained in connection with those sales are not in dispute. Therefore, the Court can resolve the issues in this action as a matter of law.

Once proof of a proper assessment has been offered, the burden shifts to the plaintiff to prove by a preponderance of the evidence that it is not liable for the amount of the government's counterclaim. *Psaty v. United States*, 442 F.2d 1154, 1159-60 (3rd. Cir. 1971); *Young*, 62 Fed. Cl. at 600; *Dougherty v. United States*, 18 Cl. Ct. 335, 350 (1989), *aff'd*, 914 F.2d 271 (Fed. Cir. 1990); *Whiteside*, 26 Cl. Ct. at 567. The Government has met this burden in this case by introducing certified copies of plaintiff's Certificates of Assessments and Payments for the periods in issue showing the taxable period, the character and amount of the assessment, and the assessment date. Accordingly, the burden then shifts to plaintiff to demonstrate that it was not liable for the assessed excise tax and penalties.

### A. Plaintiff failed to meet the requirements necessary to claim a refund of tax paid on gasoline purchased by State or local governments and nonprofit educational organizations as an ultimate vendor

Under § 6416(a)(4)(A), if an ultimate vendor purchases gasoline on which tax imposed by § 4081 has been paid and sells the gasoline to a State or local government or a nonprofit educational organization, the ultimate vendor is treated as the person who paid the tax if the ultimate vendor is registered under § 4101 and the tax exempt entity did not purchase the gasoline with a credit card. *See* 6416(a)(4)(B). The parties agree that plaintiff was registered

under § 4101 as an ultimate vendor[3] and that it sold gasoline to State and local governments and nonprofit educational organizations at a price that did not include excise tax.

Under Treas. Reg. § 48.6416(b)(2)-3(b)(1)(i) and (ii), an ultimate vendor claiming a refund of excise tax paid on gasoline sold to tax exempt entities must, among other requirements, obtain a certificate that is signed by the tax exempt entity, includes the name and address of the vendor, and identifies the fuel that is being purchased. According to the terms of plaintiff's registration as an ultimate vendor, the IRS required that certificates obtained from tax exempt entities to support claims for refund of excise tax should be renewed annually.

Plaintiff's refund claims as an ultimate vendor for excise tax paid on gasoline sold to tax exempt entities fail because the certificates plaintiff maintained in support of its claims do not comply with the requirements of Treas. Reg. § 48.6416(b)(2)-3(b)(1)(ii). The certificates relied upon by plaintiff (Def. Ex. 22) fail to identify the type of fuel that was purchased and do not identify the vendor as required by the Regulation. In addition, the certificates were signed months and in some cases years after the beginning dates set forth in the certificates and many were signed months after the ending dates identified in the certificates had expired. (Def. Exs. 22, 31.) These certificates were not executed and signed by the ultimate purchasers in accordance with the requirements of Treas. Reg. § 48.6416(b)(2)-3(b)((1)(ii). In addition, the certificates maintained by plaintiff to support the refunds claimed for sales of gasoline to tax exempt entities generally cover a three or four year period, this clearly violates the terms set forth in plaintiff's

---

[3] Plaintiff's letter of registration refers to the sale of diesel fuel but does not include any reference to the sale of gasoline. (Def. Ex. 20.)

letter of registration as an ultimate vendor which required that certificates maintained by plaintiff be renewed annually.

### B. Plaintiff failed to meet the requirements necessary to claim a refund of tax paid on diesel fuel purchased by State or local governments as an ultimate vendor.

Section 6427(l)(5)(C) provides that a refund of tax imposed on diesel fuel purchased by a State or local government, without a credit card, is payable to the ultimate vendor, if the vendor is registered under § 4101, and meets the requirements of subparagraph (A), (B), or (D) of § 6416(a)(1). Under § 6416(a)(1) (A), (B) or (D), the vendor must establish under Regulations prescribed by the Secretary that it: 1) has not included the tax in the price of the article and has not collected the amount of tax from the purchaser; or 2) has repaid the amount of the tax to the ultimate purchaser; or 3) has filed with the Secretary the written consent of the ultimate purchaser to the refund (if the vendor repaid the amount of tax to the ultimate purchaser). The parties do not dispute that plaintiff has not included the tax in the price of the diesel fuel sold to State or local governments.

