IN THE UNITED STATES COURT OF FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * *
J. J. Powell, Inc.              *
                                *
Plaintiff                       *
                                *
            v.                  *     NO.   1:13-cv-00353-LJB
                                *           Judge Lynn J. Bush
                                *
UNITED STATES OF AMERICA        *
                                *
Defendant                       *
                                *
* * * * * * * * * * * * * * * * * *
```

## PLAINTIFF'S REPLY TO DEFENDANT'S BRIEF IN REPONSE TO MOTION FOR SUMMARY JUDGMENT FILED BY PLAINTIFF

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, J.J. Powell, Inc. ("Powell"), through undersigned counsel, files its reply to the defendant's (the "Government") response to Powell's motion for summary judgment.

Before addressing the Government's response Powell would like to state certain points that are not in dispute.

First there is no dispute that Congress intended to exempt states and political subdivisions and nonprofit educational institutions from federal excise tax on gasoline and diesel fuel.

Next it is undisputed that Powell's actions did not deprive the U.S. Treasury of a single penny of federal excise tax that Congress intended it should collect.

Next there is no hint or suggestion that Powell attempted to evade any tax or collect any tax refund that Congress did not intend for it to collect.

This entire matter was initiated when IRS agent, Jim Meyer, proposed to assess a penalty against Powell under IRC section 6675 because he claimed that the exemption certificates that

1

Powell maintained were improper because they were for a period of three years. The regulations he cited in support of his proposed penalty, specifically Treasury Regulations sections 48.4041-15 and 48.4041-17, explicitly allow an exemption certificate to be valid for a period of twelve calendar quarters or three years.

Finally the regulations and guidance in this area are conflicting, confusing and arbitrary. Treasury Regulations sections 48.4041-15, 48.4041-17, and 48.4221-5 specifically allow an exemption certificate to be valid for a period of twelve calendar quarters or three years. Treasury Regulation section 48.6427-9 which the Government cited only allows an exemption certificate to be valid for twelve months. Pub 510 which Mr. Meyer referred to contains example exemption certificates. Certificate P allows a period not to exceed 1 year. Certificate R which is to be used by a credit card issuer allows a period not to exceed 2 years. There is no rational basis for these differences. They are entirely arbitrary. If a purchaser of gasoline or diesel fuel was in fact a state or political subdivision on January 1, 2008, it is likely it also was on January 1, 2009, January 1, 2010, January 1, 2011 and will be on January 1, 2020. Leopards don't change their spots.

The Government's Novel Credit Card Issuer Argument.

Powell has been registered under IRC section 4101 as an ultimate vendor since approximately 1994 and has been submitting refund claims as an ultimate vendor since that time. Powell's refund claims have been audited approximately every two years and it has never been suggested by an IRS agent that it should be registered as a credit card issuer. Powell does not issue credit cards. It issues Pacific Pride cards which can be used at its cardlock facilities. They are not credit cards and cannot be used at a Wal-Mart. (K. Powell deposition, pg. 19-22). Neither the Internal Revenue Code (the "Code") nor the Treasury Regulations (the "Regulations") define either "credit card" or "credit card issuer." The legislative history suggests that Congress

2

envisioned a credit card issuer to be someone between the ultimate vendor and the ultimate purchaser (See the excerpt from the legislative history of P.L. 108-357 attached as Exhibit 1).

The Government claims that Powell must be registered "as a credit card issuer." That is not what the Code requires. The applicable Code section is IRC section 6416(a)(4)(B(i) which states, "is registered under section 4101." Powell is registered under section 4101. Further indication that the credit card issuer is viewed as someone other than the ultimate vendor is provided by IRC section 6416(a)(4)(B)(iii) which requires agreements *between* the credit card issuer and the ultimate vendor.

