```
* * * * * * * * * * * * * * * * * * *
J. J. Powell, Inc.                  *
                                    *
Plaintiff                           *
                                    *
            v.                      *        NO.   1:13-cv-00353-LJB
                                    *              Judge Lynn J. Bush
                                    *
UNITED STATES OF AMERICA            *
                                    *
Defendant                           *
                                    *
* * * * * * * * * * * * * * * * * * *
```

## PLAINTIFF'S RESPONSE TO DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, J.J. Powell, Inc. ("Powell"), through undersigned counsel, files its response to the defendant's (the "Government") cross motion for summary judgment.

### QUESTIONS PRESENTED

The Government in its brief sets forth four questions:

1. Whether plaintiff is entitled to refund of excise tax paid with respect to gasoline and diesel fuel it sold to State and local governments and nonprofit educational organizations during the period in issue?

2. Whether plaintiff is liable for penalties under I.R.C. §6675 for the period in issue?

3. Whether plaintiff is entitled to refunds for tax periods that are not included in the complaint?

4. Whether the Government is entitled to judgment on its counterclaim?

1

Powell will address each question in turn.

However, before addressing the questions the Government poses Powell would again like to remind the court that Powell paid every penny of federal excise tax that Congress intended it should pay. The Government seeks to deny Powell refunds of taxes that were not due because the Government claims the exemption certificates that Powell maintained were not properly maintained. The Government does not claim that any of Powell's tax exempt customers for which it sought refunds were not actually tax exempt.

### Whether Powell is Entitled to Refund of Excise Tax Paid

<u>The Government's "credit card" case</u>.

The Government has now taken the position that Powell was not entitled to a refund of the excise taxes it paid when it purchased gasoline and diesel fuel because it was not registered as a credit card issuer. In fact the term "credit card" appears approximately forty times in the Government's brief.

<u>Powell did not issue "credit cards"</u>.

Powell did not issue credit cards. It issued Pacific Pride cards which could only be used at a card lock facility. These cards could not be used at a Wal-Mart or any facility other than a card lock facility. (K. Powell deposition, pg. 19-22)

<u>Neither the Code nor the Regulations define "credit card" or "credit card issuer"</u>.

Neither the Internal Revenue Code (the "Code" or "IRC") nor the Treasury Regulations (the "Regulations") define the terms "credit card" or "credit card issuer." The Code suggest that a credit issuer is a party *other than* the ultimate vendor. IRC §6416(a)(4)(B)(iii) which contains some of the requirements for a credit card issuer to receive a refund of excise taxes requires:

(iii) has so established that such person [the credit card issuer]—

(I)     has repaid or agreed to repay the amount of the tax *to the ultimate vendor*,
(II)    has obtained the written *consent of the ultimate vendor* to the allowance of the credit or refund, or
(III)    has otherwise made arrangements which directly or indirectly *provides the ultimate vendor with reimbursement* of such tax. (Emphasis added.)

These provisions clearly indicate that Congress perceived that a "credit card issuer" would be someone other than the ultimate vendor who extended credit to the ultimate purchaser and that the ultimate vendor, who initially paid the excise tax, would receive the refund of the tax.

<u>The regulations do not provide for registration *as a credit card issuer*</u>.

The applicable regulation is Treasury Regulation section 48.4101-1. Treasury Regulation section 48.4101-1(c) lists the persons *required* to be registered. These include: (i) a blender, (ii) an enterer, (iii) a pipeline operator, (iv) a position holder, (v) a refiner, (vi) a terminal operator and (vii) a vessel operator. Treasury Regulation section 48.4101-1(d) lists the persons that may, but are not required to, be registered. These include (1) a feedstock user, (2) a gasohol blender, (3) an industrial user, (4) a throughputter that is not a position holder, (5) an ultimate vendor [which permitted Powell to be registered] and (6) an ultimate vendor (blocked pump). *Noticeably absent from the list is a "credit card issuer."*

<u>Powell meets the Code requirements for a credit card issuer to claim a refund</u>.

Even if Powell was considered to be a credit card issuer, Powell meets the requirements in the Code for a credit card issuer to claim a refund. These requirements are contained in IRC §6416(a)(4)(B) which requires that such person [the credit card issuer]:

(i)     is registered under section 4101, and
(ii)    has established, under regulations prescribed by the Secretary, that such person-
       (I)     has not collected the amount of the tax from the person who purchased such article, or
       (II)    has obtained the written consent from the ultimate purchaser to the allowance of the credit or refund, and
(iii)    has so established that such person –
       (I)     has repaid or agreed to repay the amount of the tax to the ultimate vendor,

    (II) has obtained the written consent of the ultimate vendor to the allowance of the credit or refund, or

    (III) has otherwise made arrangements which directly or indirectly provides the ultimate vendor with reimbursement of such tax.

  Note subsection (i) says "is registered under section 4101" which Powell is. It does not state, as the Government claims "[as a credit card issuer]." The Government in its brief inserted words that the Code does not contain.

  Subsection (ii) refers to "regulations prescribed by the Secretary." The Secretary has not promulgated any regulations with respect to credit card issuers since this provision was added to the Code in 2005. However, the undisputed facts are Powell has not collected the tax from the ultimate purchaser. And, the exemption certificates that Powell maintains constitute the written consent of the ultimate purchaser to the allowance of the credit or refund.

  Subsection (iii) would basically require Powell to have agreements between itself as an ultimate vendor and itself as a credit card issuer. This in itself shows how ridiculous the Government's credit card argument is.

