No 13-353 T
(Judge Lynn J. Bush)

THE UNITED STATES COURT OF FEDERAL CLAIMS

J.J. POWELL, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**REPLY BRIEF FOR THE UNITED STATES IN SUPPORT OF ITS
CROSS-MOTION FOR SUMMARY JUDGMENT**

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

DAVID I. PINCUS
G. ROBSON STEWART
JENNIFER D. SPRIGGS
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington, D.C.  20044
(202) 307-0840
(202) 514-9440 (facsimile)
jennifer.d.spriggs@usdoj.gov

13347705.1

**Page(s)**

## TABLE OF CONTENTS

Reply Brief for the United States in Support of its Cross-Motion for
Summary Judgment ..................................................................................... 1

Statement .......................................................................................................... 2

Argument:

    I.    The undisputed facts in this case establish that Plaintiff is not entitled
to a refund of the tax paid on gasoline and diesel fuel it sold to state
and local governments and nonprofit educational organizations during
the periods in issue ....................................................................................... 2

        A.  Plaintiff's reliance upon Treas. Reg. §§ 48.4041.15 and
48.4041-17 is inapposite .......................................................................... 4

        B.  Plaintiff failed to maintain the certificates required by Treas. Reg.
§§ 48.6416(b)(2)-3(b)(1)(ii) and 48.6427-9(e)(2) for registered
ultimate vendors claiming refunds for tax paid on noncredit card
purchases of gasoline and diesel fuel by state and local
governments and nonprofit educational organizations .......................... 7

        C.  The relevant legislative history demonstrates that Congress intends
that tax-paid fuel not be sold tax-free to an exempt entity by means
of a credit card unless the credit card issuer is registered ...................... 8

        D.  Plaintiff has provided no evidence that it was registered as a credit
card issuer as required by I.R.C. §§ 4101, 6416(a)(4)(B), and
6427(l)(5)(D) for refund claims of tax paid on credit card
purchases of gasoline and diesel fuel by state and local
governments and nonprofit educational organizations .......................... 10

    II.    Plaintiff has failed to establish any reasonable cause that would
excuse the I.R.C. § 6675 penalties assessed in this action. ......................... 15

Conclusion .......................................................................................................... 19

i

Page(s)

## TABLE OF AUTHORITIES

**Cases:**

*Anderson v. Liberty Lobby Inc.*, 477 U.S. 242 (1986)................................................2

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ........................................... 3

*Christman v. United States*, 110 Fed. Cl. 1 (2013) ...................................16, 17, 18

*Conway v. United States*, 326 F.3d 1268 (Fed. Cir. 2003) ......................................16

*Cook v. United States, 599 F.2d 400 (1979)*.....................................................10

*Dairyland Power Coop. v. United States*, 16 F.3d 1197 (Fed. Cir. 1994)...........................3

*Flandreau Santee Sioux Tribe v. United States*, 197 F.3d 949 (8th Cir. 1999),
   *cert. denied*, 530 U.S. 1231 (2000)........................................................15

*Gonzales v. United States*, 115 Fed. Cl. 779 (2014) ......................................16, 17

*Jackson v. Commissioner*, 864 F.2d 1521 (10th Cir. 1989).....................................17

*Lockheed Martin Corp. v. United States*, 210 F.3d 1366 (Fed. Cir. 2000).........................10

*Marrin v. Commissioner*, 147 F.3d 147 (2d Cir. 1998) .....................................16, 17

*Murfam Farms LLC ex. rel Murphy v. United States*, 94 Fed. Cl. 235 (2010)...................16

*Richardson v. Commissioner*, 125 F.3d 551 (7th Cir. 1997) .............................16, 17

Rowan Cos Inc. v. United States, 452 U.S. 247 (1981).........................................13

*Valley Ice & Fuel Co. v. United States*, 30 F.3d 635 (5th Cir. 1994) ..................... 16, 18, 19

*Wells Fargo & Co. v. United States*, 119 Fed. Cl. 27 (2014) ...............................13

Page(s)

**Statutes:**

The American Jobs Creation Act of 2004, Pub. L. 108-357 ..............................................8, 9

Safe, Accountable, Flexible, Efficient, Transportation Equity Act of 2005
(Pub. L. 109-59) § 1163 ...........................................................................................8, 9, 14, 15

26 U.S.C.:

    § 4081 ......................................................................................................................4

    § 4101 ...............................................................................................................*passim*

    § 6416 ...............................................................................................................*passim*

    § 6427 ...............................................................................................................*passim*

    § 6651 ......................................................................................................................16

    § 6662 ......................................................................................................................16

    § 6675 ...............................................................................................................*passim*

13347705.1

**Page(s)**

**Miscellaneous:**

 Chief Counsel Advice (PMTA-2015-04) ..................................................................5, 13

Joint Committee of Taxation, 109th Cong., *General Explanation of Tax Legislation*
 *Enacted in the 109th Congress* .....................................................................8, 9, 15

Notice 2005-80, Section 4, 2005-2 C.B. 953..............................................................5, 6, 15

Treas. Reg. (26 (C.F.R.):

 § 48.4041-0.......................................................................................................4

 § 48.4041-3.......................................................................................................4

 § 48.4041-15...............................................................................................4, 6, 17

 § 48.4041-17...............................................................................................4, 6, 17

 § 48.6416-3..............................................................................................2, 4, 6, 7

 § 48.6427-9.........................................................................................2, 5, 6, 7, 14

13347705.1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 13-353 T

(Judge Lynn J. Bush)

J. J. POWELL, INC.,

Plaintiff

v.