Under Treas. Reg. § 48.6427-9(c), an ultimate vendor claiming a refund of excise tax paid on diesel fuel sold to a State or local government for its exclusive use must, among other requirements, file a claim that contains the information required by Treas. Reg. § 48.6427-9(e). Claims are valid under Treas. Reg. § 48.6427-9(e)(1) if they contain, among other requirements, a statement that the claimant has in its possession an unexpired certificate described in Treas. Reg. § 48.6427-9(e)(2) and the claimant has no reason to believe any information in the certificate is false. Treas. Reg. § 48.6427-9(e)(2) provides that the certificate to be provided to the ultimate vendor in support of a claimed refund of tax paid for diesel fuel sold to a State or local government must include, in part: 1) the name, address, and employer identification

14

number of the vendor; 2) a statement that the buyer will use the diesel fuel to which the

certificate relates for the exclusive use of a State or local government; 3) an effective date and an

expiration date (not to exceed 1 year after the effective date) for purchases under a specific

account or order number; 4) the name of the person signing the certificate and title; 5) the name,

employer identification number, and address of the buyer; 6) a signature and the date signed.

The certificates plaintiff maintained in support of its claim for refund of excise tax paid

on diesel fuel sold to State or local governments do not comply with the requirements of Treas.

Reg. § 48.6427-9(e)(2) and are insufficient to support the refunds claimed. The certificates fail

to provide the name, address, and employer identification number of the vendor and to identify

the type of fuel purchased as required by the Regulation. The certificates also fail to provide an

effective date and an expiration date that does not exceed one year, and to include the buyer

account or order number needed to comply with Treas. Reg. § 48.6427-9(e)(2).[4]

Treas. Reg. § 48.6427-9(d), requires that each claim for refund of tax paid on diesel fuel

sold to a State or local government must be made on Form 8849 and in accordance with the

instructions on that form. The instructions to Form 8849 require that the taxpayer obtain the

certificates required by Treas. Reg. § 48.6427-9(e)(2) at the time the claim is filed. Plaintiff's

failure to obtain certificates that comply with Treas. Reg. § 48.6427-9(e)(2) renders the claims

submitted by plaintiff on Form 8849 (for refund of excise tax on diesel fuel sold to State and

local governments) invalid.

---

[4] Several of the certificates relied upon by plaintiff were signed but undated. (*See* Def. Exs. 22, 31.) Inclusion of the date signed is required for a valid certificate under Treas. Reg. § 48.6427-9(e)(2).

### C. Plaintiff failed to meet the requirements necessary to claim a refund of tax paid on gasoline and diesel fuel purchased by State or local governments and nonprofit educational organizations with credit cards issued by plaintiff.

Under § 6416(a)(4)(B) and § 6427(l)(5)((D), if the purchase of gasoline or diesel fuel (determined without regard to the registration status of the ultimate vendor) is made by means of a credit card issued to the ultimate purchaser, the person extending the credit is treated as the person who paid the tax, but only if, among other requirements, the person is registered under § 4101, as a credit card issuer. If the requirements of § 6416(a)(4)(B) and § 6427(l)(5)(D) are not met, then the person extending credit to the ultimate purchaser must collect an amount equal to the tax from the ultimate purchaser and only the ultimate purchaser may claim the refund of the excise tax.

Plaintiff filed refunds claims as a registered ultimate vendor for tax paid on gasoline and diesel fuel purchased by tax exempt entities with credit cards. There is no evidence that plaintiff registered as a credit card issuer as required by § 4101 or filed any claim for refund on Form 8849 as a credit card issuer. The procedures for claiming refunds of tax on Form 8849 relating to sales to State and local governments and nonprofit educational organization made using credit cards are different for registered credit card issuers than they are for ultimate vendor registrants.

Credit card issuers registered by the IRS under § 4101 have activity letters ("CC") which are distinct from the activity letter designating an ultimate vendor ("UV"). (Def. Ex. 29.) The instructions for Form 8849 indicate that claims by registered credit card issuers must be filed separately from claims made by ultimate vendors. (Def. Exs. 7-18.) Claims cannot be made on Schedule 2 to Form 8849 for diesel fuel or gasoline purchased by a State or local government or nonprofit educational organization for its exclusive use with a credit card issued to the tax exempt entity by a credit card issuer. Credit card issuers claiming refunds on Form 8849 must

file a Schedule 12 while ultimate vendors file a Schedule 2.  Plaintiff filed Forms 8849 and

attached Schedule 2, claiming refunds for all of its sales to tax exempt entities, including claims

for refund of sales to tax exempt entities made with credit cards.