Adding further damage to the Government's argument is the fact that existing regulations do not even provide for registration "as a credit card issuer." The applicable regulation is Treasury Regulation section 48.4101-1. Treasury Regulation section 48.4101-1(c) lists the persons *required* to be registered. These include: (i) a blender, (ii) an enterer, (iii) a pipeline operator, (iv) a position holder, (v) a refiner, (vi) a terminal operator and (vii) a vessel operator. Treasury Regulation section 48.4101-1(d) lists the persons that may, but are not required to, be registered. These include (1) a feedstock user, (2) a gasohol blender, (3) an industrial user, (4) a throughputter that is not a position holder, (5) an ultimate vendor [which permitted Powell to be registered] and (6) an ultimate vendor (blocked pump). *Noticeably absent from the list is a "credit card issuer."*

The Government claims that the refund procedures are different for an ultimate vendor and a credit card issuer. While this is technically true the differences are insignificant. Both apply for a refund using Form 8849. An ultimate vendor would attach a Schedule 2 of the form and a credit card issuer would attach a Schedule 8. The information provided on the schedules is essentially the same. If anything the Schedule 2 used by an ultimate vendor requires slightly more information.

3

Finally the Government continues to cite a regulation that is inapplicable. The Government cites Treasury Regulation section 48.6416(b)(2)-3 (b)(1)(i) and (ii). The very first sentence of this regulation in section 48.6416(b)(2)-3 (a) states that is applies to claims for refund or credit within the meaning of section 6416(b)(2). Powell's claims for refund are submitted pursuant to IRC section 6416(a). The regulation the Government cites is inapplicable to Powell's claims for refund.

Powell concludes by reciting the stated mission of the IRS.

### The IRS Mission

Provide America's taxpayers quality service by helping them understand and meet their tax responsibilities and enforce the law with integrity and fairness to all.

It would appear that the IRS needs to be reminded of what its mission is and chastised to stop abusing law abiding taxpayers.

Respectfully submitted,

s/Cloyd F. Van Hook
Cloyd F. Van Hook
Guarisco Cordes & Lala, LLC
601 Poydras St., Ste 2355
New Orleans, LA 70130
Phone: (504) 587-7007
Fax: (504) 587-9067
Email: cloyd@gctaxlaw.com
Attorney for J. J. Powell, Inc.

Dated: June 24, 2015

4



| COMMITTEE REPORTS *con't.*   IRC §6416 |
|---|

tration under this provision.[267] Such authority may include rules that preclude persons which are registered credit card issuers from issuing nonregistered credit cards.[268] The conferees also intend that the IRS will review the registration of a registered credit card issuer that has engaged in multiple or flagrant violations of the requirements of the provision.

If gasoline is sold to any person for an exempt use, an ultimate purchaser that has borne the tax is entitled to claim a refund.[269] However, a registered ultimate vendor is the appropriate person to claim a refund of Federal excise taxes on gasoline sold to a State or local government or to a nonprofit educational organization.[270]

In general, in order to claim a refund of Federal excise taxes on gasoline (and on other articles subject to manufacturers excise taxes under Chapter 32 of the Code) sold to a State or local government or to a nonprofit educational organization, for its exclusive use, a claimant must submit a statement indicating that it possesses evidence of the exempt use giving rise to the overpayment of tax.[271] Such evidence consists of a certificate executed and signed by the ultimate purchaser, and must identify the article, show the name and address of the ultimate purchaser, and state the exempt use made or to be made of the article. In the case where the certificate sets forth the use to be made of the article, rather than its actual use, it must show that the ultimate purchaser has agreed to notify the claimant if the article is not in fact used as specified in the certificate.[272]

However, if the article to which the claim relates has passed through a chain of sales from the claimant to the ultimate purchaser, a certificate executed and signed by the ultimate vendor is sufficient to document the exempt use. The ultimate vendor certificate must contain the exempt sales information, and a statement that it possesses the ultimate purchaser certificates and will forward them to the claimant within three years from the date of the statement. An ultimate vendor statement may be made covering no more than 12 consecutive calendar quarters.[273]

In general, an ultimate purchaser is the proper party to claim a refund of Federal excise tax on diesel fuel or kerosene used by any person in a nontaxable use.[274] However, in the case of diesel or kerosene used by a State or local government, the ultimate vendor is the proper person if such vendor is registered and has borne the tax (or receives the written consent of the ultimate purchaser to claim the refund).[275] A registered ultimate vendor claiming a refund under this provision must provide a statement that it has in its possession an unexpired exemption certificate of the purchaser and that the claimant has no reason to believe any information in the certificate is false.[276]

A State or local government includes any political subdivision of a State, or the District of Columbia.[277] A nonprofit educational organization means an educational organization which normally maintains a regular faculty and curriculum and normally has a regularly enrolled body of pupils or students in attendance at the place where its educational activities are regularly carried on, and which either is exempt from income tax under section 501(a) or is a school operated as an activity of an organization described in section 501(c)(3) which is exempt from income tax under section 501(a).[278]

**[¶64,161.09]   (American Jobs Creation Act of 2004, P.L. 108-357, 10/22/2004). Taxable fuel refunds for certain ultimate vendors.**

*[House Report]*

**Present Law** The Code provides that, in the case of gasoline on which tax has been

---

(267) Sec. 4101(a)(1).