<u>The Governments cites a regulation that is inapplicable.</u>

  In its brief the Government cited Treasury Regulation section 48.6416(b)(2)-3 (b)(1)(i) and (ii). The very first sentence of this regulation in section 48.6416(b)(2)-3 (a) states that it applies to claims for refund or credit within the meaning of section 6416(b)(2). Powell's claims for refund are submitted pursuant to IRC section 6416(a). The regulation the Government cites is inapplicable to Powell's claims for refund.

<u>Validity of exemption certificates.</u>

  The Government claims that Powell failed to meet the requirements to claim a refund because the certificates it maintained did not meet the requirements of Treasury Regulation §48.6427-9(e). The Government's own example does not comply with that regulation. IRS Pub

510, Excise Taxes (Including Fuel Tax Credits and Refunds) contains example exemption certificates. Model Certificate R, which is used "(To support credit card issuer's claim for credit, refund, or payment under section 6416(a)(4)(B) or section 6427(l)(5)(D) of the Internal Revenue Code.)" [cited by the Government in its brief], a copy of which is attached as Exhibit A, permits a "(period not to exceed 2 years after effective date")."

There are conflicting regulations concerning exemption certificates. Treasury Regulations sections 48.4041-15, 48.4041-17, which Agent Meyer cited, and 48.4221-5 specifically allow an exemption certificate to be valid for a period of twelve calendar quarters or three years. Treasury Regulation section 48.6427-9 which the Government cited only allows an exemption certificate to be valid for twelve months.

The Government commented that Powell did not seek professional advice from an accountant but instead relied on information from a trade association. Powell suggests that if the Government selected 1000 CPAs at random and asked them anything relative to excise tax in general or exemption certificates in particular the chances are nil that any of them would have any knowledge of the subject. Apparently the Government's supposedly trained revenue agent was not even familiar with the regulations he cited. On the other hand trade associations deal with the matters on a daily basis.

The Government also comments that Mr. Hummel, the person who prepared the Forms 8849 for Powell, did not review exemption certificates. It was Powell's responsibility, not Hummel's personally to review exemption certificates. The Government fails to note that Mr. Hummel stated in his deposition that Powell did have a person, specifically Angie Cuthbert, who was in charge of maintaining exemption certificates (Hummel deposition at page 21).

### Whether Powell is Liable for Penalty under IRC §6675

IRC §6675 provides for a penalty if a claim is made for an "excessive amount." IRC §6675(b) defines "excessive amount" as the amount by which the amount claimed under section 6416(a)(4), 6420, 6421, or 6427 as the case may be, for any period exceeds the amount allowable under such section for such period.

There has never been any suggestion that Powell claimed any refund that exceeded the amount of excise tax it had paid for gasoline and diesel fuel at purchase. The Government's entire case is based on whether or not Powell exemption certificates were up to snuff or whether they filled out the correct schedule in claiming a refund.

The definition of "excessive amount" is not particularly helpful in this case but a look at some of the other sections in this area of the Code gives an indication of the type of actions Congress intended to punish by the imposition of penalties.

IRC §6675 is contained in Subchapter B of Chapter 68 of the Code along with such penalties as §6672 for failure to collect and pay over, §6674 for fraudulent statement, §6676 for erroneous claim and §6682 for false information. These penalties are intended to punish bad behavior, not deficient administrative processes.

In any event, the definition of "excessive amount" notwithstanding, §6675 contains a reasonable cause exception. Powell maintains that the conflicting regulations constitute a reasonable cause for Powell's non-compliance with certain regulations if that is the case.

### Whether Powell is Entitled to Refunds for Periods Not Included in the Complaint

Powell addresses this question by stating that it will amend and supplement its Complaint to add the additional periods at issue.

## Whether the Government is Entitled to Judgment on Its Counterclaim

Powell addresses this question by noting that if the court finds in favor of Powell on the first question it necessarily follows that the court must find against the Government on this question.

                          Respectfully submitted,

                          s/Cloyd F. Van Hook
                          Cloyd F. Van Hook
                          Guarisco Cordes & Lala, LLC
                          601 Poydras St., Ste 2355
                          New Orleans, LA 70130
                          Phone: (504) 587-7007
                          Fax: (504) 587-9067
                          Email: cloyd@gctaxlaw.com
Dated: July 13, 2015            Attorney for J. J. Powell, Inc.

Model Certificate R

**CERTIFICATE OF BUYER OF TAXABLE FUEL FOR USE BY A STATE OR NONPROFIT EDUCATIONAL ORGANIZATION**

(To support credit card issuer's claim for credit, refund, or payment under section 6416(a)(4)(B) or section 6427(l)(5)(D) of the Internal Revenue Code.)

_____

_____

Name, Address, and Employer Identification Number of Credit Card Issuer.

The undersigned ultimate purchaser ("Buyer") hereby certifies the following under penalties of perjury:

A. Buyer will use the taxable fuel to which this certificate relates for the exclusive use of a state; or

B. Buyer will use the gasoline to which this certificate relates for the exclusive use of a nonprofit educational organization.

C. This certificate applies to all purchases made with the credit card identified below during the period specified:

    a. Effective date of certificate

    b. Expiration date of certificate
       (period not to exceed 2 years after effective date)

    c. Buyer's account number

- Buyer will provide a new certificate to the credit card issuer if any information in this certificate changes.

- Buyer understands that by signing this certificate, Buyer gives up its right to claim a credit or payment for the taxable fuel purchased with the credit card to which this certificate relates.

- Buyer acknowledges that it has not and will not claim any credit or payment for the taxable fuel purchased with the credit card to which this certificate relates.

- Buyer understands that the fraudulent use of this certificate may subject Buyer and all parties making such fraudulent use of this certificate to a fine or imprisonment, or both, together with the costs of prosecution.

Printed or typed name of person signing

Title of person signing

Name of Buyer

Employer identification number

Address of Buyer

Signature and date signed

**EXHIBIT A**