THE UNITED STATES,

Defendant

## REPLY BRIEF FOR THE UNITED STATES IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant, the United States, submits this reply brief in support of its cross-motion for summary judgment ("cross-motion") and in opposition to plaintiff's motion for summary judgment. The United States moved for summary judgment in this action on the issues of: (1) whether plaintiff is entitled to claim a refund of excise tax paid with respect to gasoline and diesel fuel it sold to state and local governments and nonprofit educational organizations during the period in issue; (2) whether plaintiff is liable for penalties under I.R.C. § 6675 for the period in issue; 3) whether plaintiff is entitled to refunds for tax periods that were not included in the complaint;[1] and 4) whether the Government is entitled to judgment on its counterclaim.

---

[1] Plaintiff filed an amended and supplemented complaint on September 15, 2015, which added claims for refund for additional tax periods.

## STATEMENT

J.J. Powell ("Powell") in its amended complaint and its claims for refund contends that it is entitled to the refunds at issue based solely upon its status as an ultimate vendor. Under §§ 6416(a)(4)(A) and 6427(l)(5)(C), ultimate vendors are entitled to claim refunds for noncredit card sales of gasoline and diesel fuel sold to state and local governments and nonprofit educational organizations, if among other conditions, they are registered under § 4101. Registered ultimate vendors claiming refunds of excise tax for noncredit card sales of gasoline and diesel fuel sold to state and local governments and nonprofit educational organizations are required by Treas. Regs. §§ 48.6416(b)(2)-3(b)(1))(ii) (for gasoline sales) and 48.6427-9(e)(2) (for diesel fuel sales) to maintain valid certificates from the tax exempt entities. Ultimate vendors are not entitled to claim refunds of excise tax on credit card sales of gasoline and diesel fuel sold to state and local governments and nonprofit educational organizations under §§ 6416(a)(4)(B) and 6427(l)(5)(D). As set forth in the defendant's opening brief, the uncontested facts in this action establish that plaintiff is not entitled to the refunds claimed, the penalties assessed under § 6675 are appropriate, and defendant is entitled to judgment on its counterclaim.

## ARGUMENT

### I

### THE UNDISPUTED FACTS IN THIS CASE ESTABLISH THAT PLAINTIFF IS NOT ENTITLED TO A REFUND OF TAX PAID ON GASOLINE AND DIESEL FUEL IT SOLD TO STATE AND LOCAL GOVERNMENTS AND NONPROFIT EDUCATIONAL ORGANIZATIONS DURING THE PERIODS IN ISSUE

A genuine issue of material fact is one that could change the outcome of the litigation. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). "The moving party . . . need not

produce evidence showing the absence of a genuine issue of material fact but rather may discharge its burden by showing the court that there is an absence of evidence to support the nonmoving party's case." *Dairyland Power Coop v. United States*, 16 F.3d 1197, 1202 (Fed. Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "A nonmoving party's failure of proof concerning the existence of an element essential to its case on which the nonmoving party will bear the burden of proof at trial necessarily renders all other facts immaterial and entitles the moving party to summary judgment as a matter of law." *Dairyland*, 16 F.3d at 1202; *Celotex,* 477 U.S. at 323. Plaintiff has not shown that any of the facts raised by the defendant in its opening brief are subject to dispute and plaintiff has failed to establish essential elements of its case upon which it bears the burden of proof.

Plaintiff alleges (Pl. Opp. at 2) that it did not attempt to claim a refund of excise tax for sales that were not to a tax exempt entity. However, whether Powell attempted to claim refunds of excise tax for sales to nontax exempt entities is not in dispute. At issue in this action is whether plaintiff has provided evidence to establish that it complied with the statutes and regulations that govern its entitlement to the refunds claimed.

Plaintiff contends (*ibid.*) that there is no evidence that the entities that it maintained exemption certificates for were not in fact tax exempt entities. The defendant does not dispute that plaintiff maintained certificates for entities that were tax exempt. The dispute in this action is whether plaintiff, in maintaining those certificates, complied with the statutes and regulations that govern its entitlement to the refunds claimed. The evidence shows that plaintiff did not comply with the applicable statutes and regulations and its claims must fail.