Section 4101(a)(4) provides, in part, that  "The Secretary shall require registration by any

person which . . . extends credit by credit card to any ultimate purchaser described in

subparagraph (C) or (D) of section 6416(b)(2) [state or local governments and nonprofit

educational organizations] for the purchase of taxable fuel" and "does not collect the amount of

such tax from such ultimate purchaser."  A credit card issuer must be registered under § 4101, as

a credit card issuer, in order to claim a refund with respect to taxable fuel purchased with a credit

card issued to an exempt user. *See* § 6416(a)(4)(B), § 6427(l)(5)(D), and Notice 2005-80,

Section 4(e), 2005-2 C.B. 953 (a claim for refund is allowable under § 6416(a)(4)(B) or

§ 6427(l)(5)(D) if the claimant is a registered credit card issuer).

Although plaintiff filed claims for refund for excise tax paid on gasoline and diesel fuel

purchased with credit cards issued to the tax exempt entities, plaintiff provided no evidence that

it complied with the statutory requirement that it register as a credit card issuer under

§ 4101 before making such claims.[5] Because plaintiff is not a registered credit card issuer, its

claims for refund of tax paid for  gasoline and diesel fuel purchased with credit cards issued to

tax exempt entities should be denied.

---

[5] A person that is registered under § 4101 as an ultimate vendor is treated as registered for
purposes of claims related to the tax on fuels that are purchased without the use of a credit card.
*See* Notice 2005-80, Section 4, 2005-2 C.B. 953.

## II.

### PLAINTIFF IS LIABLE FOR THE
### PENALTY UNDER I.R.C. § 6675.

Plaintiff's assertion (Plt. Br. 11-14) that it is not liable for the penalty under § 6675 because its claims for refund were based on a good-faith interpretation of the law and were not excessive within the meaning of the statute is without merit. As relevant to this action, § 6675 imposes a penalty if a refund claim is made under § 6416(a)(4) (refund statute for gasoline excise tax) or § 6427 (refund statute for diesel fuel excise tax) "for an excessive amount." Section 6675(b) defines the term "excessive amount" as the amount claimed under § 6416(a)(4) and § 6427, for any period which exceeds the amount allowable under those provisions.

Section 6675 provides that the penalty applies "unless it is shown that the claim for such excessive amount is due to reasonable cause. . ." There is no support for plaintiff's assertion that reasonable cause can be demonstrated based on the facts in this case.

The exemption certificates maintained by plaintiff to support the refunds claimed for tax paid on sales of both diesel fuel and gasoline to State and local governments and nonprofit educational organizations were the certificates described in Treas. Reg. § 48.4041-15(b). (Compl.) However, the Regulations that plaintiff relies upon, Treas. Reg. § 48.4041-15 and Treas. Reg. § 48.4041-17, do not apply to the sales or uses of diesel fuel after December 31, 1993. *See* Treas. Reg. § 48.4041-0. Prior to 1994, the type of certificates that plaintiff relies upon were required in order to support the *exemption* from § 4041 tax on diesel fuel and those certificates differ from the certificates required to support a claim for refund of taxes paid on fuel sales to State and local governments and nonprofit educational organizations. The Regulations that plaintiff relies upon, Treas. Reg. § 48.4041-15 and Treas. Reg. § 48.4041-17, are also

18

inapposite because they did not apply to gasoline sales and did not apply to claims for refund of excise tax.

There is no support for plaintiff's assertion (Plt. Br. 14) that reasonable cause can be demonstrated by contrasting the expired Treas. Reg. § 48.4041-15 and Treas. Reg. § 48.4041-17, which were promulgated with respect to claimed *exemptions from* tax on diesel fuel prior to 1994, with the Regulations applicable to this case which govern refund claims for tax paid on the sale of gasoline and diesel fuel to tax exempt entities. Accordingly, to the extent that plaintiff viewed the pre-1993, version of Treas. Reg. § 48.4041-15 and Treas. Reg. 48. § 4041-17, as controlling authority in this case, its analysis is legally deficient and plaintiff has not articulated facts that support its claim of reasonable cause.

The Court should reject plaintiff's assertion (Pl. Br. 1) that the issue in this case is whether plaintiff "dotted the i's and crossed the t's" in attempting to comply with the applicable statutes and Regulations. Plaintiff's contention (Plt. Br. 14) that it substantially complied with the specific requirements of the Code and that it complied with the "spirit and perhaps the letter of the regulations" lacks merit. The statutes and Regulations at issue in this action are clear, unambiguous, and are not in conflict. Plaintiff's failure to comply with those statutes and Regulations is a substantive deficiency that precludes its entitlement to the refunds claimed in this action

Although the applicable statutes and Regulations set forth procedures to be followed, those requirements are substantive, because adherence to the procedures is a factor in determining whether a taxpayer is entitled to a refund of excise tax paid on fuel sold to tax exempt entities. In addition, the requirement under Treas. Reg. § 48.6427-9(e)(2), that the taxpayer obtain an unexpired certificate (*i.e.*, one maintained for no more than a year from the

effective date) is not an ancillary requirement but guards against fraud and changed circumstances.