(268) Because registration occurs at the "person" (legal entity) level, it is anticipated that a credit card issuer will use a separate (registered) entity for the issuance of credit cards entitled to the benefits of this provision.
(269) Sec. 6421(c).
(270) Sec. 6416(a)(4)(A).
(271) Treas.Reg. sec. 48.6416(b)(2)-3(a)(5).
(272) Treas. Reg. sec. 48.6416(b)(2)-3(b)(1)(i) and (ii). The certificate must also contain a statement that the ultimate purchaser understands that it and any other party may, for fraudulent use of the certificate, be subject under section 7201 to a fine of not more than $10,000, or imprisonment for not more than 5 years, or both, together with the costs of prosecution.
(273) Treas. Reg. sec. 48.6416(b)(2)-3(b)(1)(i) and (iii).
(274) Sec. 6427(l)(1). In the case of diesel fuel or kerosene, a nontaxable use is any use which is exempt from the tax imposed by section 4041(a)(1) other than by reason of a prior imposition of tax. Sec. 6427(l)(2).
(275) Sec. 6427(l)(5)(C).
(276) Treas. Reg. Sec. 48.6427-9(e)(1)(vi).
(277) Sec. 4221(d)(4); Treas. Reg. sec. 48.6416(b)(2)-2(d).
(278) Sec. 4221(d)(5); Treas. Reg. sec. 48.6416(b)(2)-2(e).

tabbies®   EXHIBIT   1

paid and sold to a State or local government, to a nonprofit educational organization, for supplies for vessels or aircraft, for export, or for the production of special fuels, a wholesale distributor that sells the gasoline for such exempt purposes is treated as the person who paid the tax and thereby is the proper claimant for a credit or refund of the tax paid. In the case of undyed diesel fuel or kerosene used on a farm for farming purposes or by a State or local government, a credit or payment is allowable only to the ultimate, registered vendors ("ultimate vendors") of such fuels.

In general, refunds are paid without interest. However, in the case of overpayments of tax on gasoline, diesel fuel, or kerosene that is used to produce a qualified alcohol mixture and for refunds due ultimate vendors of diesel fuel or kerosene used on a farm for farming purposes or by a State or local government, the Secretary is required to pay interest on certain refunds. The Secretary must pay interest on refunds of $200 or more ($100 or more in the case of kerosene) due to the taxpayer arising from sales over any period of a week or more, if the Secretary does not make payment of the refund within 20 days.

**Reasons for Change** The Committee observes that refund procedures for gasoline differ from those for diesel fuel and kerosene. The Committee believes that simplification of administration can be achieved for both taxpayers and the IRS by providing a more uniform refund procedure applicable to all taxed highway fuels. The Committee further believes that compliance can be increased and administration made less costly by increased use of electronic filing.



[The page following this is 6240A.]

The Committee further observes that often State and local governments find it prudent to monitor and pay for fuel purchases by the use of a credit card, fleet buying card, or similar arrangement. In such a case the person extending the credit stands between the vendor of fuel and purchaser of fuel (the State or local government) in an exempt transaction, and the person extending the credit insures payment of the fuel bill thereby paying the amount of any tax owed that is embedded in the price of the fuel. In addition, because the person extending credit to the tax-exempt purchaser has a contractual relationship with the tax-exempt user, the person extending the credit should be best able to establish that the fuel should be sold at a tax-exempt price. The Committee believes that in such a situation it is appropriate to deem the person extending the credit to hold ultimate vendor status, not withstanding that such a person is not actually a vendor of fuel. The Committee observes that the billing service provided by the person extending credit to the tax-exempt purchaser creates a "paper trail" that should facilitate compliance and aid in any necessary audits that the IRS may undertake.