### A. Plaintiff's reliance upon Treas. Reg. §§ 48.4041-15 and 48.4041-17 is inapposite.

Plaintiff argues (*ibid.*) that it has established in previous pleadings that the certificates it maintained met the requirements of Treas. Reg. §§ 48.4041-15 and 48.4041-17, and are therefore valid. Plaintiff's contention, even if true, does not support its claims for refund in this action. As discussed in defendant's opening brief (Def. Br. at 18-19) Treas. Reg. §§ 48.4041-15 and 48.4041-17 are not relevant to the issues raised in this case. Those regulations expired on December 31, 1993, and have no applicability to plaintiff's claims for refund filed in 2012 and 2013. *See* Treas. Reg. § 48.4041-0 which provides that "Sections 48.4041-3 through 48.4041-17 do not apply to sales or uses of diesel fuel after December 31, 1993." In addition, when Treas. Reg. §§ 48.4041-15 and 48.4041-17 were in effect, those provisions did not apply to gasoline and did not apply to claims for refund of excise tax on gasoline or diesel fuel sold to tax exempt entities.

Under § 6416(a)(4)(A), "if an ultimate vendor purchases any gasoline on which tax imposed by § 4081 has been paid and sells such the gasoline to an ultimate purchaser [state or local government or a nonprofit educational organization], the ultimate vendor shall be treated as the person (and the only person) who paid such tax, but only if such ultimate vendor is registered under section 4101." Under § 6416(a)(4)(B), an ultimate vendor is not considered to be the person who paid the tax if the purchase of gasoline "is made by means of a credit card issued to the ultimate purchaser." In addition, Treas. Reg. § 48.6416(b)(2)-3(b)(1)(ii) requires that ultimate vendors claiming refunds of tax for noncredit card sales of gasoline sold to state and local governments and nonprofit educational organizations must maintain valid certificates from those exempt entities.

Section 6427(l)(5)(C) provides that an ultimate vendor may claim a refund of tax imposed on diesel fuel purchased by a state or local government, without a credit card, if the vendor "is registered under § 4101, and . . . meets the requirements of (A), (B), or (D) of section 6416(a)(1)[ *i.e.*, has not included the tax in the price, has repaid the tax to the ultimate purchaser, or has written consent from the ultimate purchaser to the allowance of the refund]." In addition, Treas. Reg. § 48.6427-9(e)(2) requires that ultimate vendors claiming refunds of tax for noncredit card sales of diesel fuel sold to state and local governments must maintain valid certificates from those exempt entities.

Under § 6427(l)(5)((D), if a state or local government purchases fuel or a state or local government purchases diesel fuel by means of a credit card issued to the tax exempt entity, the person extending the credit is treated as the person who paid the tax, but only if, among other requirements, the person extending the credit is registered under § 4101.

Guidance on the excise tax provisions at issue in this action can be found in Notice 2005-80, 2005-2 C.B. 953, and additional information can be obtained from the IRS website at www.IRS.Gov. Included among the publications that can be obtained on the IRS website are: Federal Excise Tax Refund Guidelines for Fuel Used by Governments;[2] Chief Counsel Advice (PMTA-2015-04) on claims by credit card issuers;[3] and IRS Publication 510, Excise Taxes.[4]

Plaintiff argues (Pl. Opp. at 3) that the Treasury Regulations and guidance in this area contain conflicting requirements and have not been updated. The statutes and regulations that

---

[2] *See* ww.irs.gov/.../Federal,-State-&-Local-Governments/Fuel-Tax-Exemptions-for-Government-Entities - March 27, 2015.

[3] *See* www.irs.gov/pub/irs-utl/PMTA-2015-04.pdf.

[4] *See* www.irs.gov/pub/irs-pdf/p510.pdf.

govern claims for refund of excise tax sold to tax exempt entities are not in conflict. *See* §§ 4101, 6416(a)(4)(A) and (B), 6427(l)(5)(C) and (D), Treas. Reg. § 48.6416(b)(2)-3(b)(1)(i) (ii), and Treas. Reg. § 48.6427-9(e)(2). Those statutes and regulations are clear and help taxpayers to understand and meet their tax responsibilities. In Notice 2005-80, 2005-2 C.B. 953, the IRS provides guidance on amendments to excise tax provisions that were added to the Internal Revenue Code in 2005. By providing clear guidelines for entitlement to excise tax refund claims, the IRS is able to enforce the law with fairness to all taxpayers. Plaintiff's assertion (Pl. Opp. at 3) that the IRS has lost sight of its mission in this case lacks merit and should be rejected.

Plaintiff contends incorrectly (Pl. Opp. at 6) that Treas. Reg. §§ 48.6416(b)(2)-(3)(b)(1(i)) and (ii) are inapplicable to its claims for refund because they only apply to § 6416(b)(2) and its claims for refund are submitted under § 6416(a). However, § 6416(a) specifically includes § 6416(b)(2) (*see* § 6416(a)(1) (C) which applies "in the case of an overpayment under subsection (b)(2) of this section").[5] Treas. Reg.§§ 48.6416(b)(2)-3(b)(1)(i) and (ii) set forth the requirements for claiming a refund of excise tax for gasoline sold to a state or local government or a nonprofit educational organization, without the use of a credit card, and apply to the issues in this case. To the extent that plaintiff seeks refunds of excise tax paid on diesel fuel, its claims are governed by §§ 6427(l)(5)(C) and (D) and Treas. Reg. § 48.6427-9(e)(2). Plaintiff's contention that Treas. Reg. §§ 48.4041-15 and 48.4041-17 are applicable in this action is without merit.