The Federal Circuit adopted a restricted view of the substantial compliance doctrine in *Credit Life Insurance Co. v. United States*, 948 F.2d 723, 726-27 (Fed. Cir. 1991), where the court stated:

> The common law doctrine of substantial compliance
> should not be allowed to spread beyond cases in which
> the taxpayer had a good excuse (though not a legal justification)
> for failing to comply with either an unimportant requirement
> or one unclearly or confusingly stated in the regulation or statute.

Plaintiff failed to comply with the specific Regulations governing claims for refund of diesel fuel and gasoline. For example, the regulations governing claims for refund of tax paid on the sale of both gasoline and diesel fuel to tax exempt entities requires that the certificates state the name, address and EIN (for diesel sales) of the vendor and requires that the type of fuel purchased be identified; plaintiff's certificates do not contain this information. Most of the certificates that plaintiff relies upon in support of its refund claims were signed after the beginning of the period they covered and were more than a year old and had therefore expired.[6] Other certificates that plaintiff relies upon were signed after the period they covered had ended.

Rather than maintain certificates that comply with the applicable Regulations, plaintiff relies upon Regulations that were not in effect during the period in issue and certificates intended to support claimed exemptions from tax rather than claims for refunds of tax. In a refund suit, a taxpayer affirmatively seeks payment from the Government, however, an asserted exemption

---

[6] Mr. Hummel's testimony demonstrates that plaintiff failed to act reasonably with respect to the exemption certificates. He stated that he never reviewed the certificates and no one else attempted to verify them.

results in the non-payment of tax on a transaction and the standards for those transactions differ. The facts in this case do not present a good faith effort at compliance. *See Volvo Trucks of North America, Inc. v. United States,* 367 F.3d 204, 210 (4th Cir. 2004) (manufacturer was not excused under doctrine of substantial compliance, from registration and certification requirements for exemption). Plaintiff has not complied with the substantive requirements of the statutes and regulations at issue in this action, and its attempt to excuse its failure to comply should be rejected. *See Cummins Engine Co. v. United States*, 923 F.2d 826 (Fed. Cir. 1991); *Thomas International Ltd. v. United States*, 773 F.2d 300, 305 (Fed. Cir. 1985), *cert. denied*, 475 U.S. 1045 (1986) (substantive regulatory requirements must be complied with fully).

The regulations at issue in this action are not confusing. Plaintiff chose not to follow the applicable regulations governing claims for refund of taxes paid on gasoline and diesel fuel or to follow the publicly available guidance provided by the IRS. Plaintiff has failed to establish that it substantially complied with the requirements of the statutes and regulations at issue in this case.

### III.

### PLAINTIFF CANNOT RECOVER REFUNDS FOR TAX PERIODS NOT INCLUDED IN ITS COMPLAINT.

Plaintiff claims that it is entitled to recover refunds for taxes paid for the periods ending September 30, 2009, through December 31, 2010, and for the quarters ending March 31, 2013, through December 31, 2014. (Plt. Br. 14). RCFC 9(m) governs the matters required to be plead in the complaint in tax refund suits. Under RCFC 9(m), a party must include a copy of each claim for refund for which a refund is sought. *See Van Vorst v. United States*, 85 Fed. Cl. 227, 229 (2008). In this action, the only refund claim attached to the complaint, is the claim for the quarter ended September 30, 2009, and that is the only refund claim properly before the Court.

Plaintiff's attempt to recover refunds for periods not included in the complaint should be rejected.[7]

## CONCLUSION

Based on the foregoing, plaintiff's motion for summary judgment should be denied. Defendant's cross-motion for summary judgment should be granted and judgment entered in favor of defendant on its counterclaim. Plaintiff's complaint should be dismissed with prejudice with costs awarded to defendant.

Respectfully submitted,

s/Jennifer Dover Spriggs
JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840
Jennifer.D.Spriggs@USDOJ.Gov

CAROLINE D. CIRAOLO
  Acting Assistant Attorney General
DAVID I. PINCUS
  Chief, Court of Federal Claims Section
G. ROBSON STEWART
  Assistant Chief

s/G. Robson Stewart
Of Counsel
Attorneys for Defendant

June 10, 2015

---

[7] Plaintiff made no attempt to amend its complaint.