**Explanation of Provision** For sales of gasoline to a State or local government for



| CERTAIN TAXES ON SALES AND SERVICES | §6416 |
|---|---|
| COMMITTEE REPORTS con't.   IRC §6416 | ¶64,161.10 |

the exclusive use of a State or local government or to a nonprofit educational organization for its exclusive use on which tax has been imposed, the provision conforms the payment of refunds to that procedure established under present law in the case of diesel fuel or kerosene. That is, the ultimate vendor claims for refund. or kerosene. That is, the ultimate vendor claims for refund.

The provision modifies the payment of interest on refunds. Under the provision, in the case of overpayments of tax on gasoline, diesel fuel, or kerosene that is used to produce a qualified alcohol mixture and for refunds due ultimate vendors of diesel fuel or kerosene used on a farm for farming purposes or by a State or local government, all refunds unpaid after 45 days must be paid with interest. If the taxpayer has filed for his or her refund by electronic means, refunds unpaid after 20 days must be paid with interest.

Lastly, for claims for refund of tax paid on diesel fuel or kerosene sold to State and local governments or for sales of gasoline to a State or local government for the exclusive use of a State or local government or to a nonprofit educational organization for its exclusive use on which tax has been imposed and for which the ultimate purchaser utilized a credit card, the provision deems the person extending the credit to the ultimate purchaser to be the ultimate vendor. That is, the person extending credit via a credit card administers claims for refund, and is responsible for supplying all the appropriate documentation currently required from ultimate vendors.

**Effective Date** The provision is effective on October 1, 2004.

*[Conference Report 108-755]*

**Senate Amendment** The Senate amendment is the same as the House bill.

**Conference Agreement** The conference agreement follows the House bill and Senate amendment, with modifications. For sales of gasoline to a State or local government for the exclusive use of a State or local government or to a nonprofit educational organization for its exclusive use on which tax has been imposed, claims for credits or refund are made by the ultimate vendor.

The conference agreement provides that the rules for vendor refunds apply to claims made under this provision, except that the rules regarding electronic claims shall not apply unless the ultimate vendor has certified to the Secretary for the most recent quarter of the taxable year that all ultimate purchasers of the vendor are State or local governments or to a nonprofit educational organizations.[771]

The conference agreement does not include the House bill or Senate amendment provisions that deem the person extending credit via a credit card to the ultimate purchaser to be the ultimate vendor for purposes of refund claims.

**Effective Date** The provision is effective on January 1, 2005.

**[¶64,161.10]** (Taxpayer Relief Act of 1997, P.L. 105-34, 8/5/97). Treat certain gasoline "chain retailers" as wholesale distributors under the gasoline excise tax refund rules.

*[House Report]*

• **Present Law** Gasoline is taxed at 18.3 cents per gallon upon removal from a registered pipeline or barge terminal facility. The position holder in the terminal at the time of removal is liable for payment of the tax. Certain uses of gasoline, including use by States and local governments, are exempt from tax. In general, these exemptions are realized by refunds to the exempt users of tax paid by the party that removed the gasoline from a terminal facility. Present law includes an exception to the general rule that refunds are made to consumers in the case of gasoline sold to States and local governments and certain other exempt users. In those cases, wholesale distributors sell the gasoline net of tax previously paid and receive the refunds. The term wholesale distributor includes only persons that sell gasoline to producers, retailers, or to users in bulk quantities. Retailers do not qualify as wholesale distributors, regardless of their size.

**Reasons for Change** During recent years, States and local governments increasingly have purchased gasoline for their fleets by credit card purchases from retail outlets. Previously, these purchases were through bulk deliveries to tanks supplying private pumps at government installations. Currently, wholesale distributors are eligible to claim

---

[Footnote ¶64,161.09] (771) Sec. 6416(b)(2)(C) or (D).