---

[5] Under § 6416(b)(2) "the tax paid under chapter 32. . . in respect of any article shall be deemed an overpayment if such article was, by any person . . . . sold to a State or local government for exclusive use" or "sold to a nonprofit educational organization for its exclusive use."

**B. Plaintiff failed to maintain the certificates required by Treas. Reg. §§ 48.6416(b)(2)-3(b)(1)(ii) and 48.6427-9(e)(2) for registered ultimate vendors claiming refunds for tax paid on noncredit card purchases of gasoline and diesel fuel by state and local governments and nonprofit educational organizations**

Plaintiff contends (Pl. Opp. at 2) that the Government has "collected every penny of excise tax on Powell's sales that Congress intended it should collect." However, the issue in this case is not whether the government collected the correct amount of excise tax from plaintiff, since plaintiff is not the person that paid the excise tax to the federal government. The issue in this case is whether plaintiff has met the statutory and regulatory requirements for claiming a refund of excise tax paid on the sale of gasoline for the exclusive use of state or local governments and nonprofit educational organizations and the sale of diesel fuel for the exclusive use of state or local governments. Plaintiff's claims for refund are based solely on plaintiff's status as an ultimate vendor.

Plaintiff is barred from recovering on its claims as a registered ultimate vendor because it failed to obtain the certificates from the tax exempt entities required by Treas. Reg. § 48.6416(b)(2)-3(b)(1)(ii) (for sales of gasoline) and Treas. Reg. § 48.6427-9(e)(2) (for sales of diesel fuel). As set forth in defendant's opening brief (Def. Br. 12-15) the certificates, must at a minimum, identify the plaintiff as the vendor (including name and address), the type of fuel being purchased, provide an effective date and an expiration date not to exceed one year (for diesel fuel),[6] and be signed by the ultimate purchaser. The certificates that plaintiff relies upon in support of its refund claims are generic form documents. (Def. Ex. 22.) The certificates do not identify the type of fuel that is to be purchased nor do they identify the entity that is the vendor

---

[6] Under the terms of plaintiff's registration as an ultimate vendor, as in effect during the periods in issue, plaintiff was required to obtain a certificate from the tax exempt entities it sold fuel to "every 12 months." (Def. Ex. 20.)

of the fuel, *i.e.*, the certificates do not identify Powell as the ultimate vendor. (*Ibid.*) Many of the certificates were signed by the ultimate purchasers in 2011, outside the periods at issue in this case. (Def. Exs. 22, 31.) Several of the certificates were signed but undated. (*Ibid.*) Instead of complying with the one year requirement for certificates, plaintiff maintained certificates that covered a period of three years or more in most cases. (*Ibid.*) The certificates that plaintiff relies upon in support of its refund claims fail to comply with the statutes and regulations governing refund claims of excise tax for noncredit card sales of gasoline and diesel fuel. Because the certificates that plaintiff maintained do not comply with the applicable statutes and regulations, plaintiff's claims for refund as a registered ultimate vendor must fail.

### C. The relevant legislative history demonstrates that Congress intends that tax-paid fuel not be sold tax-free to an exempt entity by means of a credit card unless the credit card issuer is registered.

In 2005, Congress enacted the Safe, Accountable, Flexible, Efficient, Transportation Equity Act of 2005 (Pub. L. 109-59), § 1163 ("SAFETEA") which addressed refunds of excise tax on exempt sales of fuel by credit card and it amended §§ 4101, 6416, 6427, and 6675. The SAFETEA enacted a new set of rules applicable to credit card sales of taxable fuel to certain tax exempt entities.

The Staff of the Joint Committee on Taxation in its *General Explanation of Tax Legislation Enacted in the 109th Congress, Safe, Accountable, Flexible, Efficient, Transportation Equity Act of 2005,* Public Law 109-59, 2007 WL 2774042, explains SAFETEA as it applies to refunds of excise tax on exempt sales of taxable fuel by credit card and states (at 4) (emphasis added) that:

> Under the provision, *if a purchase of taxable fuel is made by means of a credit card issued to an ultimate purchaser that is either a State or local government or, in the case of gasoline, a nonprofit educational organizational organization, for its exclusive use, a credit card issuer who is registered and who extends credit to the ultimate purchaser with*

respect to the purchase shall be the only person entitled to apply for a credit or refund if the following two conditions are met: (1) such registered person has not collected the amount of tax from the purchaser, or has obtained the written consent of the ultimate purchaser to the allowance of the credit or refund; (2) such registered person has either repaid or agreed to repay the amount of the tax to the ultimate vendor, has obtained the written consent of the ultimate vendor to the allowance of the credit or refund, or has otherwise made arrangements that directly or indirectly provide the ultimate vendor with reimbursement of such tax.

In addition, the Joint Committee on Taxation's explanation (*ibid*) of SAFETEA provides that (emphasis added) "if a *credit card issuer is not registered*" or if other conditions are not met " *then the credit card issuer is required to collect an amount equal to the tax from the ultimate purchaser and only an (exempt) ultimate purchaser may claim a credit or payment from the IRS.*" The Joint Committee on Taxation's explanation of SAFETEA also provides that (emphasis added) " Congress intends that *tax-paid fuel shall not be sold tax free to an exempt entity by means of a credit card unless the credit card issuer is registered.*" (*Ibid.*) In its explanation of SAFETEA, the Joint Committee on Taxation states (*ibid.*) that "An *unregistered credit card issuer that does not collect an amount equal to the tax* from the exempt entity *is liable for present-law penalties for failure to register.*" The provisions enacted by the SAFETEA conformed present law penalty provisions to the new rules. (*Ibid.*) The SAFETEA is effective for sales after December 31, 2005.

The Joint Committee on Taxation in its *General Explanation of Tax Legislation Enacted in the 109th Congress*, explains (*id.* at 4) that SAFETEA "replaced the oil company credit card rule" that was in effect under The American Jobs Creation Act of 2004 ("AJCA"), Pub. L. 108-357, with "a new set of rules applicable to certain credit card sales." In enacting SAFETEA, the 109th Congress amended AJCA, enacted by the 108th Congress, by providing new rules for refunds of excise taxes on exempt sales of taxable fuel by credit card. Plaintiff's reliance (Pl. Ex.

1) on the AJCA in support of its entitlement to claim refunds of tax paid on credit card sales to

tax exempt entities is misplaced and should be rejected.

### D. Plaintiff has provided no evidence that it was registered as a credit card issuer as required by I.R.C. §§ 4101, 6416(a)(4)(B), and 6427(l)(5)(D) for refund claims of tax paid on credit card purchases of gasoline and diesel fuel by state and local governments and nonprofit educational organizations.

Plaintiff contends (Pl. Opp. at 5) that it meets the requirements under

§ 6416(a)(4)(B) "for a credit card issuer to claim a refund." This is the first time that plaintiff

has asserted that it qualifies as a registered credit card issuer. Plaintiff did not allege that it

qualified as a credit card issuer under §§ 6416(a)(4)(B) in either its amended complaint or its

claims for refund. Nor did plaintiff allege in its amended complaint and claims for refund that it

was registered as a credit card issuer under § 4101(a)(4), a requirement for claiming a refund of

excise tax on sales of gasoline or diesel fuel sold to tax exempt entities using a credit card. *See*

§§ 6416(a)(4)(B) and 6427(l)(5)(D).

The plaintiff's refund suit is limited by the refund claims it presented to the IRS under the

doctrine of substantial variance. *See Lockheed Martin Corp. v. United States*, 210 F.3d 1366,

1371 (Fed. Cir. 2000). The "'substantial variance' rule. . . bars a taxpayer from presenting

claims in a tax refund suit that 'substantially vary' the legal theories and factual bases set forth in

the tax refund claim presented to the IRS." *Id.* at 1371 (citing *Cook v. United States*, 599 F.2d

400, 406 (Ct. Cl. 1979).

It is undisputed that plaintiff failed to provide any evidence that it is registered with the

IRS as a credit card issuer. Although, plaintiff admits that its tax exempt customers used a

Pacific Pride credit card that it issued to purchase fuel from Powell, as well as, other vendors not

owned by Powell, who participated in the Pacific Pride network.[7]  (Def. Ex. 27 at A241-42.)

Plaintiff, as an unregistered credit card issuer, has failed to comply with the statutes governing

claims for refund by registered credit card issuers and is barred by §§ 4101(a)(4), 6416(a)(4)(B),

and 6427(l)(5)(D) from recovering on its claims that involve credit card sales of gasoline or

diesel fuel sold to its tax exempt customers.

Alternatively, plaintiff contends (Pl. Opp. at 3) that it did not issue credit cards, rather, it

issued Pacific Pride cards which could only be used at a card lock facility.[8]  However, when

Robert Powell, a vice-president at Powell, was asked at his deposition whether the Pacific Pride

card was a credit card his response was, "It is." (Def. Ex. 27 at A241.)  In addition, Mr. Powell

explained at his deposition that "J.J. Powell carries the credit [on the Pacific Pride cards]" *Id.* at

A242.  When asked at his deposition, is there a difference between a fueling card and a credit

card, Mr. Powell's answer was "No." *Id.* at A241.

Sections 6416(a)(4)(B) is entitled "Credit Card Issuer" and provides, in part, that "if the

purchase of gasoline. . . is made by means of a credit card issued to the ultimate purchaser . . .

the person extending the credit to the ultimate purchaser shall be treated as the person (and the

only person) who paid the tax, but only if such person. . . is [among other conditions] registered

under section 4101." Similarly, § 6427(l)(5)(D) is entitled "Credit Card Issuer" and provides, in

part, that if the purchase of diesel fuel "is made by means of a credit card issued to the ultimate

purchaser, the Secretary shall pay to the person extending the credit to the ultimate purchaser the

---

[7] Plaintiff has failed to provide any information about Pacific Pride's involvement with purchases of gasoline and diesel fuel by Powell's tax exempt customers using a Pacific Pride credit card, including credit card purchases from vendors, other than plaintiff, within the Pacific Pride network.

[8] A commercial fueling island where customers purchase fuel using a credit card and a pin.

amount [refund] . . . but only if such person meets the requirements of . . . section 6416(a)(4)(B) [which requires registration under section 4101]." Section 6427(l)(5)(D) also provides that if the credit card issuer does not meet the requirements of § 6416(a)(4)(B), then "such person shall collect an amount equal to the tax from the ultimate purchaser and only such ultimate purchaser may claim such amount." Under §§ 6416(a)(4)(B) and 6427(l)(5)(D), "credit card issuer" is the "person extending the credit to the ultimate purchaser." In issuing Pacific Pride credit cards to its tax exempt customers, plaintiff is the person extending credit to the ultimate purchaser.

Plaintiff contends (Pl. Opp. at 4) that neither the Internal Revenue Code nor the Treasury Regulations define the terms "credit card" or "credit card issuer." However, § 4101(a)(4)-Registration of Persons Extending Credit on Certain Exempt Sales of Fuel-states, in part, that "The Secretary shall require registration by any person which. . . extends credit by credit card to any ultimate purchaser [state or local government and nonprofit educational organization]. . . for the purchase of taxable fuel upon which tax has been imposed. . . and does not collect the amount of tax from such ultimate purchaser." Plaintiff extends credit by credit card to state and local governments and nonprofit educational organizations for the purchase of fuel upon which tax has been imposed and plaintiff contends it does not collect the tax from the tax exempt entities. Plaintiff meets the definition of a person which "extends credit by credit card to any ultimate purchaser" and is required by § 4101(a)(4) to be registered with the IRS as a credit card issuer. Registration under § 4101(a)(4) is key to establishing entitlement to claim a refund of excise tax for fuel sold to tax exempt entities using credit cards.

Plaintiff asserts (Pl. Opp. at 4) that the language in § 6416(a)(4)(B)(iii) clearly indicates that Congress perceived that a credit card issuer would be someone other than the ultimate

vendor who extended credit to the ultimate purchaser and that the ultimate vendor, who initially paid the excise tax, would receive the refund of the tax. However, under §§ 6416(a)(4)(B) and 6427(l)(5)(D), the ultimate vendor is not entitled to claim a refund of tax paid on gasoline or diesel fuel sold to state or local governments or nonprofit educational organizations by means of a credit card.

Chief Counsel Advice (PMTA-2015-04)[9] provides legal advice regarding the registration requirements for credit card issuers claiming refunds with respect to taxable fuel purchased with a credit card issued to an exempt entity. Chief Counsel Advice (PMTA-2015-04) advises (*id.* at 1) that "[a] credit card issuer must be registered as a credit card issuer under Activity Letter "CC" to claim a credit, refund, or payment with respect to taxable fuel purchased with a credit card issued to an exempt user, even if the credit card issuer is already registered as an ultimate vendor." Chief Counsel Advice is written advice interpreting revenue provisions prepared by IRS attorneys. While this guidance is not precedential, courts have found the guidance in these IRS memoranda to be helpful in determining the position of the IRS. *See Rowan Cos. Inc. v. United States*, 452 U.S. 247, 262 n.17 (1981) ("Although these rulings have no precedential force. . . they are evidence. . . (citations omitted)); *Wells Fargo & Co. v. United States*, 119 Fed. Cl. 27, 38 (2014). In Chief Counsel Advice, PMT-2015-04, the IRS determined that an ultimate vendor that was also a credit card issuer must be registered as a credit card issuer to claim a refund with respect to taxable fuel purchased by tax exempt entities with a credit card. Similarly, plaintiff, as a person extending credit to the ultimate purchaser, must also register as a credit card issuer in order to claim refunds for gasoline and diesel fuel purchased by tax exempt entities using a credit card.

---

[9] See n.2 above.

Plaintiff contends (Pl. Opp. at 6) that the certificates that it maintained were valid because the Government's own examples provide for certificates that are valid for two years under Model Certificate R, as well as, certificates that are valid for one year under Treas. Reg. § 48.6427-9(e). The Model Certificate R is guidance provided in IRS Pub. 510, Excise Taxes to support credit card issuers' claims for refund for tax under §§ 6416(a)(4)(B) and 6427(l)(5)(D) for fuel sold to state and local governments and nonprofit educational organizations by means of a credit card. The Model Certificate R states that the expiration date of the certificate shall not "exceed 2 years after effective date." Plaintiff argues (*ibid.*) that the Model Certificate R conflicts with Treas. Reg. § 48.6427-9(e) because the Model Certificate R requires a two year rather than a one year period for certificates to be valid. However, Treas. Reg. § 48.6427-9(e)(2) governs claims for refund by ultimate vendors of diesel fuel sold to state and local governments without the use of credit cards. Model Certificate R provides guidance for claims for refund by persons extending credit to the ultimate purchaser [the tax exempt entities] for the purchase of taxable fuel.

The provisions that govern the requirements for credit card issuers and ultimate vendor refund claims for tax paid on fuel sold to tax exempt entities are not in conflict, they simply provide different guidance based on the refund claimants' status as a credit card issuer or an ultimate vendor. Plaintiff notes (Pl. Opp. at 5) that the "Secretary has not promulgated any regulations with respect to credit card issuers since this provision [§ 6416(a)(4)(B)] was added to the Code in 2005." When Congress enacted § 11163 of SAFETEA, it amended §§ 6416, 6427, 4101, and 6675, adding new provisions allowing claims for refund by credit card issuers for tax paid on gasoline or diesel fuel sold to tax exempt entities using a credit card. The existing regulations have not been amended to reflect the changes enacted under SAFETEA. However, in conjunction with the amendments to the Internal Revenue Code as a result of SAFETEA, the

IRS issued Notice 2005-80, 2005-2 C.B. 953, which provided guidance on those new Code provisions. (*Id.* at Section 4.) The certificate which state or local governments and nonprofit educational organizations are required to provide to credit card issuers is described in detail in Notice 2005-80, Section 4(h), which states, in part, that "The certificate expires on the earlier of . . . [t]he date two years after the effective date of the certificate" or "the date a new certificate is provided." The guidance provided by the IRS for credit card issuers in Notice 2005-80, is the same guidance it provided in its Model Certificate R. The fact that the statutory requirements for credit card issuers differs from the requirements for noncredit card issuers, does not support plaintiff's assertion that the IRS has provided conflicting guidance.

## II

### PLAINTIFF HAS FAILED TO ESTABLISH ANY REASONABLE CAUSE THAT WOULD EXCUSE THE I.R.C. § 6675 PENALTIES ASSESSED IN THIS ACTION.

The § 6675 penalty is designed to deter excessive claims and to conserve public resources needed for audits and prosecutions. *See Flandreau Santee Sioux Tribe v. United States*, 197 F.3d 949, 952-53 (8th Cir. 1999), *cert. denied*, 530 U.S. 1231 (2000) ("The § 6675 penalty is clearly designed to deter excessive claims . . . Without such a deterrent, the IRS would have to expend more public resources on audits and perhaps criminal prosecutions.") In the Joint Committee on Taxation, *General Explanation of Tax Legislation Enacted in the 109th Congress,* the Joint Committee on Taxation explains (at 5) that § 11163 of SAFETEA[10] "conforms present-law penalty provisions to the new rules."

---

[10] § 11163 of SAFETEA amended §§ 6416 and 6427, to allow credit card issuers to claim tax refunds for fuel sold to tax exempt entities with credit cards.

Although, the § 6675 penalty statute contains an exception for excessive claims made for "reasonable cause" that term is not defined in the statute. *See* § 6675(a); *Valley Ice & Fuel Co. v. United States*, 30 F.3d 635, 640-641 (5th Cir. 1994). In tax penalty cases where reasonable cause is not defined in the particular penalty statute, courts have looked to other tax penalty provisions for guidance as to the meaning of reasonable cause. *See Richardson v. Commissioner*, 125 F.3d 551, 558 (7th Cir. 1997) (case involving § 6651 penalty for failure to timely file provided guidance for the term reasonable cause in a § 6662 accuracy-related penalty case); *Valley Ice,* 30 F.3d at 640-41 *(* in this case involving a § 6675 penalty, the court relied upon a § 6651 failure to timely file penalty case for guidance as to the meaning of reasonable cause).

Plaintiff carries the burden of establishing the reasonable cause defense. *See Conway v. United States*, 326 F.3d 1268, 1278 (Fed. Cir. 2003); *Christman v. United States*, 110 Fed. Cl. 1, 6 (2013); *Murfam Farms LLC ex. rel Murphy v. United States*, 94 Fed. Cl. 235, 245 (2010). The Court's review of the reasonable cause issue is *de novo*, and does not involve a review of the IRS determinations with respect to the § 6675 penalties that plaintiff was assessed. *See Murfam Farms*, 94 Fed. Cl. at 245; *Christman*, 110 Fed Cl. at 6. Plaintiff's factual basis for its reasonable cause defense to tax penalties assessed under § 6675 cannot be broader than the grounds alleged in its refund claims presented to the IRS. *See Christman*, 110 Fed Cl. at 7.

It is well established that ignorance of the law does not amount to reasonable cause sufficient to invalidate tax penalties that have been assessed. *See Marrin v. Commissioner*, 147 F.3d 147, 152-53 (2d Cir. 1998) (mistaken belief that it was unnecessary to file a return was not based on competent advice and taxpayer failed to show reasonable cause that would excuse the penalty for failure to file a tax return); *Gonzales v. United States*, 115 Fed. Cl. 779, 791-92

(2014) (plaintiff's alleged ignorance of the law or mistake did not warrant a finding of reasonable cause for penalties assessed under § 6651 for late payment of tax); *Christman*, 110 Fed Cl. at 8-9 (taxpayer that did not seek professional advice as to the tax matter at issue and did not show reliance on any professional tax advice failed to establish reasonable cause to excuse the failure to timely file penalty that was assessed). Plaintiff has a responsibility to comply with the tax laws, and erroneous beliefs as to the tax code must be supplemented with competent tax advice from a fully informed tax professional. *Ibid.*

Plaintiff's assertion (Amend. Compl. ¶10) that Treas. Reg. §§ 48.4041-15 and 48.4041-17 govern its claims for refund in this case was not based upon competent tax advice regarding the excise fuel tax at issue in this case. Therefore, plaintiff failed to show reasonable cause for filing the claims at issue which exceed the amount allowable under §§ 6416 and 6427. *See Marrin*, 147 F.3d at 152-153. For these reasons, plaintiff's faulty presumption that Treas. Regs. §§ 48.4041-15 and 48.4041-17 govern its claims for refund in this case does not constitute reasonable cause to excuse the penalties assessed under § 6675. *Ibid.*

Where plaintiffs challenge the validity of tax penalties and fail to provide evidence of reasonable reliance on expert advice, courts have found that these taxpayers have not shown evidence of ordinary business care and prudence which constitutes reasonable cause. *See Richardson*, 125 F.3d at 559 (taxpayer who did not provide proof that she had received informed professional advice could not show reasonable cause for understating her income tax or that she exercised ordinary business care and prudence in managing her tax affairs); *Jackson v. Commissioner*, 864 F.2d 1521, 1527 (10th Cir. 1989) (taxpayer's reliance upon an expert's advice was not reasonable and the taxpayer did not exercise the ordinary business care and prudence in

providing for payment of his tax liability necessary to constitute reasonable cause); *Christman*, 110 Fed. Cl. at 8.

Robert Hummel, an employee of J.J. Powell, testified at his deposition that his "job basically was gathering all the information from the sales journals for these quarters and preparing the forms [claims for refunds] to be submitted." (Def. Ex. 28 at A321.) Mr. Hummel was asked at his deposition whether he looked at or reviewed the certificates provided by the tax exempt entities in connection with the preparation of the Forms 8849 (Claims for Refund of Excise Tax). Mr. Hummel's answer to that question was "I do not." (*Id*. at A332.) Mr. Hummel testified that he understood that in submitting the Forms 8849 to the IRS plaintiff was required to have valid certificates for the tax exempt entities that it sold fuel to. (*Id*. at A332.) Mr. Hummel was asked at his deposition "did anyone—before you filed the Form 8849 with the IRS . . . verify . . . or discuss with you whether there was or was not a valid certificate [for the tax exempt entities]? Mr. Hummel's answer to that question was "No." (*Id*. at A332.) In addition, Mr. Hummel confirmed at his deposition that there was no coordination between the preparation of the Forms 8849 and verification to confirm that the required certificates had been provided by the tax exempt entities and were valid. (*Id*. at A333-334.)

Plaintiff has provided no evidence that it exercised ordinary business care and prudence in the preparation and filing of the claims for refunds in this case. Plaintiff has not alleged that it sought or relied upon any professional tax advice regarding the procedures and requirements for filing refund claims of excise tax for gasoline and diesel fuel sold to state and local governments and nonprofit educational organizations during the periods in issue.

In *Valley Ice*, 30 F.3d at 641, the court held that the taxpayer's reliance on the legal interpretation of its tax expert constitutes reasonable cause for filing the refund claim under

§ 6675. In *Valley Ice*, the company president took steps in an effort to comply with the rapidly

changing law regarding excise tax on fuel, including seeking the advice of its CPA. In this

action, plaintiff failed to seek advice from a tax professional on this complicated area of the law

and failed to establish reasonable cause under § 6675. Therefore, there is no genuine issue of

material fact as to any reasonable cause to excuse the § 6675 penalties assessed in this case.

## CONCLUSION

Plaintiff's motion for summary judgment should be denied. Defendant's cross-motion

for summary judgment should be granted and judgment entered in favor of the defendant on its

counterclaim. Plaintiff's amended and supplemented complaint should be dismissed with

prejudice with costs awarded to defendant.

Respectfully submitted,


s/Jennifer Dover Spriggs
JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 307-0840
Jennifer.D.Spriggs@USDOJ.Gov

CAROLINE D. CIRAOLO
  Acting Assistant Attorney General
DAVID I. PINCUS
  Chief, Court of Federal Claims Section
G. ROBSON STEWART
  Assistant Chief

s/G. Robson Stewart
Of Counsel
Attorneys for Defendant

November 19, 2015

- 19 -